ROBERT TAFOYA, Esq. [California Bar No. 194444]
robert.tafoya@tafoyagarcia.com
DAVID GARCIA, Esq. [California Bar No. 218356]
david.garcia@tafoyagarcia.com
**TAFOYA & GARCIA LLP**
205 S. Broadway, Suite 300
Los Angeles, CA 90071
Telephone: (213) 617-0600
Facsimile: (213) 617-2226

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, an individual and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>       vs.<br><br>LUMBER LIQUIDATORS, INC. a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: C-09-04812 SC<br><br>JOINT STIPULATION TO FILE SECOND AMENDED COMPLAINT |

The parties, by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on or about September 3, 2009, Plaintiffs Crelencio Chavez and Jose Zaldivar ("Plaintiffs") filed a class action complaint against Defendant Lumber Liquidators, Inc. ("Defendant") in the Superior Court of California, County of San Francisco;

WHEREAS, on or about October 14, 2009, Defendant removed the instant action to the United States District Court, Northern District;

WHEREAS, on or about October 19, 2009, Defendant filed a Motion to Dismiss or in the Alternative Motion to Strike;

WHEREAS, on or about November 24, 2009, Plaintiffs filed their First Amended Complaint;

WHEREAS, on or about December 8, 2009, Defendant filed a Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint, which is scheduled to be heard on February 5, 2010;

WHEREAS the parties, through their counsel of record, have met and conferred regarding Plaintiffs' filing of a Second Amended Complaint in lieu of proceeding with the hearing on Defendant's currently pending motion;

WHEREAS a copy of Plaintiffs' Proposed Second Amended Complaint is attached hereto as Exhibit "A";

IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, as follows:

1.      Upon entry of this Stipulation, Plaintiffs shall be granted leave to file the attached Second Amended Complaint.

2.      Defendant shall file its responsive pleading either within thirty (30) days after the Second Amended Complaint is filed or by February 19, 2010, whichever date is later.

3.      Defendant's Motion to Dismiss and Motion to Strike, currently scheduled for hearing on February 5, 2010, is hereby withdrawn and taken off calendar.

SO STIPULATED.

Dated:  January 12, 2010                        DIVERSITY LAW GROUP


                                        By:      _____/s/_____
                                                Larry W. Lee, Esq.
                                                Attorneys for Plaintiffs

Dated:  January 12, 2010                    MORGAN, LEWIS & BOCKIUS LLP

                                            By:    _____/s/_____
                                                   Eric Meckley, Esq.
                                                   Attorney for Defendant


        I, Larry W. Lee, attest that I have obtained concurrence from Eric Meckley in the filing
of this Stipulation.    *See* N.D. Cal. General Order 45 § 10(B).

EXHIBIT A

ROBERT TAFOYA, Esq. [California Bar No. 194444]
robert.tafoya@tafoyagarcia.com
DAVID GARCIA, Esq. [California Bar No. 218356]
david.garcia@tafoyagarcia.com
**TAFOYA & GARCIA LLP**
205 S. Broadway, Suite 300
Los Angeles, CA 90071
Telephone: (213) 617-0600
Facsimile: (213) 617-2226

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC. a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: C-09-04812 SC<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTION 1194;**<br><br>**(2) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207;**<br><br>**(3) FAILURE TO PROVIDE MEAL BREAKS;**<br><br>**(4) VIOLATION OF LABOR CODE § 227.3;**<br><br>**(5) VIOLATION OF LABOR CODE § 2802;** |

1

**(6) VIOLATION OF LABOR CODE § 226;**

**(7) UNFAIR BUSINESS PRACTICES Violation of California Business & Professions Code §17200 et seq.).**

DEMAND FOR JURY TRIAL

Plaintiffs Crelencio Chavz and Jose Zaldivar ("Plaintiffs"), hereby submits their First Amended Class Action Complaint against Defendant Lumber Liquidators, Inc., a Delaware corporation and Does 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the class of others similarly situated current and former employees of DEFENDANTS, as follows:

## INTRODUCTION

**1.** This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7 227.3, 1194, 2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the Fair Labor Standards Act 29 U.S.C. § 207 ("FLSA").

**2.** This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and the FLSA against employees of DEFENDANTS.

**3.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all overtime, meal and vacation wages due, all reimbursements for work related expenses, and in connection with DEFENDANTS' failure to keep all proper and accurate payroll records of Plaintiff and Class Members.

**4.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

2

5.      The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and Business and Professions Code.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the FLSA.

7.      Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is outside of California.

## PARTIES

8.      Plaintiff CRELENCIO CHAVEZ was employed by DEFENDANTS from on or about 2000 until on or about April 2009. During his employment with DEFENDANTS, Plaintiff Chavez was employed as a Store Manager.  Plaintiff CHAVEZ, who DEFNDANTS classified as exempt from overtime wages, spent more than 50% of his time performing non-exempt tasks, including, but not limited to customer sales, customer service and delivery duties, and therefore was misclassified as an exempt employee.  Plaintiff CHAVEZ worked significant amounts of overtime work (more than 8 hours in a day and/or more than 40 hours in a workweek) during his employment with DEFENDANTS and thereby was denied overtime pay due to such misclassification.  In addition, during his employment with Defendants, including during pay periods wherein Plaintiff CHAVEZ worked overtime, Plaintiff CHAVEZ also earned non-discretionary commissions/bonuses.  DEFENDANTS did not calculate and/or factor such non-discretionary commissions/bonuses into CHAVEZ's regular rate of pay for purposes of calculating overtime pay, and as such, owes Plaintiff CHAVEZ additional overtime pay.  Plaintiff CHAVEZ also was regularly required to work through the work day without being provided with an unfettered 30 minute meal break.  Plaintiff CHAVEZ was also required to use his own vehicle and drive for work related purposes, such as going to banks, without being

reimbursed the appropriate mileage costs. During Plaintiff CHAVEZ's employment with DEFENDANTS, Plaintiff was entitled to earn and accrue vacation wages, which Plaintiff did not fully use up. At the end of his employment, DEFENDANTS failed to pay out all earned and unused vacation wages to Plaintiff CHAVEZ. Plaintiff CHAVEZ is and was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed to them by California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the FLSA.

9. Plaintiff JOSE ZALDIVAR has been employed by DEFENDANTS from on or about July 2007 until the present. During his employment with DEFENDANTS, Plaintiff ZALDIVAR was employed as an Assistant Manager, a non-exempt position. During his employment with Defendants, including during pay periods wherein Plaintiff ZALDIVAR worked overtime (more than 8 hours in a day and/or more than 40 hours in a workweek), Plaintiff ZALDIVAR also earned non-discretionary commissions/bonuses. DEFENDANTS did not calculate and/or factor such non-discretionary commissions/bonuses into ZALDIVAR's regular rate of pay for purposes of calculating overtime pay, and as such, owes Plaintiff ZALDIVAR additional overtime pay. Plaintiff ZALDIVAR also was regularly required to work through the work day without being provided with an unfettered 30 minute meal break. Plaintiff ZALDIVAR was also required to use his own vehicle and drive for work related purposes, such as going to banks and to pick up materials at different stores, without being reimbursed the appropriate mileage costs. Plaintiff ZALDIVAR is and was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed to them by California Labor Code §§ 201-204, 226, 226.7, 1194, 2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the FLSA.

10. Plaintiffs are informed and believe and based thereon allege Defendant Lumber Liquidators, Inc., a Delaware corporation, was and is doing business in the State of California including in Alameda County, California selling wood flooring to the general public. Plaintiff contends that he was an employee of DEFENDANTS.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11. Plaintiffs are informed and believe and based thereon allege that at all times herein DEFENDANTS, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 2802, California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and the FLSA.

13. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

**16.** At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**17.** At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

<u>**CLASS ACTION ALLEGATIONS**</u>

**18.** **Definition:** The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California <u>Code of Civil Procedure</u> § 382. The Classes consist of the following classes: (1) All of DEFENDANTS' past and present California employees who formerly worked or are currently working for DEFENDANTS in the position of "Store Manager" from September 3, 2005 through the present; (2) All past and current retail store employees of DEFENDANTS classified by DEFENDANTS as non-exempt employees (including, but not limited to assistant store managers, sales associates, and warehouse associates), and employed in California from September 3, 2005 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary incentive pay or bonuses; (3) All past and current employees of DEFENDANTS classified by DEFENDANTS as non-exempt retail store employees (including, but not limited to assistant store managers, sales associates, and warehouse associates) and employed in the United States from September 3, 2006 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary incentive pay or bonuses; (4) All past and current California employees of DEFENDANTS classified by DEFENDANTS as non-exempt employees (including, but not limited to assistant store managers, sales associates, and warehouse associates) who worked more than 6 hours in any work shift from September 3, 2005

through the present; (5) all past employees of DEFENDANTS employed in California from September 3, 2005 through the present who accrued vacation wages that were not cashed out or used; and (6) all past and current employees of DEFENDANTS who were employed in California from September 3, 2005 through the present who were not reimbursed for all work-related expenses.

19.     **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS: (a) failed to properly calculate and pay Plaintiffs and the class all overtime owed, (b) failed to provide proper meal breaks, (c) failed to reimburse Plaintiffs and the class all business related expenses, (d) failed to pay Plaintiffs and the class all vested vacation wages, (e) failed to keep proper and accurate payroll records in violation of Labor Code § 226, (f) failed to timely pay all wages earned, and (g) engaged in Unfair Business Practices, all in violation of the applicable IWC Wage Order.

20.     **Adequacy of Representation:** The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

21.     DEFENDANTS uniformly administered a corporate policy and practice of (a) failing to properly calculate and pay Plaintiffs and the class all overtime owed, (b) failing to provide proper meal breaks, (c) failing to reimburse Plaintiffs and the class all business related expenses, (d) failing to pay Plaintiffs and the class all vested vacation wages, (e) failing to keep proper and accurate payroll records in violation of Labor Code § 226, (f) failing to timely pay all wages earned, and (g) engaging in Unfair Business Practices, all in violation of the applicable IWC Wage Order.

22.     Plaintiffs are informed and believe and based thereon allege that DEFENDANTS, in violation of California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3, 1194, 2802, and the FLSA, respectfully, had a consistent and uniform policy, practice of willfully failing to comply with <u>Labor Code</u> § 203. Plaintiffs and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California <u>Labor Code</u> § 203.

23.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the class concerning DEFENDANTS' (a) failure to properly calculate and pay all overtime wages owed, (b) failure to provide meal breaks, (c) failure to reimburse Plaintiffs and the class all business related expenses, (d) failure to pay Plaintiffs and the class all vested vacation wages, (e) failure to keep proper and <u>accurate</u> payroll records in violation of Labor Code § 226, (f) failure to timely pay all wages earned, and (g) engagement in Unfair Business Practices, all in violation of the applicable IWC Wage Order.

24.     **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the class. Plaintiff is a member of the classes and have suffered the alleged violations of California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3, 1194, 2802, the FLSA, and the applicable IWC Wage Order.

25.     The California <u>Labor Code</u> and the FLSA upon which Plaintiffs base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26.     The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to

file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for unpaid overtime wages, unpaid vacation wages, unreimbursed work expenses, waiting time wages pursuant to Labor Code § 203, all damages and or penalties pursuant to Labor Code § 226 including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 1194 and Code of Civil Procedure § 1021.5.

29.     Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

30.     The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is

commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1194**

**(AGAINST ALL DEFENDANTS BY**

**PLAINTIFFS AND THE CLASSES 1 AND 2)**

**31.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

**32.** At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194. Plaintiff Chavez and Class 1 members were regularly required to perform non-exempt tasks more than 50% of their work time, including, but not limited to customer sales, customer service and delivery duties, and therefore should have been properly classified as non-exempt employees. Plaintiff Chavez and Class 1 members were regularly misclassified as exempt employees and thereby denied proper overtime wages. During Plaintiff's employment with DEFENDANTS, Plaintiff and the class worked overtime hours, without being paid the proper amount of overtime pay. Moreover, during their employment with DEFENDANTS, Plaintiffs Chavez, Zaldivar and members of Classes 1 and 2 worked overtime hours (more than 8 hours in a day and/or more than 40 hours in a workweek), and during such pay periods, Plaintiffs and the class also earned non-discretionary commissions/bonuses. DEFENDANTS, as a corporate-wide practice and policy, did not calculate and/or factor such non-discretionary commissions/bonuses into Plaintiffs' and class members' regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiffs and the class additional overtime pay.

**33.** As a pattern and practice, DEFENDANTS regularly misclassified its Store Managers, including Plaintiff Chavez and members of Class 1 as exempt from overtime. Because Plaintiff Chavez and Class 1 members regularly worked overtime hours without

1  overtime compensation, such individuals are entitled to overtime pay for all such overtime hours
2  worked.

3     **34.**   As a pattern and practice, DEFENDANTS failed to include all paid non-
4  discretionary commissions/bonuses and other incentive pay into the regular rate when calculating
5  and paying Plaintiffs Chavez, Zaldivar and DEFENDANTS' other non-exempt California
6  employees (Class 2) proper overtime compensation for daily and weekly overtime hours worked
7  at the appropriate overtime rate.

8     **35.**   Plaintiffs are informed and believe and based thereon allege that DEFENDANTS'
9  policy and practice of requiring overtime work and not paying for said work according to the
10 overtime mandates of California law is, and at all times herein mentioned was in violation of
11 California <u>Labor Code</u> § 1194 and California Industrial Welfare Commission wage order(s).
12 DEFENDANTS' employment policies and practices wrongfully and illegally failed to
13 compensate Plaintiff and the class for overtime compensation earned as required by California
14 law.

15    **36.**   The conduct of DEFENDANTS and their agents and employees as described
16 herein was willful and intentional and part of a corporate policy and procedure and practice.

17    **37.**   Plaintiffs are informed and believe and based thereon allege that DEFENDANTS
18 willfully failed to pay employees proper compensation for all overtime hours worked at the
19 appropriate rate of overtime pay. Plaintiffs are informed and believe and based thereon allege
20 that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon
21 separation from employment results in a continued payment of wages up to thirty (30) days from
22 the time the wages were due. Therefore, Plaintiffs and other members of the class who have
23 separated from employment are entitled to compensation pursuant to Labor Code § 203.

24    **38.**   Such a pattern, practice and uniform administration of corporate policy regarding
25 illegal employee compensation as described herein is unlawful and creates an entitlement to
26 recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of overtime
27 premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according
28 to the mandate of California Labor Code § 1194, et seq.

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## SECOND CAUSE OF ACTION

## (AGAINST ALL DEFENDANTS BY PLAINTIFF ZALDIVAR AND CLASS 3 FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. § 207)

**39.** Plaintiff Zaldivar re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

**40.** This cause of action is brought pursuant to 29 U.S.C. § 207, which provides that employees are entitled to overtime wages and compensation for work performed beyond forty hours in a work week at a rate of one and one half times the regular rate of pay.

**41.** At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all overtime hours worked by said individuals at the proper rate of overtime pay.

**42.** During their employment with DEFENDANTS, Plaintiff Zaldivar and members of Class 3 worked overtime hours (more than 8 hours in a day and/or more than 40 hours in a workweek), and during such pay periods, Plaintiff Zaldivar and Class 3 members also earned non-discretionary commissions/bonuses. As a pattern and practice, DEFENDANTS failed to include all paid non-discretionary commissions/bonuses and other non-discretionary incentive pay into the regular rate when calculating and paying Plaintiff Zaldivar and Class 3 members' proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

**43.** Plaintiffs are informed and believe and based thereon allege that Defendants' regular business custom and practice of failing to pay overtime pay at the proper rate of overtime pay, according to the mandates of Federal law is, and at all times herein mentioned was, in violation of 29 U.S.C. § 207. Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Class Members for overtime wages earned as required by Federal law.

**44.** The conduct of Defendant and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of Defendants.

**45.** Such a pattern, practice and uniform administration of corporate policy regarding

illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

<u>**THIRD CAUSE OF ACTION**</u>

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS**

**CHAVEZ, ZALDIVAR AND CLASSES 1 AND 4)**

**46.**     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 as though fully set for herein.

**47.**     DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Plaintiffs and class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks.  As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiffs and the class members missed.

**48.**     Plaintiffs and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.  Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

**49.**     As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods and/or failed to provide them the opportunity to take an unfettered 30 minute meal break without proper compensation.

50.     This policy of requiring employees to work through their legally mandated meal periods and/or not allowing them to take proper meal periods is a violation of California law.

51.     Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiffs and those employees similarly situated as them are owed wages for the meal period violations set forth above.  Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to provide Plaintiffs and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

52.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

<h3 align="center">FOURTH CAUSE OF ACTION</h3>

<h3 align="center">VIOLATION OF LABOR CODE § 227.3 ET SEQ.</h3>

<h3 align="center">(AGAINST ALL DEFENDANTS BY PLAINTIFF CHAVEZ AND CLASS 5)</h3>

53.     Plaintiff Chavez re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

54.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees.

55.     Plaintiff Chavez had unused vested vacation wages that was not paid out to him in a timely fashion at the end of his employment in violation of Labor Code § 227.3.

56.     As a matter of uniform corporate policy and procedure and practices

DEFENDANTS violated <u>Labor Code</u> § 227.3 by failing to pay Plaintiff Chavez and members of the class all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiff Chavez and members of the class all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of <u>Labor Code</u> § 227.3.

**57.** The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff Chavez's and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under <u>Labor Code</u> § 203, as penalties for Plaintiff Chavez and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

**58.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff Chavez and the class members in a civil action for damages and wages owed and for costs and attorney's fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2802**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS AND CLASS 6)**

**59.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 as though fully set for herein.

**60.** This cause of action is brought pursuant to <u>Labor Code</u> § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

**61.** As a pattern and practice, DEFENDANTS regularly required Plaintiffs and members of the class to perform work related travel, including, but not limited to, traveling to banks, in the employees' own vehicles without the reimbursement of any mileage or travel expenses. As a pattern and practice, DEFENDANTS regularly failed to reimburse and indemnify Plaintiffs and class members for work related expenses and losses, including but not limited to mileage and automobile related expenses.

62. DEFENDANTS had a uniform corporate pattern and practice and procedure regarding the above practices and the violation of Labor Code § 2802.

63. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

## SIXTH CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

## (AGAINST ALL DEFENDANTS BY PLAINTIFFS AND ALL CLASSES)

64. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 as though fully set forth herein.

65. DEFENDANTS failed in their affirmative obligation to keep accurate payroll records of their California employees. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

66. For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiffs' and the class members rates of overtime pay, meal periods taken, total overtime hours worked, net wages earned, and/or daily or weekly overtime pay.

67. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay the periods of their California employees.

68. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

**69.**     DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**SEVENTH CAUSE OF ACTION**

**For Violations of <u>Business and Professions Code</u> § 17200 et seq.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF AND ALL CLASSES)**

**70.**     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 69 as though fully set forth herein.

**71.**     DEFENDANTS, and each of them, have engaged and continue to engage in unfair, unlawful, and misleading business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) failing to properly calculate and pay Plaintiffs and the class all overtime owed, (b) failing to provide all proper meal breaks, (c) failing to reimburse Plaintiffs and the class all business related expenses, (d) failing to pay Plaintiffs and the class all vested vacation wages, (e) failing to keep proper and <u>accurate</u> payroll records in violation of Labor Code § 226, and (f) failing to timely pay all wages earned, all in violation of the California Labor Code and the applicable IWC Wage Order.

**72.**     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

**73.**     Plaintiffs seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of monies as necessary and

according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

**74.** Plaintiffs seek, on their own behalf, and on behalf of members of the class similarly situated, wages owed pursuant to DEFENDANTS' own policies, practices and procedures that did not comply with California law and the FLSA.

**75.** Plaintiffs seek, on their own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

**76.** The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

**77.** Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the general public the minimum working condition standards and conditions due to them under the FLSA, California laws and Industrial Welfare Commission wage orders as specifically described therein.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1.  For an order certifying the proposed classes;

2.  For an order appointing Plaintiffs as the representative of the class;

3.  For an order appointing Counsel for Plaintiffs as class counsel;

4.  Upon the First Cause of Action, for all overtime wages owed, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

5.  Upon the Second Cause of Action, for all overtime wages owed, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

6.  Upon the Third Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

7. Upon the Fourth Cause of Action, for all vacation wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;

8. Upon the Fifth Cause of Action, for consequential damages according to proof;

9. Upon the Sixth Cause of Action, for all damages, wages, and penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees and injunctive relief;

10. Upon the Seventh Cause of Action, for restitution to Plaintiffs and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

11. On all causes of action for attorneys fees and costs as provided by California Labor Code §§ 226, 1194 and Code of Civil Procedure § 1021.5, the FLSA and for such other and further relief the Court may deem just and proper.

Dated: January 14, 2010                     DIVERSITY LAW GROUP, P.C.


                                    By: _____/s/_____
                                          Larry W. Lee, Esq.
                                          Attorney for Plaintiff and the Class

### DEMAND FOR JURY TRIAL

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

DATED: January 14, 2010                     DIVERSITY LAW GROUP, P.C.


                                    By: _____/s/_____
                                          Larry W. Lee
                                          Attorney for Plaintiff and the Class

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

ROBERT TAFOYA, Esq. [California Bar No. 194444]
robert.tafoya@tafoyagarcia.com
DAVID GARCIA, Esq. [California Bar No. 218356]
david.garcia@tafoyagarcia.com
**TAFOYA & GARCIA LLP**
205 S. Broadway, Suite 300
Los Angeles, CA 90071
Telephone: (213) 617-0600
Facsimile: (213) 617-2226

LARRY W. LEE (State Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LUMBER LIQUIDATORS, INC. a Delaware corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: C-09-04812 SC <br><br> [PROPOSED] ORDER GRANTING JOINT STIPULATION TO FILE SECOND AMENDED COMPLAINT |

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, it is hereby ordered that:

1.    Upon entry of this Stipulation, Plaintiffs shall be granted leave to file their Second Amended Complaint.

2.    Defendant shall file its responsive pleading either within thirty (30) days after the

Second Amended Complaint is filed or by February 19, 2010, whichever date is later.

      3.      Defendant's Motion to Dismiss and Motion to Strike, currently scheduled for hearing on February 5, 2010, is hereby withdrawn and taken off calendar.

      IT IS SO ORDERED

Dated:   __1/21/10_____



The _____ nti
United _____ Judge

DB1/64216057.1

**[PROPOSED] ORDER GRANTING JOINT STIPULATION TO FILE SECOND AMENDED COMPLAINT**