1   ERIC MECKLEY, State Bar No. 168181
    STEVEN K. GANOTIS, State Bar No. 234252
2   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
3   San Francisco, CA 94105-1126
    Telephone:  415.442.1000
4   Facsimile:  415.442.1001
    Email:  emeckley@morganlewis.com;
5            sganotis@morganlewis.com

6   JENNIFER A. LOCKHART, State Bar No. 236972
    MORGAN, LEWIS & BOCKIUS LLP
7   2 Palo Alto Square
    3000 El Camino Real, Suite 700
8   Palo Alto, CA 94306-2122
    Telephone:  650.843.4000
9   Facsimile:  650.843.4001
    E-mail: jlockhart@morganlewis.com
10

11  Attorneys for Defendant
    LUMBER LIQUIDATORS, INC.
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                     SAN FRANCISCO DIVISION
15

16
    CRELENCIO CHAVEZ and JOSE              Case No. 3:09-CV-04812 SC
17  ZALDIVAR, an individual and on behalf
    of all others similarly situated,       **DEFENDANT'S OPPOSITION TO
18                                           PLAINTIFF'S MOTION FOR
                    Plaintiff,              CONDITIONAL COLLECTIVE
19                                           CERTIFICATION AND TO FACILITATE
              vs.                            NOTICE PURSUANT TO 29 U.S.C. §216(B)**
20
    LUMBER LIQUIDATORS, INC. a              Date:  January 21, 2011
21  Delaware Corporation; and DOES 1        Time:  10:00 am
    through 20, inclusive,                  Dept:  Courtroom 1, 17th Floor
22
                    Defendant.
23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

DB1/66215458.3

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL SUMMARY...................................................................................... 3

        A.      Procedural History .................................................................................. 3

        B.      The Parties' Discovery............................................................................ 4

        C.      Plaintiff Jose Zaldivar ............................................................................ 4

III.    LEGAL ARGUMENT ........................................................................................ 5

        A.      Plaintiff Cannot Proceed with A Collective Action Under the FLSA
                Because He Has Failed to File A Written Consent with the Court........................ 5

        B.      Given Plaintiff's Failure to File A Written Consent, Plaintiff Faces an
                Irremediable Conflict Between His Personal Interests and the Interests of
                the Proposed Collective Group of Employees That Precludes Him from
                Proceeding with Any Collective Action ................................................. 6

        C.      Plaintiff Has Failed To Present Evidence Demonstrating That His Own
                Overtime Was Miscalculated Under the FLSA ...................................... 9

        D.      Plaintiff Has Failed To Present Evidence Demonstrating That He Is
                "Similarly Situated" To Other Putative Collective Action Members ................. 10

        E.      The Court Should Deny Conditional Certification Because Plaintiff Has
                Failed To Offer Evidence Of Any Opt-In Interest By Any Other Employee ....... 14

        F.      Equitable Tolling of the Statute of Limitations Is Neither Justified Nor
                Appropriate in This Case ...................................................................... 16

        G.      Plaintiff Cannot Maintain Both a Rule 23 Opt-Out Class Action and a
                216(b) Collective Action Predicated on the Same Alleged Overtime
                Violation................................................................................................ 19

        H.      In The Event That This Court Grants Conditional Certification, Plaintiff
                Should Not Be Granted The Relief Requested ..................................... 20

                1.      Given The Absence Of Evidence Of Any Willful Violation By
                        Defendant, The Statute Of Limitations For Plaintiff's FLSA
                        Collective Action Should Be Limited To Two Years............................... 20

                2.      Any Opt-In Notice Sent To Putative Collective Action Members
                        Must Be Court Supervised, Administered By A Third Party, and
                        Result From The Parties' Meeting And Conferring................................. 21

                3.      In the Event That This Court Grants Conditional Certification, the
                        Notice Period Should Be Limited To No More Than Sixty Days ........... 23

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/66215458.3                          i

DEF.'S OPPOSITION TO PLT.'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3          4.      Any Notice Distributed To Putative Collective Action Members
                   Should Be Sent Only By First Class Mail.................................................. 23

4

IV.     CONCLUSION ............................................................................................ 24

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/66215458.3

ii

DEF.'S OPPOSITION TO PLT.'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Adams v. Inter-Con Security Systems, Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007)............................................................ 10, 11, 13, 14, 21

5

*Barnett v. Countrywide Credit Indus.*,
    2002 WL 1023161 (N.D. Tex. May 21, 2002) ............................................................. 23

6

*Bonilla v. Las Vegas Cigar Company*,
    61 F.Supp.2d 1129 (D. Nev. 1999)......................................................................... 5, 7, 8

7

8

*Carter v. Newsday, Inc.*,
    76 F.R.D. 9 (E.D.N.Y. 1976) ......................................................................................... 22

9

*Cash v. Conn Appliances, Inc.*,
    2 F.Supp.2d 884 (E.D. Tex. 1997) .................................................................................. 8

10

11

*Cuzco v. Orion Builders, Inc.*,
    477 F. Supp. 2d 628 (S.D.N.Y. 2007) ........................................................................... 11

12

*DeKeyser v. Thyssenkrupp Waupaca, Inc.*,
    2008 U.S. Dist. LEXIS 102318 (E.D. Wis. 2008) ........................................................ 24

13

14

*Delgado v. Ortho-McNeil, Inc.*,
    2007 WL 2847238 (C.D. Cal. 2007)................................................................... 17, 18, 23

15

*Dreyer v. Altchem Env. Servs., Inc.*,
    2006 U.S. Dist. LEXIS 93846 (D. N.J. 2006)............................................................... 11

16

17

*Dybach v. State of Fla. Dept. of Corr.*,
    942 F.2d 1562 (11th Cir. 1991)..................................................................................... 14

18

*Edwards v. City of Long Beach*,
    467 F. Supp. 2d 986 (C.D. Cal. 2006) ............................................................... 10, 20, 22

19

20

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ...................................................................................................... 20

21

*Evancho v. Sanofis-Aventis U.S. Inc.*,
    2007 U.S. Dist. LEXIS 93215 (D.N.J. Dec. 18, 2007) ................................................. 10

22

23

*Graham v. City of Chicago*,
    828 F.Supp. 576 (N.D. Ill. 1993) .................................................................................... 8

24

*Gray v. Swanney-McDonald, Inc.*,
    436 F.2d 652 (9th Cir. 1971).......................................................................................... 5, 6

25

26

*Grayson v. K-mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996)....................................................................................... 11

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB1/66215458.3

iii

DEF.'S OPPOSITION TO PLT.'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

*Hall v. Burk*,
2002 WL 413901 (N.D. Tex. Mar. 11, 2002) ................................................................ 11

4

*Hargrove v. Sykes Enters., Inc.*,
5    No. 99-110, 1999 WL 1279651 (D. Or. June 30, 1999) .......................................... 14

6    *Harkins v. Riverboat Services, Inc.*,
385 F.3d 1099 (7th Cir. 2004).................................................................................... 7

7

*Herman v. RSR Security Serv. Ltd.*,
8    172 F.3d 132 (2d Cir. 1999) ...................................................................................... 21

9    *Herring v. Hewitt Assoc., Inc.*,
2006 WL 2347875 (D. N.J. 2006) ............................................................................ 20

10

*Hoffman-LaRoche v. Sperling*,
11    493 U.S. 165 (1989) .................................................................................................. 11

12    *Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006)..................................................................................... 17

13

*Irwin v. Dep't of Veteran Affairs*,
14    498 U.S. 89 (1990) ............................................................................................... 17, 18

15    *Jackson v. City of San Antonio*,
220 F.R.D. 55 (W.D. Tex. 2003) ............................................................................... 22

16

*Kalish v. High Tech Institute, Inc.*,
17    2005 WL 1073645 (D. Minn. 2005) ......................................................................... 22

18    *Ketchum v. City of Vallejo*,
523 F.Supp.2d 1150 (E.D. Cal. 2007)......................................................................... 7

19

*Labrie v. UPS Supply Chain Solutions, Inc.*,
20    2009 WL 723599 (N.D. Cal. 2009) ........................................................................... 23

21    *Lance v. The Scotts Co.*,
No. 04-5270, 2005 WL 1785315 (N.D. Ill. July 21, 2005)....................................... 14

22

*Leuthold v. Destination America, Inc.*,
23    224 F.R.D. 462 (N.D. Cal. 2004)............................................................................... 20

24    *Lewis v. Wells Fargo & Co.*,
669 F. Supp. 2d 1124 (N.D. Cal. 2009) .................................................................... 21

25

*Luque v. AT & T Corp.*,
26    2010 WL 4807088 (N.D. Cal. 2010) ......................................................................... 23

27    *Mackenzie v. Kindred Hosps. E., L.L.C.*,
276 F. Supp. 2d 1211 (M.D. Fla. 2003) .................................................................... 14

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

iv

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Martinez v. Cargill Meat Solutions*,
265 F.R.D. 490 (D. Neb. 2009)................................................................................. 23

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988)....................................................................................... 20, 21

*Morales v. Plantworks, Inc.*,
2006 WL 278154 (S.D.N.Y. 2006)................................................................... 11

*Parker v. Rowland Express, Inc.*,
492 F.Supp.2d 1159 (D. Minn. 2007) ....................................................... 14, 15, 16

*Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*,
645 F.2d 757 (9th Cir. 1981),
*abrogated on other grounds by Hoffmann-La Roche*, 493 U.S. 165, 110 S.Ct. 482 ............ 8, 18

*Pfohl v. Farmers Ins. Group*,
CV03-3080, 2004 WL 554834 (C.D. Cal. Mar. 1, 2004) .......................... 14, 16

*Prentice v. Fund for Pub. Interest Research, Inc.*,
2007 WL 2729187 (N.D. Cal. 2007) ............................................................ 21

*Reab v. Electronic Arts, Inc.*,
214 F.R.D. 623 (D. Colo. 2002).................................................................... 24

*Real v. Driscoll Strawberry Assocs., Inc.*,
603 F.2d 748 (9th Cir. 1979).......................................................................... 5

*Salazar v. Brown, Jr.*,
No. G87-961, 1996 WL 302673 (W.D. Mich. 1996)....................................... 8

*Scholar v. Pacific Bell*,
963 F.2d 264 (9th Cir. 1992) cert. denied, 506 U.S. 868 (1992) ............................ 17

*Thomas v. Talyst, Inc.*,
2008 WL 570806 (W.D. Wash. 2008) ............................................................ 6

*Torres v. CSK Auto, Inc.*,
2003 U.S. Dist. LEXIS 25092 (W.D. Tex. 2003) ........................................ 21

*Tucker v. Labor Leasing, Inc.*,
872 F. Supp. 941 (M.D. Fla. 1994) ............................................................... 22

*Veliz v. Cintas Corp.*,
2007 WL 841776 (N.D. Cal. 2007) ............................................................... 17

**Statutes**

28 U.S.C.
§2072................................................................................................................ 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/66215458.3

v

DEF.'S OPPOSITION TO PLT.'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

# TABLE OF AUTHORITIES
## (continued)

Page(s)

29 U.S.C.
§207 .............................................................................................................................. 3
§216(b) ................................................................................ 1, 5, 7, 17, 19, 20, 21, 22
§255 ............................................................................................................................ 21
§255(a) ...................................................................................................................... 20
§256 ........................................................................................ 1, 6, 17, 19, 21
§256(b) ...................................................................................................................... 16

**Rules and Regulations**

29 C.F.R.
§778.102 ...................................................................................................................... 9
§778.109 ...................................................................................................................... 9
§778.118 ...................................................................................................................... 9
§790.21(b)(2) .......................................................................................................... 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DEF.'S OPPOSITION TO PLT.'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

## I.      **INTRODUCTION**

Plaintiff Jose Zaldivar ("Plaintiff") has filed a motion for conditional certification of a collective action (the "Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b), on behalf of certain current and former employees of Defendant Lumber Liquidators, Inc. ("Defendant").  The Motion should be denied for the following reasons:

First, Sections 216(b) and 256 of the FLSA make clear that in order to pursue a collective action, a named plaintiff must file a written consent with the court.  This requirement is unequivocal and an essential precedent to proceeding with an FLSA collective action.  Plaintiff here has failed to file any written consent.  As a result, there is no collective action pending before the Court, and it would be entirely inappropriate to conditionally certify such an action or provide notice to the proposed collective action members given Plaintiff's failure to comply with this basic statutory prerequisite.

Second, Plaintiff's failure to file a written consent during the 16 months that this case has been pending has placed him and his attorneys in an irremediable conflict of interest because of the different statute of limitations applicable to an individual action versus a collective action under the FLSA.  The limitations period on an individual action extends back from the filing of the Complaint, whereas the limitations period on a collective action extends back from the date on which the written consent is filed with the Court.  If Plaintiff were to file a written consent now in order to commence a collective action, he would lose as much as 16 months worth of potential monetary recovery on his individual FLSA claim.  Plaintiff's counsel cannot ethically advise their client to purposefully reduce his own potential monetary recovery in order to maintain a collective action on behalf of a group of employees Plaintiff's counsel do not even represent.  Plaintiff's counsel cannot sacrifice their client's personal interests in the hopes of recovering greater attorneys' fees through a proposed collective action.  Given this ethical conflict, the Court should not allow Plaintiff to proceed with a collective action at this point.

Third, Plaintiff has not presented any evidence showing that he was not correctly paid overtime under the FLSA.  Plaintiff also has not presented any evidence showing the existence of "similarly situated" employees.  Instead, Plaintiff has repeatedly mischaracterized and mis-cited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/66215458.3

1

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-cv-04812 SC

1   Defendant's deposition testimony and generally failed to present admissible evidence supporting

2   his contention that Defendant miscalculated the overtime pay for Plaintiff and other alleged

3   similarly situated employees.  Absent such evidence, conditional certification should be denied.

4          Fourth, conditional certification requires evidence that other similarly situated employees

5   desire to opt-in and participate in the action.  This is a requirement that cannot be overlooked by

6   the Court when considering whether to grant conditional certification and send notice to more

7   than 1,000 current and former employees.  Here, Plaintiff and his co-plaintiff, Crelencio Chavez

8   (together, "Plaintiffs"), worked for Defendant a combined total of approximately 12 years and

9   know many other employees of Defendant.  Plaintiff admittedly spoke with many other

10  employees about this lawsuit and his overtime claim.  Despite these facts, and the fact that this

11  case has been pending for 16 months and more than 1,000 potential opt-ins exist, Plaintiff has not

12  submitted a *single* declaration or opt-in consent form from any of Defendant's current or former

13  employees.  The Court should deny conditional certification because there is no evidence that

14  other employees desire to opt-in.

15         Even if the Court could grant conditional certification given these circumstances (which

16  Defendant asserts it cannot), the remaining relief requested by Plaintiff's Motion should be

17  denied.  Specifically, the Court should deny Plaintiff's request for equitable tolling because he

18  has failed to show that (a) Defendant engaged in any wrongful conduct that impeded the exercise

19  of his rights, or (b) extraordinary circumstances beyond his control made it impossible for him to

20  timely file his claim.  In addition, the Court should deny the requested three-year notice period

21  because Plaintiff has not presented evidence of a willful violation that would extend the normal

22  two-year statute of limitations period under the FLSA.  The Court should also deny Plaintiff's

23  request that notice be posted in the stores, as opposed to being mailed only, and should deny the

24  requested 120-day notice period, as there is no demonstrated reason to exceed the standard,

25  reasonable 60-day notice period.

26         Finally, if the conditional certification is granted, the Court should order the Parties to

27  meet and confer regarding a mutually agreeable, neutral proposed form of notice and further order

28  that notice be sent by a neutral third party administrator, as opposed to providing Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3                            2

counsel with employee contact information, which would only encourage Plaintiff's counsel to improperly solicit putative collective action members.

## II.    FACTUAL SUMMARY[1]

### A.    Procedural History

Plaintiffs originally filed this action in Alameda County Superior Court on September 3, 2009.  Meckley Decl. ¶2; Ex. 1.  Defendant removed the action to this Court on October 9, 2009 based upon federal question jurisdiction under the FLSA.  Meckley Decl. ¶2.

Plaintiffs' original Complaint included a claim by Plaintiff and "Class 3" for alleged unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207.  Ex. 1, ¶¶39-47.  Plaintiffs filed a First Amended Complaint on November 24, 2009 and filed a Second Amended Complaint ("SAC") on January 22, 2010 (Court Dkt. #'s 12 and 20, respectively). Plaintiffs' SAC included a claim by Plaintiff and "Class 3" for alleged unpaid overtime in violation of the FLSA.  SAC ¶¶39-45.  "Class 3" was defined in the SAC as:

> "All past and current employees of DEFENDANTS classified by DEFENDANTS as non-exempt retail store employees (including, but not limited to assistant store managers, sales associates, and warehouse associates) and employed in the United States from September 3, 2006 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary incentive pay or bonuses".

SAC ¶18.

In the Parties' Joint Case Management Conference Statement filed on March 12, 2010, the Parties identified one of the legal issues in the case as: "whether Plaintiff can maintain a collective action on behalf of 'similarly situated' non-exempt employees under the FLSA."  (Court Dkt. #26, p.3)  In this Joint CMC Statement, Defendant stated that it "denies Plaintiff's allegations … [and] further denies that any of either Plaintiff's claims may be … maintained as a collective action under the Fair Labor Standards Act."  *Id.*, p. 2.

---

[1]    Unless otherwise specified, any reference to "Plaintiff" singular refers to Plaintiff Zaldivar.  Citation to deposition testimony is in the format "[deponent's last name] Depo. [page]:[line]".  Citation to declarations are in format "[declarant's last name] Decl. ¶[paragraph number]".

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

3

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

B.      **The Parties' Discovery**

        To date, the parties have conducted significant discovery.  Plaintiffs Chavez and Zaldivar
have been deposed.  Meckley Decl. ¶¶4, 5.  Plaintiff has taken a deposition of Defendant's
corporate designee under Rule 30(b)(6).  Meckley Decl. ¶6.  Both sides have exchanged written
interrogatories and requests for production of documents -- Plaintiff has produced almost 200
pages of hardcopy documents, and Defendant has produced approximately 375 pages of hardcopy
documents and also produced electronic time entry and payroll data for 25% of the putative class
and collective action members.  Meckley Decl. ¶7.

C.      **Plaintiff Jose Zaldivar**

        Plaintiff was hired by Defendant in July of 2007.  SAC ¶9; Plaintiff's Depo. 11:19-24
(attached as Exhibit 3 to Meckley Decl.).  His employment ended in June of 2010.  Plaintiff's
Depo. 11:25-12:2. Plaintiff was paid an hourly rate of pay and was eligible for overtime.
Plaintiff's Depo. 41:21-42:1. Plaintiff understood that he could receive some type of commissions
but did not understand any details regarding his commissions.  Plaintiff's Depo. 34:13-17, 161:14-
25.

> Q.:     So what was your understanding as to how your commissions worked at
>         Lumber Liquidators?
>         Mr. Lee:  Objection. Vague and ambiguous.
> A.:     How – I was not sure how they worked.  Up to date, I don't know how
>         they calculate it or how it works, exactly.

Plaintiff's Depo. 161:14-19.

> Q.:     And when you started to receive commissions, did you ever try to figure
>         out how it was that your commissions were calculated?
> A.:     No.  Because I asked.  I asked Rene and other people, and they had an idea
>         of what they thought how it worked, but it didn't seem exact.  I wasn't
>         sure. I just never questioned it.

Plaintiff's Depo. 162:9-15.

> Q.:     Did you ever see any commission plan?
> A.:     No.

Plaintiff's Depo. 165:7-8.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3                4         DEF.'S OPPOSITION TO PLT'S MOTION FOR
                                        CONDITIONAL COLLECTIVE CERTIFICATION
                                        CASE NO.:3:09-CV-04812 SC

1    Plaintiff testified in his deposition that he understood in this lawsuit he was suing

2    Defendant for "not paying [him] overtime", but when questioned about his understanding of the

3    actual bases for this claim, Plaintiff did not mention anything about the supposed failure to include

4    his commissions/bonuses in the calculation of his overtime rate of pay.  Plaintiff's Depo. 247:25-

5    250:4.

6    **III.    LEGAL ARGUMENT**

7        **A.    Plaintiff Cannot Proceed with A Collective Action Under the FLSA Because
            He Has Failed to File A Written Consent with the Court.**

8

9        Section 216(b) of the FLSA states in pertinent part:

10       Any employer who violates the provisions of section 206 or section 207 of this
         title shall be liable to the employee or employees affected in the amount of their
11       unpaid minimum wages, or their unpaid overtime compensation, as the case may
         be, and in an additional equal amount as liquidated damages. ... An action to
12       recover the liability prescribed in either of the preceding sentences may be
         maintained against any employer (including a public agency) in any Federal or
13       State court of competent jurisdiction by any one or more employees for and in
         behalf of himself or themselves and other employees similarly situated.  **No
14       employee shall be a party plaintiff to any such action unless he gives his
         consent in writing to become such a party and such consent is filed in the
15       court in which such action is brought.**  (emphasis added)

16       Thus, the plain language of the statute makes clear that a collective action under Section

17   216(b) of the FLSA cannot proceed unless and until the named plaintiff's written consent to the

18   action has been filed with the Court.  *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th

19   Cir. 1971); *see also Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 756, n. 19 (9th Cir.

20   1979).

21       "The statutory language is clear.  When plaintiffs have filed a 'collective action,'
         under Section 216(b), all plaintiffs, *including named plaintiffs*, must file a consent
22       to suit with the court in which the action is brought." (emphasis added)

23   *Bonilla v. Las Vegas Cigar Company*, 61 F.Supp.2d 1129, 1132-33 (D. Nev. 1999).

24       In the present case, Plaintiff did not file a written consent in the Alameda County Superior

25   Court, where this action originally was filed.  Meckley Decl. ¶3, Ex. 2.  Plaintiff also has failed to

26   file a written consent with this Court.  Because no written consent has ever been filed, Plaintiff

27   cannot be a "party plaintiff to any [collective] action" pursuant to Section 216(b).  Absent any

28   written consent to this action being filed, there is simply no "collective action" presently pending

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1  before this Court. Plaintiff's motion for conditional certification thus has no statutory basis and

2  must be denied on this ground.

3      **B.**   **Given Plaintiff's Failure to File A Written Consent, Plaintiff Faces an**
           **Irremediable Conflict Between His Personal Interests and the Interests of the**
4          **Proposed Collective Group of Employees That Precludes Him from**
           **Proceeding with Any Collective Action.**
5

6      Plaintiff's failure to file a written consent places him and his attorneys in an irremediable

7  conflict of interest with the proposed collective group of employees he seeks to represent. This

8  conflict exists because of the FLSA's different rules regarding the running of the statute of

9  limitations on an individual versus a collective action claim.

10     The statute of limitations for an FLSA claim is set forth in 29 U.S.C. §256, which states in

11  pertinent part as follows:

12         In determining when an action is commenced for the purposes of section 255 of
           this title, an action [under the FLSA] … shall be considered to be commenced on
13         the date when the complaint is filed; except that in the case of a collective or class
           action instituted under the Fair Labor Standards Act of 1938, as amended … it
14         shall be considered to be commenced in the case of any individual claimant –

15         (a) on the date when the complaint is filed, if he is specifically named as a party
           plaintiff in the complaint **and his written consent to become a party plaintiff is**
16         **filed on such date in the court in which the action is brought**; or

17         (b) **if such written consent was not so filed** or if his name did not so appear - **on**
           **the subsequent date on which such written consent is filed in the court in**
18         **which the action was commenced**. (emphasis added)

19     Whether an action is "commenced" under the FLSA for purposes of the statute of

20  limitations depends on whether it was instituted as an individual or a collective action. 29 U.S.C.

21  §256.

22     The Ninth Circuit has explained that an individual, non-collective action is "considered to

23  be commenced on the date when the complaint is filed." *Gray*, 436 F.2d at 655; *see also Thomas*

24  *v. Talyst, Inc.*, 2008 WL 570806 (W.D. Wash. 2008) ("Non-collective actions are deemed

25  "commenced" for purposes of an individual claimant's statute of limitations when the complaint

26  is filed on behalf of that claimant.").

27     In contrast, a collective action is commenced *only* when the named plaintiff files his or her

28  written consent to become a party plaintiff. *Ketchum v. City of Vallejo*, 523 F.Supp.2d 1150

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1   (E.D. Cal. 2007). In *Ketchum*, the named plaintiffs filed suit against the defendant on behalf of

2   themselves and "all others similarly situated," alleging violations of the FLSA. Defendants

3   moved for summary judgment, arguing that the named plaintiffs' claims were time barred due to

4   their failure to file written consent forms with the court within the FLSA's two-year statute of

5   limitations. *Ketchum*, 523 F.Supp. at 1154. Plaintiffs argued that their failure to file written

6   consents was of no consequence, given their status as named plaintiffs in the suit, and, in the

7   alternative, that they were not required to file consents because their action was "not a collective

8   action," but rather, "a joint action alleging individual claims." *Id*. The court in *Ketchum*

9   emphasized the importance of the named plaintiffs' compliance with the statutory requirements of

10  Sections 216(b) and 256, stating: When a collective action is filed "all plaintiffs, ***including***

11  ***named plaintiffs***, must file a consent to suit with the court in which the action is brought."

12  *Ketchum,* 523 F.Supp.2d at 1155 (emphasis added). Citing the Seventh Circuit's ruling in

13  *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004), the *Ketchum* court

14  explained:

15          The statute is unambiguous: if you haven't given your written consent to join the
            suit, or if you have but it hasn't been filed with the court, you're not a party. It
16          makes no difference that you are named in the complaint, for you might have been
            named without your consent. The rule requiring written, filed consent is important
17          because a party is bound by whatever judgment is eventually entered in the case,
            and if he is distrustful of the capacity of the 'class' counsel to win a judgment he
18          won't consent to join the suit.

19  *Ketchum*, 523 F.Supp.2d at 1155.

20          The *Ketchum* court rejected plaintiffs' assertions that their action was not a collective

21  action, citing the "plain language of the Complaint," which contained an entire section entitled

22  "Collective Action Allegations". *Id*. Because plaintiffs had in fact brought the action as a

23  collective action, but had failed to file timely consents to suit, the *Ketchum* court held that the

24  plaintiffs had failed to properly commence the action within the two year statute of limitations

25  and the plaintiffs' FLSA claim was time-barred. *Id*. at 1156.

26          The court in *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d at 1132-33, reached an

27  identical conclusion, ruling that the claims of those named plaintiffs who had failed to timely file

28  written consents were barred by the FLSA statute of limitations. *Id*. at 1140. The *Bonilla* court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

7

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1   held that for purposes of a collective action, while "consents may be filed after the complaint, the

2   action is not deemed commenced with respect to each individual plaintiff until his or her consent

3   has been filed." *Bonilla*, 61 F.Supp.2d. 1129, citing *Atkins v. General Motors Corp.*, 701 F.2d

4   1124, 1130 n. 5 (5th Cir. 1983) (affirming district court's refusal to allow plaintiffs to intervene

5   where plaintiffs had not opted in before running of statute of limitations).[2]

6          Here, Plaintiff has failed to file a written consent with the Court. The conflict between

7   Plaintiff and his attorneys, on the one hand, and the proposed collective action members, on the

8   other hand, arises because if Plaintiff were to file a written consent now in order to proceed with a

9   collective action, he would be significantly reducing the value of his own individual FLSA claim

10  by cutting off many months of the statute of limitations on his own claim. Specifically, if Plaintiff

11  were proceeding only on his individual FLSA claim, the statute of limitations on his claim would

12  extend back two years prior to the filing of the Complaint – *i.e.*, to September 3, 2007.[3] If,

13  however, Plaintiff were to file a written consent after receiving Defendant's Opposition (for

14  example, January 3, 2011) in order to commence a "collective action" on behalf of Defendant's

15  non-exempt employees, the two-year statute of limitations on his own claim would extend back

16  two years from the date on which his consent is filed, *i.e.*, to only January 3, 2009 (if he could

17  prove "willfulness", the statute of limitations for his claim would extend back to January 3,

18  2008).

19         Plaintiff's employment with Defendant began in July 2007. If he were to file a written

20  consent now in order to proceed with a collective action, on an FLSA two-year statute of

21  limitations, he would lose 16 months worth of potential monetary recovery on his individual

22  claim (from 9/3/07 versus 1/3/09), and on an FLSA three-year statute of limitations, he would

23

24  [2]  *See also*, *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) ("It is
     true that the FLSA statute of limitations continues to run until a valid consent is filed."); *Cash v. Conn*

25  *Appliances, Inc.*, 2 F.Supp.2d 884, 897 (E.D. Tex. 1997) (stating that in collective actions, statute of limitations
     continues to run until consent filed); *Salazar v. Brown, Jr.*, No. G87-961, 1996 WL 302673, at *10-11 (W.D.

26  Mich. 1996) (analyzing cases which held that statute of limitations under Section 256 is tolled when written
     consents are filed for each named plaintiff); *Graham v. City of Chicago*, 828 F.Supp. 576, 583 (N.D. Ill. 1993)
     (finding that complaint commences when consent filed).

27  [3]  If Plaintiff could demonstrate "willfulness" under the FLSA, the statute of limitations on his individual claim
     would extend back three years from the filing of the Complaint, to September 3, 2006.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3                                    8                DEF.'S OPPOSITION TO PLT'S MOTION FOR
                                                                  CONDITIONAL COLLECTIVE CERTIFICATION
                                                                  CASE NO.:3:09-CV-04812 SC

1   lose 6 months worth of potential monetary recovery on his individual claim (7/07 versus 1/3/08).

2   It is also important to recall that recovery under the FLSA (as opposed to under California law)

3   includes potential *liquidated damages*, that in effect double the amount of unpaid overtime wages

4   owed.  The conflict here is obvious.  Plaintiff's attorneys cannot ethically advise their own client

5   to purposefully reduce his own potential monetary recovery in order to maintain an action on

6   behalf of a group of people who Plaintiff's attorneys do not even represent.  In doing so,

7   Plaintiff's attorneys would be sacrificing their own client's potential monetary recovery in the

8   hopes of themselves recovering greater attorneys' fees through a proposed collective action.

9   Moreover, Plaintiff's attorneys cannot ethically advise Plaintiff regarding this situation -- Tafoya

10  & Garcia themselves have a conflict of interest, given their failure to file any written consent on

11  behalf of Plaintiff during the 16 months that this case has been pending.

12          Given these conflict issues, Defendant asserts that Plaintiff should not be allowed to

13  proceed with a collective action at this point.  This Court should not permit Plaintiff's attorneys to

14  run rough shod over the interests of their own actual clients in order to increase their potential

15  attorneys' fees.  Defendant requests that if (as Defendant expects) in response to this Opposition,

16  Plaintiff belatedly attempts now to file a written consent form, the Court should not accept such

17  filing as a valid commencement of a collective action unless and until, at the very least, the Court

18  conducts a detailed evidentiary inquiry into whether and how the conflicts of interests described

19  herein have been addressed and resolved.

20          **C.      Plaintiff Has Failed To Present Evidence Demonstrating That His Own
                      Overtime Was Miscalculated Under the FLSA.**

21

22          An FLSA violation exists only if an employee *both* worked overtime *and* received non-

23  discretionary incentive compensation *during the same workweek* and the employee's non-

24  discretionary incentive compensation was not included in calculating his or her regular rate of pay

25  *for that specific workweek*. *See* 29 C.F.R. §§778.102, 778.109, 778.118.  If, for example, an

26  employee earns and is paid non-discretionary incentive compensation during a particular

27  workweek, but does not work any overtime during that particular workweek, there is no violation

28  of the FLSA.  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3                                    9          DEF.'S OPPOSITION TO PLT'S MOTION FOR
                                                            CONDITIONAL COLLECTIVE CERTIFICATION
                                                            CASE NO.:3:09-CV-04812 SC

1   Here, Plaintiff has failed to demonstrate that his overtime was not calculated correctly

2   under the FLSA.  Plaintiff claims in his declaration that his bonuses/commissions were not

3   included in his regular rate of pay, and in support of this claim he submitted as "Exhibit 1" copies

4   of his wage statements.  *See* Plaintiff's Decl. ¶10, Ex. 1.  But these wage statements simply do not

5   support Plaintiff's claim.  *None* of the wage statements in Plaintiff's Exhibit 1 show him *both*

6   working overtime *and* being paid a sales bonus *during the same workweek*.  Defendant's

7   corporate designee testified that bonuses/commissions were typically paid in the third week of the

8   month subsequent to the month in which they were earned.  LLI Depo. 79:20-80:1 (attached as

9   Exhibit 5 to Meckley Decl.). Plaintiff submitted wage statements showing that he was paid a sales

10   bonus during the 3/15/09-3/21/09 and 4/12/09-4/18/09 workweek pay periods.  Yet Plaintiff did

11   not submit any wage statements showing that he worked overtime during either of the prior

12   months (*i.e.*, February and March 2009).  The only wage statements submitted in Plaintiff's

13   Exhibit 1 that show overtime being worked are for workweek pay periods occurring *after* the

14   3/15/09-3/21/09 and 4/12/09-4/18/09 pay periods in which bonuses were paid.  As a result, the

15   wage statements submitted by Plaintiff do not show any FLSA violation at all.  Plaintiff filed this

16   lawsuit 16 months ago and the Parties have engaged in significant deposition and documentary

17   discovery – yet, the only evidence Plaintiff can produce in support of his Motion fails to show

18   any inaccuracy in the calculation of his own overtime pay!  For this reason, his Motion should be

19   denied.

20       **D.      Plaintiff Has Failed To Present Evidence Demonstrating That He Is
             "Similarly Situated" To Other Putative Collective Action Members.**

21

22       Plaintiff bears the burden of establishing "that there is some factual basis beyond the mere

23   averments in [the] complaint for the class allegations."  *Adams v. Inter-Con Security Systems,*

24   *Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).  "Unsupported assertions of widespread violations"

25   are insufficient to satisfy this evidentiary requirement.  *Evancho v. Sanofis-Aventis U.S. Inc.*,

26   2007 U.S. Dist. LEXIS 93215, at *7 (D.N.J. Dec. 18, 2007); *Edwards v. City of Long Beach*, 467

27   F. Supp. 2d 986, 990 (C.D. Cal. 2006).  Rather, the law is clear that, even at the notice stage,

28   Plaintiff must satisfy his evidentiary burden, at a minimum, with detailed allegations supported by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

10

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1    *admissible evidence. See, Hall v. Burk*, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002)

2    (holding that "unsupported assertions of widespread violations are not sufficient" to support

3    conditional certification/notice motion); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633

4    (S.D.N.Y. 2007) (a court requires "more than the uncorroborated statements" of the plaintiff to

5    grant conditional certification); *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *1 (S.D.N.Y.

6    2006) (conclusory allegations or a lack of a nexus with the putative class preclude moving

7    forward on a collective action); *Dreyer v. Altchem Env. Servs., Inc.,* 2006 U.S. Dist. LEXIS

8    93846, at **5-6 (D. N.J. 2006) (denying notice motion where "plaintiff attache[d] no affidavits …

9    to serve as evidence that the potential class members are 'similarly situated'").  A court must

10   review the pleadings and declarations submitted by the parties to determine whether a plaintiff

11   has carried his burden.  *Adams,* 242 F.R.D. at 536.  The ultimate conclusion is left to the court's

12   sound discretion.  *Hoffman-LaRoche v. Sperling,* 493 U.S. 165, 169 (1989).

13           Plaintiff argues that a lenient standard applies at the "first stage" of conditional

14   certification.  Although the case law does set forth a lenient standard at the notice state, in order

15   to warrant collective action treatment under FLSA a plaintiff still must present admissible

16   evidence showing that he is similarly situated to other employees who are available and willing to

17   opt in.  *See Grayson v. K-mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

18           Here, Plaintiff devotes a total of five (5) sentences in his Motion to the argument that he

19   and other non-exempt retail employees are "similarly situated" as a result of an alleged failure to

20   incorporate bonuses/commissions in the calculation of their overtime pay.  *See* Motion 3:5-15.

21   His argument rests entirely upon his own declaration and the Rule 30(b)(6) deposition testimony

22   of Defendant's corporate designee, Senior Vice President of Store and Operations, Robert

23   Morrison, which he mis-cites and mischaracterizes.

24           Plaintiff's "similarly situated" argument fails because it is unsupported by any admissible

25   evidence.  First, Plaintiff's reliance on his own declaration is misplaced because (a) as

26   demonstrated above, Plaintiff has not shown that his own overtime was miscalculated, (b) his

27   declaration directly contradicts his deposition testimony, in which he clearly stated that he did not

28   understand how his bonuses were calculated (Plaintiff's Depo. 161:14-19), and (c) his reference

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

11

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1  to supposed "personal discussions" with unnamed co-workers in other stores lacks foundation and

2  constitutes inadmissible hearsay.[4]  His declaration does not demonstrate that any employee's

3  overtime was incorrectly calculated under the FLSA.  Second, Plaintiff has blatantly and

4  misleadingly mis-cited the deposition testimony of Defendant's corporate designee.  For example,

5  Plaintiff cites Defendant's testimony for the assertion that Defendant miscalculated overtime for

6  "many of its employees".  Motion 3:6-7 (citing LLI Depo. 92:20-94:21).  The cited testimony,

7  however, pertains only to the daily overtime requirements unique to California law and neither

8  relates to nor supports Plaintiff's claim that he, let alone any other non-exempt retail employee,

9  was underpaid overtime as a result of the failure to include commissions/bonuses in violation of

10  the FLSA.  Plaintiff cites Defendant's testimony for his assertion that non-exempt retail

11  employees received bonuses that were not included when calculating of overtime.  Motion 3:8-10

12  (citing LLI Depo. 98:13-99:25; 107:11-108:5).  Yet the cited testimony makes *no reference*

13  *whatsoever* to whether commissions or bonuses were included in the calculation of the regular

14  rate of pay for overtime purposes, but rather merely describes how non-exempt retail employees

15  were eligible to participate in contests and to receive discretionary commission bonuses.  *Id*.  As

16  another example, Plaintiff cites Defendant's testimony for the proposition that the Defendant had

17  bonus contests in May 2010, but that "none of the commissions or bonuses were counted towards

18  overtime."  Motion 3:10-12 (citing LLI Depo. 100:19-101:2).  Once again, however, Plaintiff

19  purposefully and misleadingly mis-cites Defendant's testimony – the cited testimony actually

20  states that the Defendant has held sales contests since it converted to an electronic timekeeping

21  system, but that its Rule 30(b)(6) designee, Mr. Morrison, simply did not know whether contest

22  prizes were incorporated into the regular rate of pay for overtime purposes.  *Id*.  Mr. Morrison

23  went on to clarify his testimony and stated that, in fact, contest award winnings had been included

24  in the overtime calculation since May 2010.  LLI Depo. 127:22-128:23.

25       Plaintiff also asserts that Defendant "changed its unlawful pay practices in reaction to the

26  filing of this lawsuit".  Motion 7:1-2.  The cited testimony not only fails to corroborate Plaintiff's

27

28

---

[4]       Defendant is concurrently filing formal objections to evidence along with its Opposition.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3                    12                    DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1  assertion, but specifically contradicts it:

2      Q.:     And do you know if the change in the overtime practice that happened in
               May 2010 -- was that caused by the lawsuit being filed?
3              Mr. Meckley:  Let me object.  To the extent it calls for communications
               with attorneys or attorney- client privilege, you shouldn't answer with
4              respect to that.  If you can answer otherwise.
               The Witness:  Yeah.  No.
5      Q.:     You can't answer it?
       A.:     No, it wasn't, to your question.
6      Q.:     It wasn't caused by the lawsuit?
       A.:     Correct.
7

8  LLI Depo. 86:24-87:11.

9          Plaintiff also mischaracterizes the evidence regarding Defendant's timekeeping processes

10 by claiming that Defendant used "uniform" timesheets and that "despite state-by-state

11 differences in overtime and labor laws, all the timesheets used the same embedded calculation

12 formulae."  Motion 2:16-19.  Defendant's corporate designee actually testified that the

13 Defendant (a) used unique California-specific timesheets entitled "Weekly Hours Worked -

14 California Only" that required non-exempt employees to track all meal breaks taken or missed,

15 (b) the unique California timesheets were in use long before Plaintiff filed this action, and (c) the

16 unique California timesheets were designed to comply with California state specific laws. LLI

17 Depo. 58:24-60:6, 62:9-63:5; Exh. 5.  Once again, Plaintiff's false assertions regarding

18 Defendant's actual practices are directly contradicted by the evidence in this case.  Plaintiff's

19 blatant mischaracterization of the deposition testimony undermines his Motion and confirms the

20 lack of evidence that "similarly situated" proposed collective action members exist.

21         It is illuminative to contrast the complete absence of evidence here with the quality and

22 quantity of evidence relied upon by the Northern District court in granting conditional

23 certification in *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).

24 In *Adams*, 242 F.R.D. 530, the Northern District court found that the plaintiffs met their burden

25 on conditional certification by submitting detailed allegations of a policy requiring off the clock

26 work, which was supported by 13 declarations (with exhibits) of former and current employees, 2

27 declarations of former supervisors confirming that policy, and the fact that 383 other employees

28 had opted in before the class had even been conditionally certified.  *Id.* at 536.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1    Unlike the plaintiffs in *Adams*, Plaintiff here offers no evidence demonstrating that he is

2    "similarly situated" to any other proposed collective action members.  Despite having litigated

3    this case for almost one and one-half years, Plaintiff has not submitted a single declaration from

4    any other current or former employee showing that they are "similarly situated" with respect to

5    the alleged non-payment of overtime under the FLSA.  Nor has Plaintiff submitted a shred of

6    admissible evidence showing that the Defendant violated the FLSA with respect to any employee,

7    including Plaintiff himself.  In short, the record is wholly lacking the type of evidence necessary

8    to make the requisite showing that he and the putative collective action members are "similarly

9    situated."  The Court should deny Plaintiff's Motion on this basis.

10    **E.    The Court Should Deny Conditional Certification Because Plaintiff Has
         Failed To Offer Evidence Of Any Opt-In Interest By Any Other Employee.**

12    In *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991), the

13    Eleventh Circuit held that, before exercising its power to conditionally certify a collective action,

14    a "district court should satisfy itself that there are other employees of the department-employer

15    who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and

16    with regard to their pay provisions." *Dybach* has been followed by many other federal district

17    courts. *See Pfohl v. Farmers Ins. Group*, CV03-3080, 2004 WL 554834, at *1, *10 (C.D. Cal.

18    Mar. 1, 2004) (denying conditional certification where only 13 out of hundreds of possible opt-ins

19    expressed an interest in opting into the suit); *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d

20    1159, 1166 (D. Minn. 2007) (denying conditional certification where no interest from other opt

21    ins); *Lance v. The Scotts Co.*, No. 04-5270, 2005 WL 1785315, at *9 (N.D. Ill. July 21, 2005)

22    (conditional certification denied where the plaintiff failed to present evidence that others desired

23    to opt in); *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003)

24    (stating that "unsupported expectations that additional plaintiffs will subsequently come forward"

25    are insufficient to justify notice); *Hargrove v. Sykes Enters., Inc.*, No. 99-110, 1999 WL 1279651,

26    at *4 (D. Or. June 30, 1999) (denying conditional certification based on Plaintiff's failure to

27    demonstrate opt-in interest).

28    The *Parker* decision is instructive.  In *Parker*, the two named plaintiffs moved to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

14

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1   conditionally certify a class of current and former delivery drivers who they claimed were denied

2   overtime.  *Parke*r, 492 F.Supp.2d at 1162.  The *Parker* plaintiffs submitted declarations stating

3   that they were informed and believed that other similarly situated plaintiffs existed, but failed to

4   present any evidence that any similarly situated persons were interested in opting in to the

5   litigation.  *Id*. at 1165.  The plaintiffs argued that they were unaware of the identities of other

6   drivers, and therefore conditional certification was necessary in order to discover the identities of

7   other drivers and subsequently contact them.  *Id*. at 1166.  The court rejected the plaintiffs'

8   argument, holding that "an FLSA plaintiff is not entitled to conditional certification simply to

9   seek out others who might wish to join the action."  *Id*.  Noting that one of the named plaintiffs

10  had worked as a driver for the defendant for five years and undoubtedly knew other drivers, the

11  *Parker* court held that it was not "an insurmountable hurdle" to require the plaintiffs to submit

12  evidence that other drivers intended to join in their lawsuit.  *Id*. at 1167.  Because the plaintiffs

13  failed to offer such evidence, the court denied their motion for conditional certification.

14       The present case is analogous to *Parker*.  Here, as in *Parker*, there is one Plaintiff,

15  Zaldivar, who claims to be similarly situated to a class of "current and former non-exempt

16  employees of Lumber Liquidators employed in the United States from September 3, 2006 through

17  the present."  SAC ¶18.  Plaintiff worked for Defendant for almost three (3) years, from July of

18  2007 to June of 2010.  Plaintiff's Depo. 11:19-12:2.  Plaintiff's own brother worked as a non-

19  exempt retail store employee for Defendant.  Plaintiff's Depo. 22:20-23:21.  Plaintiff admittedly

20  knew many other non-exempt retail store employees who worked in other stores for Defendant.

21  Plaintiff's Depo. 39:21-41:6, 50:25-51:3, 52:13-15.  Indeed, Plaintiff testified that, after news of

22  his lawsuit spread, "people [from the other stores] started calling me" and "then I would explain

23  to them about the overtime and that type things."  Plaintiff's Depo. 224:4-18.  Plaintiff spoke with

24  employees from at least four (4) other Southern California stores about the claims in his lawsuit.

25  Plaintiff's Depo. 224:4-225:10.  Plaintiff also acknowledged in the declaration he submitted in

26  support of his Motion that he had conversations with employees in "other stores in Los Angeles,

27  Sacramento, Ventura and in Las Vegas, Nevada" regarding their bonuses/commissions and

28  overtime.  Plaintiff's Decl. ¶12.  Plaintiff's's co-plaintiff, Crelencio Chavez, worked for

1   Defendant for almost ten (10) years.  Chavez Depo. 196:21-197:12, 71:19-23 (attached as Exhibit

2   4 to Meckley Decl.).  Chavez was a Store Manager and clearly knows the many non-exempt store

3   employees who worked under his supervision.[5]  Plaintiff's counsel, Tafoya & Garcia, also

4   represents Defendant's former Regional Manager Kevin "Sam" Sullivan in various actions

5   against Defendant, as well as a current Store Manager from Nevada.  Meckley Decl. ¶8; Ex. 6.

6   As a result of these representations, Plaintiff's counsel undoubtedly had access to the names and

7   contact information of numerous other potential opt-ins.  Yet, as in *Parker*, despite this

8   knowledge of and communication with multiple other putative collective action members, not a

9   single person has expressed any desire to participate in this litigation.

10          In the *Pfohl* decision, the court found that plaintiff's submission of 13 declarations out of

11  potentially hundreds of opt-ins was insufficient to warrant conditional certification.  In the present

12  case, *more than one-thousand (1,000)* potential opt-ins exist. LLI Depo. 160:2-161:2.  Plaintiff's

13  failure to provide *even one* declaration or written consent demonstrates glaringly the lack of

14  interest and desire on the part of other putative collective action members to participate in

15  Plaintiff's lawsuit.  As the court in *Parker* concluded, "in the absence of *at least some evidence*

16  indicating that others will opt in to this lawsuit," there is "no basis to conclude that this is an

17  'appropriate case' for collective status—it is simply a lawsuit involving two plaintiffs."  *Parker*,

18  492 F.Supp.2d at 1165-66 (emphasis added).

19          F.      **Equitable Tolling of the Statute of Limitations Is Neither Justified Nor Appropriate in This Case.**

20

21          The FLSA statute of limitations runs until a valid consent is filed. 29 U.S.C. §256(b).

22  Plaintiff asks the Court to deviate from the plain language of the statute and "equitably toll" the

23  limitations period on the claims of the proposed collective action members from the date that the

24  Complaint was filed on September 3, 2009, through the deadline for receipt of consent forms, or

25  through June 16, 2010, when the Parties mediated the case.  Motion 15:3-16:2.  Plaintiff's request

26  for equitable tolling should be denied.

27

---

[5]   One presumes that Plaintiffs' shared with their counsel the names of the many current and former employees
with whom they worked.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

16

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

First, Plaintiff has not filed a written consent form in this action. As a result, as described above, there is no collective action presently pending before this Court. There is simply no legal basis to toll the statute of limitations for proposed members of a supposed "collective action" that to date has not even been commenced pursuant to Sections 216(b) and 256 of the FLSA.

Second, equitable tolling is "to be granted sparingly" and limited to those situations where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is not appropriate where the claimant simply "failed to exercise due diligence in preserving his legal rights." *Id*.

In *Veliz v. Cintas Corp.*, 2007 WL 841776 *4 (N.D. Cal. 2007), the Northern District court explained that equitable tolling may be applied only when "the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time." *Veliz*, 2007 WL 841776 *4, citing *Irwin*, 498 U.S. at 96. Applying these principles, the court in *Veliz* denied the plaintiffs' request for equitable tolling of their FLSA claim, because there was no evidence that potential opt-in plaintiffs were induced or tricked by Cintas into filing their opt-in notices more than three years after the alleged overtime violations. The court stated that the plaintiffs failed to demonstrate the existence of "extraordinary circumstances" preventing them from timely filing their claims. *Veliz*, 2007 WL 841776 *5. *See also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (denying plaintiffs' request for equitable tolling absent evidence of wrongful conduct on the part of the defendant, or extraordinary circumstances beyond the plaintiff's control rendering timely filing impossible); *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) cert. denied, 506 U.S. 868 (1992) ("there is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless.").

Similarly, in *Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238 (C.D. Cal. 2007), plaintiffs sought equitable tolling from the filing of the initial complaint, or at least from the filing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

17

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

of the amended complaint that first asserted the FLSA cause of action, citing defendant's failure to provide contact information for potential opt-in plaintiffs. *Delgado*, 2007 WL 2847238 *4. The *Delgado* court noted that equitable tolling may be applied only: "(1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period, or (2) where the defendant's misconduct induces failure to meet the deadline." *Delgado*, 2007 WL 2847238 *4, citing *Irwin*, 498 U.S. at 96. Analyzing the plaintiff's request, the *Delgado* court held that the failure to provide plaintiff with the contact information for potential class members was not sufficient to warrant equitable tolling as of the date of the filing of the Complaint, particularly in light of plaintiffs' delay of five months after filing their original complaint before seeking to add an FLSA cause of action, as well as their failure to request such contact information until six weeks after the certification motion was initially filed. *Delgado*, 2007 WL 2847238 *4.

Plaintiff claims equitable tolling is warranted because similarly situated plaintiffs, "through no fault of their own", have been unable to opt in to the lawsuit. Motion 15:11-14. Plaintiff cited only one case in support of his argument for equitable tolling: *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche*, 493 U.S. 165, 110 S.Ct. 482. In *Partlow*, the Ninth Circuit held that the district court could toll the statute of limitations under the FLSA for forty-five days, in order to permit class members who had, due to attorney error, filed invalid consents, to execute proper consents. *Partlow*, 645 F.2d at 760. Although this holding was based largely on the court's finding that "it would simply be improper to deprive the consenting employees of their right of action," the court also noted that the defendant had been notified of the claims of the consenting employees within the statutory period because they had filed the improper consents. *Partlow*, 645 F.2d at 761.

*Partlow* is distinguishable from the instant case. Plaintiff here cannot demonstrate the existence of any circumstance warranting the application of equitable tolling. Plaintiff does not (and cannot) present evidence of any "wrongful act" or misconduct on the part of Defendant. The parties' participation in a mediation in no way impeded Plaintiff's ability to file his own written

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

18

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1   consent form with this Court, or his ability to file written consent forms for any other employees

2   who wished to participate in this case.  As described above, Plaintiff personally spoke with many

3   co-workers about this lawsuit and his overtime claim.  Both Plaintiff and Chavez (and presumably

4   their attorneys) personally know many of Defendant's employees, having worked for Defendant

5   for a combined 12 years.  Yet none of these co-workers has chosen to participate in this case.

6   Defendant has not made any effort to prevent opt-in plaintiffs from learning of this action or to

7   prevent Plaintiff or any other putative collective action member from filing a written consent with

8   the Court.  To the extent Plaintiff implies that he should have obtained contact information for

9   potential collective action members from Defendant, it is clear that (a) he never raised this issue

10  with the Court via any motion to compel, despite have more than 7 months to do so, and (b) he

11  was not entitled to any such information because, as described above, there is no collective action

12  presently pending before this Court because Plaintiff never filed a written consent as required by

13  Sections 216(b) and 256.

14       It is also clear that no "extraordinary circumstances" exist that have prevented Plaintiff

15  from filing his consent form.  Plaintiff filed this action 16 months ago -- he cannot credibly claim

16  that he has had insufficient time or opportunity to comply with his statutory obligations.  It is

17  Plaintiff's and/or his attorneys' own negligence in prosecuting this action that has put them in

18  their current position, and the Court should not reward such negligence by granting equitable

19  tolling when none of the criteria for application of this doctrine have been established.

20       **G.      Plaintiff Cannot Maintain Both a Rule 23 Opt-Out Class Action and a 216(b)
                  Collective Action Predicated on the Same Alleged Overtime Violation.**

21

22       In the SAC, Plaintiff seeks to maintain a Rule 23 class action based upon the alleged

23  failure to include commissions/bonuses in the overtime calculation under California law (SAC

24  ¶¶18, 32, 33) and seeks to maintain an FLSA collective action based upon the same alleged

25  practice (SAC ¶¶18, 40, 45).  Thus, Plaintiff seeks to have California current and former

26  employees to be included in both an opt-in and an opt-out procedure.  The Court should not allow

27  these conflicting procedures to be applied to the California non-exempt class/collective action

28  members.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

The federal Rules Enabling Act, 28 U.S.C. § 2072, prohibits using a procedural rule –
such as Rule 23 – to abridge substantive rights.  Section 216(b) of the FLSA grants employees a
substantive right to choose whether they wish to "opt-in" to a collective action.  On the other
hand, a Rule 23 class action binds all class members who do not request exclusion from a suit.
*See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

Here, the application of Rule 23 as to Plaintiff's FLSA claim would deprive California
putative class members of their right under Section 216(b) to not have their statutory claims
litigated without their written consent.  Moreover, FLSA class members must be notified that they
cannot participate in the lawsuit unless they opt in (29 U.S.C. §216(b)), while the opt-out action
requires notice to the same class members that they will be bound by the very same lawsuit unless
they opt out.

The two notice requirements are inherently incompatible.  *Leuthold v. Destination
America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) ("the policy behind requiring FLSA
plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door
the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes
that lack such an opt-in requirement"); *Herring v. Hewitt Assoc., Inc.*, 2006 WL 2347875, at *2
(D. N.J. 2006); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) (opt-
out class for state law overtime claims "would frustrate the purpose of requiring plaintiffs to
affirmatively opt-in to § 216(b) collective actions").  Thus, Plaintiff cannot maintain a Rule 23
class action as to the very same claim that underpins his FLSA claim.

**H.     In The Event That This Court Grants Conditional Certification, Plaintiff
Should Not Be Granted The Relief Requested.**

**1.     Given The Absence Of Evidence Of Any Willful Violation By
Defendant, The Statute Of Limitations For Plaintiff's FLSA Collective
Action Should Be Limited To Two Years.**

The standard statute of limitations under the FLSA is two years. 29 U.S.C. §255(a).  A
three-year statute of limitations is applicable only in the case of a "willful violation" of the FLSA.
*Id.; McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).  Any notice distributed to
putative collective action members should be limited to the two years limitations period

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3

20

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1  proscribed by the FLSA, absent a showing by Plaintiff of a "willful violation" by Defendant.  *Id*.

2  Despite bearing the burden, Plaintiff has not provided any factual information from which this

3  Court could even preliminarily find a willful violation.  *See Herman v. RSR Security Serv. Ltd*.,

4  172 F.3d 132, 141 (2d Cir. 1999).  Furthermore, the limitations period should run for two years

5  from the date that the Notice is issued, not the date Plaintiff's SAC was filed, because, as set forth

6  *supra*, the limitations period is tolled only when the "consent to join" form is filed with the Court

7  –a statutory requirement that Plaintiff has failed to satisfy here.  *See* 29 U.S.C. §§ 255, 256; 29

8  C.F.R. §790.21(b)(2).

9   **2.   Any Opt-In Notice Sent To Putative Collective Action Members Must Be Court Supervised, Administered By A Third Party, and Result**
10  **From The Parties' Meeting And Conferring.**

11  Even if conditional certification were granted, contact with other non-exempt retail

12  employees should be supervised by the Court pursuant to Section 216(b) and done using a third-

13  party administrator.  *Prentice v. Fund for Pub. Interest Research, Inc*., 2007 WL 2729187, at *5

14  (N.D. Cal. 2007) ("The Court agrees that using a third party is the best way to ensure the

15  neutrality and integrity of the opt-in process").  Thus, Plaintiff's request for "names, contact

16  information, and other identifying information" should be denied.

17  A third-party claims administrator, rather than Plaintiff's counsel, should have access to

18  the contact information of putative collective action members to prevent improper follow-up

19  solicitations beyond the even-handed notice that would be approved by the Court.  *See, e.g.,*

20  *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009) (ordering collective

21  action notice to be distributed by a third-party administrator rather than plaintiff's counsel);

22  *Adams v. Inter-Con Sec. Sys.*, 2007 U.S. Dist. LEXIS 83147, at *11 (N.D. Cal. 2007).  *See also*

23  *Torres v. CSK Auto, Inc*., 2003 U.S. Dist. LEXIS 25092, at * 9 (W.D. Tex. 2003) (denying

24  plaintiffs' request for names and addresses of putative collective action members and ordering

25  defendants to send notice instead).

26  Moreover, the Court should deny Plaintiff's request to use the notice attached to his

27  moving papers, and instead order the parties to meet and confer on the form of notice, as is

28  typical in FLSA collective actions.  *See, e.g., Kalish v. High Tech Institute, Inc*., 2005 WL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1   1073645 *5 (D. Minn. 2005) (directing the parties to meet and confer and agree to a form of

2   notice); *accord Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006);

3   *Jackson v. City of San Antonio*, 220 F.R.D. 55, 63 (W.D. Tex. 2003); *Tucker v. Labor Leasing,*

4   *Inc.*, 872 F. Supp. 941, 950 (M.D. Fla. 1994).

5           If this Court orders that a notice should be sent, Defendant respectfully requests that the

6   Court reject the proposed notice attached to Plaintiff's Motion, and instead follow the typical

7   procedure of ordering the parties to meet and confer to devise a mutually acceptable and accurate

8   notice.  *See, e.g., Jackson v. City of San Antonio*, 220 F.R.D. 55, 63 (W.D.Tex. 2003) (ordering

9   the parties to "meet and confer upon the contents of the notice and consent form and provide a

10  joint proposed notice and consent form to the Court"); *Tucker v. Labor Leasing, Inc.*, 872 F.

11  Supp. 941, 950 (M.D. Fla. 1994) (same); *Carter v. Newsday, Inc.*, 76 F.R.D. 9, 16 (E.D.N.Y.

12  1976) (same).

13          Defendant has numerous serious concerns with Plaintiff's proposed Notice – it is neither

14  accurate nor reasonable.  First, Plaintiff's proposed Notice mischaracterizes the putative

15  collective class as "employees classified as non-exempt employees who were employed in the

16  United States from September 3, 2006 through the present, who were paid overtime wages and

17  were also paid commission wages and/or other non-discretionary incentive pay or bonuses."

18  Garcia Decl., Exh. B.  This definition impermissibly extends beyond the putative class defined in

19  the SAC, which is limited to "non-exempt *retail store* employees (including, but not limited to

20  assistant store managers, sales associates, and warehouse associates)."  SAC ¶18 (emphasis

21  added).  Plaintiff never worked in any location other than a retail store and has not presented any

22  rationale for including non-retail store employees.  Second, Plaintiff's proposed Notice extends

23  the purported notice period two and a half years beyond the applicable statute of limitations.

24  Because Plaintiff failed to file a written consent, and has failed to demonstrate a willful violation

25  by Defendant, at best, the statute of limitations and notice period can extend back to only January

26  of 2009, as opposed to September 2006 as Plaintiff proposes.  Third, Plaintiff's Notice purports to

27  inform employees "of a collective action and class action lawsuit".  Given that this is a Section

28  216(b) claim, it is not appropriate to refer to it as a "class action".  Fourth, the Notice unfairly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1    contains no information regarding Defendant's counsel, in the event that an employee desired to

2    communicate with Defendant's counsel to obtain additional information.

3          Accordingly, if the Court orders notice of any kind, Defendant respectfully requests that

4    the Court direct the Parties to meet and confer and submit a mutually agreeable notice within 30

5    days of the Court's Order.  If the Parties cannot agree, they should be ordered to submit their

6    separate proposals for the Court's decision.

7          **3.     In the Event That This Court Grants Conditional Certification, the
              Notice Period Should Be Limited To No More Than Sixty Days.**

8

9          Any notice provided to potential opt-ins should require a response not later than sixty (60)

10   days from the date of mailing, as opposed to the one-hundred and twenty day period proposed by

11   Plaintiff.  This would be consistent with the applicable case law.  *See Martinez v. Cargill Meat*

12   *Solutions*, 265 F.R.D. 490 (D. Neb. 2009) (denying plaintiff's request for 120 day notice period in

13   favor of 45 day period absent evidence that the "putative plaintiffs are a transient population, or

14   that due to vocation, they may not timely receive their mail."); *Luque v. AT & T Corp.*, 2010 WL

15   4807088 (N.D. Cal. 2010) (ordering a 60-day notice period for class members to opt-in); *Labrie*

16   *v. UPS Supply Chain Solutions, Inc.*, 2009 WL 723599 *8 (N.D. Cal. 2009) (rejecting plaintiffs'

17   request for a 120 day deadline in favor of a 60 day deadline); *Delgado v. Ortho-McNeil, Inc.*,

18   2007 WL 2847238 *4 (C.D. Cal. 2007) ("Sixty days is sufficient time for a class member to

19   receive the notice, ask any questions of Plaintiffs or their counsel, and make an informed choice

20   as to whether or not they wish to participate.").

21         **4.     Any Notice Distributed To Putative Collective Action Members Should
              Be Sent Only By First Class Mail.**

22

23         Plaintiff seeks not only to mail nationwide notice, but to post the notice at each and every

24   Lumber Liquidators location across the country.  However, such posting of notice is unnecessary

25   and overly intrusive absent some evidence that first-class mail will be insufficient.  The case law

26   supports Defendant's position.  *See Barnett v. Countrywide Credit Indus.*, 2002 WL 1023161, at

27   *2 (N.D. Tex. May 21, 2002) ("[M]ailing the notice to the potential class members, rather than

28   also posting them at Defendant's offices, is sufficient to provide the potential opt-in plaintiffs with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC

1    notice of the suit."); *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002) (denying the

2    plaintiff's request for notice via email and posted to an electronic website, given that, "first class

3    mail ensures, at the outset, that the appropriately targeted audience receives the intended

4    notification and maximizes the integrity of the notice process."); *DeKeyser v. Thyssenkrupp*

5    *Waupaca, Inc.*, 2008 U.S. Dist. LEXIS 102318 *18 (E.D. Wis. 2008) (same).

6    **IV.**    <u>**CONCLUSION**</u>

7           Plaintiff has failed to meet his burden of proof to show that conditional certification of a

8    collective action under the FLSA would be appropriate in this case.  Based upon the foregoing,

9    Defendant requests that the Court deny Plaintiff's Motion with prejudice; and further requests that

10    the Court order all further relief in favor of Defendant that the Court finds appropriate.

11

12    Dated:  December 30, 2010             MORGAN, LEWIS & BOCKIUS LLP

13

14                                  By    /S/  Eric Meckley

15                                    Eric Meckley
                                    Steven K. Ganotis

16                                    Jennifer A. Lockhart
                                    Attorneys for Defendant

17                                    LUMBER LIQUIDATORS, INC.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/66215458.3      24      DEF.'S OPPOSITION TO PLT'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION
CASE NO.:3:09-CV-04812 SC