United States District Court
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    CRELENCIO CHAVEZ and JOSE          )  Case No. C-09-04812 SC
     ZALDIVAR, as individuals and on    )
8    behalf of all others similarly     )  ORDER DENYING PLAINTIFF'S
     situated,                          )  MOTION FOR CONDITIONAL
9                                        )  CLASS CERTIFICATION AND
                    Plaintiffs,          )  FACILITATED NOTICE PURSUANT
10                                       )  TO 29 U.S.C. § 216(b)
                                         )
11        v.                             )
                                         )
12   LUMBER LIQUIDATORS, INC., a         )
     Delaware corporation; and DOES 1   )
13   through 20, inclusive,             )
                                         )
14                  Defendants.          )
15   _____)
16
17   I.    **INTRODUCTION**
18        Before the Court is a Motion by Plaintiff Jose Zaldivar
19   ("Zaldivar" or "Plaintiff") for Conditional Class Certification and
     Facilitated Notice Pursuant to 29 U.S.C. § 216(b).  ECF No. 36
20   ("Mot.").  The Motion seeks conditional certification of a class of
21   current and former employees of Lumber Liquidators, Inc. ("Lumber
22   Liquidators" or "Defendant") under section 16(b) of the Fair Labor
23   Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  The Motion also
24   seeks tolling of the statute of limitations, approval of the
25   proposed form of notice to potential class members, and an order
26   instructing Defendant to provide names and addresses of all
27   potential class members.  See id.  Defendant opposed the Motion.
28

1   ECF No. 38 ("Opp'n").  Plaintiff did not file a reply.

2       Having considered all of the parties' submissions, the Court

3   DENIES Plaintiff's motion.

4

5   II.   **BACKGROUND**

6       Lumber Liquidators is a retailer that sells pre-finished and

7   unfinished hardwood flooring for residential and commercial

8   customers.  It operates stores throughout the United States,

9   including in California.  Joint Case Management Conference

10  Statement ("JCMCS") at 1.  ECF No. 26.  Zaldivar worked as an

11  Assistant Manager for Lumber Liquidators from July 2007 to June

12  2010.  Zaldivar Decl. at 1.[1]  He was classified as a non-exempt

13  employee under the FLSA and alleges that he often worked more than

14  forty hours per week but was not paid the proper rate of overtime.

15  Id.

16      Zaldivar and Plaintiff Crelencio Chavez ("Chavez") originally

17  filed this action, as individuals and "on behalf of all others

18  similarly situated," in Alameda County Superior Court on September

19  3, 2009.[2]  Meckley Decl. ¶ 2; Ex. 1 ("Compl.").[3]  They allege

20  violations of the FLSA and various California labor laws.  See

21  Compl.  Defendant removed the action to this Court on October 9,

22  2009.  Meckley Decl. ¶ 2.  The parties have since conducted

23  _____

24  [1] Zaldivar submitted a declaration in support of the Motion.  ECF
    No. 34.

25
    [2] Chavez's FLSA claims differ from those of Zaldivar and are
26  irrelevant to the instant motion.  He alleges that he was
    misclassified as an exempt employee.  He would not be a member of
27  the class that Zaldivar seeks to certify in the instant motion.

28  [3] Eric Meckley, attorney for Defendant, filed a declaration in
    support of Defendant's Opposition.  ECF No. 39.

**United States District Court**
For the Northern District of California

significant discovery.  Defendant has deposed Chavez and Zaldivar, and Plaintiff has deposed Defendant's corporate designee, Robert M. Morrison ("Morrison").  Opp'n at 4.  Both sides have produced documents as well.  Id.

Zaldivar alleges that Defendant deprived him and other non-exempt employees of overtime by miscalculating the overtime pay they were owed.  Mot. at 3.  The FLSA provides that a non-exempt employee who works in excess of forty hours in one week shall be paid "not less than one and one-half times the regular rate of pay at which he is employed."  29 U.S.C. § 207(a)(1).  Zaldivar alleges that Lumber Liquidators failed to include bonuses and commissions earned by non-exempt employees when calculating each employee's "regular rate of pay," which allegedly resulted in the employees receiving a lower rate of overtime pay than that required by the FLSA.  Mot. at 11.

In the instant motion, Plaintiff asks the Court to conditionally certify, pursuant to section 16(b) of the FLSA, a class of "all present and former non-exempt employees of Lumber Liquidators employed in the United States from September 3, 2006, through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary incentive pay or bonuses."  Mot. at 11.


### III. Legal Standard

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half

3

**United States District Court**
For the Northern District of California

times the regular rate at which he is employed." 29 U.S.C. §
207(a)(1).  Section 16(b) of the FLSA provides employees with a
private right of action to sue an employer for violations of the
Act "for and in behalf of himself or themselves and other employees
similarly situated." 29 U.S.C. § 216(b). The latter sort of
action, often referred to as a "collective action," works somewhat
differently than a Rule 23 class action: an employee who wishes to
join a FLSA collective action must affirmatively opt-in by filing a
written consent to join in the court where the action was brought.
Id.  In Hoffman-La Roche Inc. v. Sperling, the Supreme Court
recognized the discretion of district courts to facilitate the
process by which potential plaintiffs are notified of FLSA
collective actions into which they may be able to opt. 493 U.S.
482, 486 (1989).[4]  Building on this, a majority of courts,
including district courts in the Ninth Circuit, have adopted a two-
stage certification procedure.  E.g., Leuthold v. Destination
America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Wynn v.
National Broadcasting Co., 234 F. Supp. 2d 1067, 1082-84 (C.D. Cal.
2002); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1106
(10th Cir. 2001).  At the first stage, the district court approves
conditional certification upon a minimal showing that the members
of the proposed class are "similarly situated"; at the second
stage, usually initiated by a motion to decertify, the court
engages in a more searching review.  Leuthold, 224 F.R.D. at 467.

The FLSA does not define "similarly situated," and the Ninth

---

[4] Sperling addressed a collective action brought under the Age
Discrimination in Employment Act, which, the Court recognized,
incorporates § 16(b) of the FLSA. 493 U.S. at 486.

United States District Court
For the Northern District of California

Circuit has not spoken to the issue.  Reed v. County of Orange, 266 F.R.D. 446, 449 (C.D. Cal. 2010) ("The FLSA does not define the term 'similarly situated,' and there is no Ninth Circuit precedent interpreting the term.") (citations omitted).  The Supreme Court, in Sperling, also left the term undefined, but indicated that a proper collective action encourages judicial efficiency by addressing, in a single proceeding, claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged [prohibited] activity."  493 U.S. at 486.  This has been distilled by courts into a lenient standard for step one -- the conditional certification stage -- requiring "nothing more than substantial allegations that putative class members were together victims of a single decision, policy, or plan." Thiesen, 267 F.3d at 1102 (internal quotations omitted); see also, e.g., Gerlach v. Wells Fargo & Co., No. C-05-0585, 2006 WL 824652, at *2 (N.D. Cal. Mar. 28, 2006).  Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage. See, e.g., Leuthold, 224 F.R.D. at 467; Aguayo v. Oldenkamp Trucking, No. C-04-6279, 2005 U.S. Dist. LEXIS 22190, *12 (E.D. Cal. Oct. 3, 2005) (disregarding hearsay and foundational challenges to declarations submitted in support of motion for conditional certification); Ballaris v. Wacker Silttronic Corp., No. C-00-1627, 2001 U.S. Dist. LEXIS 13354, *8 (D. Or. Aug. 24, 2001) (granting motion for conditional certification on basis of two affidavits while explicitly refusing to consider other documentary evidence).  However, the movant still must provide at

United States District Court
For the Northern District of California

least some evidence that putative class members are similarly situated. "[U]nsupported assertions of widespread violations will not suffice to satisfy the plaintiff's burden of showing substantial similarity." Delgado v. Ortho-McNeil, Inc., No. CV-07-263, 2007 WL 2847238, 1 (C.D. Cal. Aug. 7, 2007) (internal citations omitted).

## IV.   DISCUSSION

### A. Conditional Certification Is Not Appropriate

Defendant argues that conditional certification should be denied for four reasons. First and foremost, Defendant notes that the FLSA requires plaintiffs who wish to pursue a collective action to file a written consent with the court, which Zaldivar has not done. Opp'n at 1. Second, Defendant contends that Zaldivar's failure to file a written consent has now placed him and his attorneys in an irremediable conflict of interest because different statutes of limitations apply to individual versus collective actions under the FLSA.[5]  Id.  Third, Defendant contends that Plaintiff has not presented admissible evidence that he was not correctly paid overtime under the FLSA or that other similarly situated employees exist.  Id.  Lastly, Defendant argues that even though this case has been pending for nearly eighteen months and

_____

[5] The limitations period on an individual action extends back from the filing of the complaint, while the limitations period on a collective action extends back from the filing of the plaintiff's written consent with the court. 29 U.S.C. § 256.  In this case, Plaintiffs filed their Complaint on September 3, 2009, approximately eighteen months ago.  Thus, if Plaintiffs now file written consents to proceed with a collective action, they would lose about eighteen months of potential monetary recovery on their individual FLSA claims.  Defendants therefore contend that Plaintiffs' counsel cannot now ethically advise Plaintiffs to proceed with a collective action.  Opp'n at 1.

**United States District Court**
For the Northern District of California

1   Plaintiff claims to have spoken with many other employees about his

2   allegations, Plaintiff has not submitted any evidence that other

3   employees desire to opt in to the collective action.  Id.

4        The Court agrees with Defendant's first argument and denies

5   conditional certification on that basis.  Section 16(b) of the FLSA

6   provides that "[n]o employee shall be a party plaintiff to [a

7   collective action] unless he gives his consent in writing to become

8   such a party and such consent is filed in the court in which the

9   action is brought."  29 U.S.C. § 216(b).  The plain language of the

10  statute thus makes clear that a FLSA collective action cannot

11  proceed unless and until the named plaintiff files a written

12  consent with the court.  Courts have consistently enforced this

13  statutory requirement.  In Bonilla v. Las Vegas Cigar Co., for

14  instance, a court in this circuit explained:

15            The statutory language is clear.  When plaintiffs
             have filed a "collective action" under Section
16            216(b), all plaintiffs, including named
             plaintiffs, must file a consent to suit with the
17            court in which the action is brought.

18  61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999).  In Ketchum v. City of

19  Vallejo, the court explained the reason for this statutory

20  requirement:

21            The statute is unambiguous: if you haven't given
             your written consent to join the suit, or if you
22            have but it hasn't been filed with the court,
             you're not a party.  It makes no difference that
23            you are named in the complaint, for you might
             have been named without your consent.  The rule
24            requiring written, filed consent is important
             because a party is bound by whatever judgment is
25            eventually entered in the case, and if he is
             distrustful of the capacity of the "class"
26            counsel to win a judgment he won't consent to the
             suit.
27

28

                                    7

**United States District Court**
For the Northern District of California

1   523 F. Supp. 2d 1150, 1155 (E.D. Cal. 2007) (internal citation

2   omitted).

3        Here, Zaldivar did not file a written consent in the Alameda

4   County Superior Court, where the action was originally filed.

5   Meckley Decl. ¶ 3; Ex. 2 (Case docket sheet from Alameda County

6   Superior Court).  Nor has he filed a written consent with this

7   Court.  Because no consent to suit form has been filed, this action

8   has not been properly commenced.  See Ketchum, 523 F. Supp. 2d at

9   1156.  Accordingly, Plaintiff's Motion is DENIED.

10       **B. Tolling and Form of Notice**

11       Because the Court declines to certify the proposed class, the

12  Court need not consider whether the statute of limitations should

13  be equitably tolled for potential opt-in plaintiffs.  Consideration

14  of Plaintiff's proposed form of notice is also unnecessary at this

15  time.  However, should Plaintiff renew his motion after filing the

16  proper written consent, the Court agrees with Defendant that the

17  parties should meet and confer regarding the language of the notice

18  prior to seeking the Court's approval.  The Court therefore orders

19  that, in the event Plaintiff chooses to file a renewed motion for

20  conditional class certification, the parties attempt to reach

21  consensus on the form of the notice.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

8

**V.     CONCLUSION**

        For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE
Plaintiff Jose Zaldivar's Motion for Conditional Collective Action
Certification and Facilitated Notice.


        IT IS SO ORDERED.


        Dated: March 2, 2011                    _Samuel Conti_
                                        _____
                                        UNITED STATES DISTRICT JUDGE