1  ERIC MECKLEY, State Bar No. 168181
   JENNIFER SVANFELDT, State Bar No. 233248
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001

5  Attorneys for Defendant
   LUMBER LIQUIDATORS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC. a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. C-09-04812 SC<br><br>**DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE**<br><br>[Civil Local Rule 7-3(d)(1)]<br><br>Date: March 30, 2012<br>Time: 10:00 a.m.<br>Judge: Honorable Samuel Conti<br>Dept.: Courtroom 1, 17th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C-09-04812 SC

DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Lumber Liquidators, Inc. ("Defendant" or "LLI") submits the following objections to the new evidence cited in Plaintiffs' Reply In Support of Motion for Class Certification. Plaintiffs' submission of new evidence with their Reply Brief deprives Defendant of a full and fair opportunity to sufficiently respond to it. For this reason, the Court should strike or disregard the newly filed evidence in ruling on Plaintiffs' Motion for Class Certification.

## II. LEGAL ARGUMENT

### A. New Evidence May Not Be Offered On Reply; As a Result, Plaintiffs' New Evidence Should Be Disregarded.

On December 30, 2011, Plaintiffs filed their Motion for Class Certification in this matter, and were required to serve and file all evidence in support of their Motion at the same time. With their Reply brief, Plaintiffs filed one new witness declaration (Carlos Alva) and 10 new exhibits. Because this late filing has deprived LLI of the opportunity to sufficiently respond to the new evidence, the Court should disregard it. *See In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (new evidence submitted with reply in support of motion for class certification should not be considered, as it does not afford the defendant a full and fair opportunity to respond); *see also Cook v. J&J Snack Foods Corp.*, 2010 WL 3910478, at *2 (E.D. Cal. Jan. 28, 2010); *Hamilton v. Williams*, 2007 WL 2558615, at *11 (E.D. Cal. Sept. 24, 2007) ("The court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief").

### B. Declaration of Carlos Alva.

Plaintiffs submitted with their Reply a witness declaration from Carlos Alva. Mr. Alva is a putative class member who has now signed two (2) declarations under penalty of perjury that contain contradictory statements. Both of Mr. Alva's declarations have been submitted to the Court in connection with Plaintiffs' Motion for Class Certification, scheduled to be heard on March 30, 2012. The new declaration contains statements regarding Mr. Alva's employment with LLI and his alleged work duties, and should have been served and filed with Plaintiffs'

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

Case No. C-09-04812 SC

DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE

evidence in support of their Motion in December 2011.

Defendant is scheduled to depose Mr. Alva on March 14, 2012. Ct. Docket # 85. It is in the best interest of the Court to review and consider the relevant sworn deposition testimony from Mr. Alva concerning his two declarations. LLI will submit to the Court Mr. Alva's deposition testimony prior to the hearing on Plaintiffs' Motion on March 30, 2012.

**C.     The Court Should Disregard The Deposition Testimony of Andrew Owens.**

Plaintiffs submitted the following deposition testimony of Andrew Owens with their Reply brief:

> **Q:** Mr. Paulson – Mr. Owens, did you see a policy stated in a Lumber Liquidators document that controls when a California store could hire an additional employee?
>
> **A:** I think it was for all stores in the Company. But, yes, I have seen a document that shows that for the store to have two-- or for a store to have three people, it has to see a certain amount of money per month on average. And to get additional employee, it would have to have more sales per month to achieve an extra employee. And it ramped all the way up, I think, to seven employees, and the amount they needed to see in an average month.
>
> **Q:** And did that document limit how many employees would work in a California store while you were employed by Lumber Liquidators?
>
> **A:** Absolutely.

Declaration of David Garcia ("Garcia Decl."), ¶ 2; Ex. B (Owens Tr. 300: 21-301:12).

The Court should strike or disregard the foregoing testimony because Mr. Owens has not laid an adequate foundation for having personal knowledge that the Company limited the number of employees assigned to work in a California store. FRE 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") The testimony also indicates that Mr. Owens is speculating as to what information the alleged document contains (i.e., "I think."). Speculative or "conclusory allegations … without factual support, are insufficient" evidentiary support in motion practice. *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997). This testimony also violates the best evidence rule, contains impermissible hearsay and is irrelevant. FRE 401-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. C-09-04812 SC

DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE

403, 802, 1001-1008. His reference to the content of the purported document is hearsay.

For the foregoing reasons, the Court should strike or disregard the deposition testimony of Andrew Owens.

### D. The Court Should Disregard the Deposition Testimony of Jason McMillan

Plaintiffs submitted the following deposition testimony of Jason McMillan with their Reply brief:

> **Q:** So did corporate ever ask you to do anything in your store to get more material out the door?
>
> **A:** They asked me to follow the planogram, which said where is all of the material supposed to be in the store, so when a customer walks in, this is what they see, which was the most expensive stuff right in their face, and then the – you know, the lower, least expensive stuff was put here in the corner, and I had to follow this exact diagram that was sent out. And that's exactly what I did.

Garcia Decl. ¶ 1; Ex. A (McMillan Tr. 177:7-16).

The Court should strike or disregard the foregoing testimony because Mr. McMillan has not laid an adequate foundation for having personal knowledge of the alleged information contained within the planogram document. FRE 602. This testimony also violates the best evidence rule, contains impermissible hearsay (as to what the purported planogram document stated) and is irrelevant. FRE 401-403, 802, 1001-1008.

### E. The Court Should Disregard Unauthenticated Documents Submitted Through an Attorney Declaration.

Plaintiffs' attempt to submit new evidence through the Declaration of David A. Garcia. Plaintiffs' counsel lacks personal knowledge and is not qualified to authenticate such documents, and unauthenticated documents are inadmissible and cannot support Plaintiffs' Motion for Class Certification. *See* FRE 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); *see Canada v. Blain's Helicopters, Inc.* 831 F.2d 920, 925 (9th Cir. 1987).

Here, Plaintiffs fail properly to authenticate the documents attached as Exhibits F, G, H, I, J and K to the attorney declaration. Accordingly, the Court should disregard Exhibits F, G, H, I, J

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE

and K of Mr. Garcia's declaration because they have not been properly authenticated.

## III. CONCLUSION

Pursuant to Civil Local Rule 7-3(d)(1), Defendant requests that the new evidence submitted with Plaintiffs' Reply be stricken or disregarded for the reasons set forth above.

Dated: March 9, 2012                    MORGAN, LEWIS & BOCKIUS LLP


By      */S/ Eric Meckley*
   Attorneys for Defendant
   LUMBER LIQUIDATORS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 69298001.1

4                    Case No. C-09-04812 SC
DEFENDANT LUMBER LIQUIDATORS, INC.'S OBJECTION TO REPLY EVIDENCE