IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LUMBER LIQUIDATORS, INC., and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. CV-09-4812 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

## I.  INTRODUCTION

Plaintiffs Crelencio Chavez ("Chavez") and Jose Zaldivar ("Zaldivar") (collectively, "Plaintiffs") bring this action against Defendant Lumber Liquidators, Inc. ("LLI") for failure to pay overtime wages, failure to provide meal breaks, failure to pay vested vacation wages, and failure to reimburse work-related expenses.  Now before the Court is Plaintiffs' Motion for Class Certification.  ECF No. 51 ("Mot.").  Plaintiffs seek to certify five classes, each of which includes past and present LLI employees who worked at LLI California stores from September 3, 2005 through the present ("the Class Period").  Plaintiffs' Motion is fully briefed.  ECF Nos. 66 ("Opp'n"), 76 ("Reply").  Having considered all of the papers submitted by both parties, the Court concludes

**United States District Court**
For the Northern District of California

1   that the matter is appropriate for decision without oral argument.

2   As detailed below, the motion is GRANTED in part and DENIED in

3   part.

4

5   **II.   BACKGROUND**

6       LLI sells flooring products, including pre-finished and

7   unfinished hardwood, laminate, glue, moldings, and cleaning kits.

8   Morrison Decl.[1] ¶ 2.  LLI's presence in California has grown from

9   six retail stores in late 2005 (the beginning of the Class Period)

10  to twenty-four stores today.  Id.  Each retail store has a Store

11  Manager and some combination of the following positions: Assistant

12  Store Manager I, Assistant Store Manager II, Warehouse Associate,

13  Delivery Driver, and/or Product Specialist.  Id. ¶ 3.  Store

14  Managers are classified as "exempt" employees, meaning they are

15  exempt from overtime pay requirements.  Other employees are

16  classified as "non-exempt," meaning they are eligible for overtime

17  pay.

18      Chavez worked as a Store Manager at LLI's retail store in

19  Commerce, California from 2000 to April 2009.  ECF No. 56 ("Chavez

20  Decl.") ¶ 2.  Chavez was classified as exempt from overtime wages,

21  but Plaintiffs allege that he was misclassified since he spent more

22  than 50 percent of his time performing non-exempt tasks.  ECF No.

23  12 ("FAC") ¶ 8.  Chavez estimates that he spent over 85 percent of

24  his workday on such manual duties as "checking in new material and

25  moving it into the warehouse off of trucks . . ., 'pulling' orders

26  from the warehouse for customers, driving, checking material, [and]

27  ──────────────
    [1] Robert M. Morrison, LLI's Senior Vice President of Stores and
28  Operations, submitted a declaration in opposition to Plaintiffs'
    Motion.  ECF No. 68 ("Morrison Decl.").

1  separating material and shipping material."  Chavez Decl. ¶ 3.

2  Chavez also states that LLI never presented him with an itemization

3  or breakdown of how his bonuses or commissions were calculated and,

4  when he quit his job, LLI did not pay him for all of his accrued

5  vacation time.  Id. ¶ 5.  During his deposition, Chavez testified

6  that "we just didn't have time to have lunches," although it is

7  unclear from his testimony how often he missed meal breaks.  See

8  Garcia Decl.[2] Ex. 1 ("Chavez Dep.") at 244.  Further, Chavez states

9  that he was never reimbursed by LLI for gas and personal

10  expenditures incurred while making deposit deliveries and similar

11  trips on behalf of LLI.  Chavez Decl. ¶ 6.  During his deposition,

12  Chavez conceded that, while he was employed with LLI, he was not

13  aware that he could be reimbursed for mileage and, consequently,

14  never submitted any type of request for reimbursement.  Chavez Dep.

15  at 189.

16      Zaldivar worked at LLI's retail store in City of Industry,

17  California from July 2007 to June 2010 as a non-exempt hourly

18  Assistant Manager.  Garcia Decl. Ex. C. ("Zaldivar Dep.") at 11-12,

19  35, 41-42.  Zaldivar testified that he earned a commission in

20  addition to his hourly pay, but never got a breakdown of the

21  commissions and did not understand how LLI calculated his

22  commission or bonus.  Id. at 162, 183-84.  From July 2007 to June

23  2010, LLI paid Zaldivar $12,282.87 as "sales bonuses."  Garcia

24  Decl. Ex. D ("Zaldivar Earnings Statement").  Zaldivar claims that

25  LLI failed to include these bonuses into his regular rate of pay

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[2] David A. Garcia ("Garcia"), Plaintiffs' attorney, filed a

28  declaration in support of Plaintiffs' Motion.  ECF No. 88 ("Garcia
Decl.").

when calculating his overtime rate.[3] ECF No. 54 ("Zaldivar Decl."). Zaldivar also testified that he rarely, if ever, was given a full, thirty-minute lunch break. Zaldivar Dep. at 100-06.

On September 8, 2009, Plaintiffs filed this putative class action in California state court. ECF No. 1 ("Not. of Removal"). LLI removed under 28 U.S.C. § 1441(b), and Plaintiffs subsequently filed a First Amended Complaint ("FAC") in federal court. Seven causes of action are asserted in the FAC: (1) & (2) failure to pay overtime wages in violation of California Labor Code ("Labor Code") § 1194 and 29 U.S.C. § 207; (3) failure to pay meal period wages in violation of Labor Code § 226.7; (4) failure to pay vested vacation wages in violation of Labor Code § 227.3 et seq.; (5) failure to reimburse work-related expenses in violation of Labor Code § 2802; (6) failure to keep accurate payroll records in violation of Labor Code § 226; and (7) violation of California Business and Professions Code § 17200 et seq. (the "Unfair Competition Law" or "UCL").

Plaintiffs now seek to certify five classes, each of which is limited to persons who were employed at LLI's California retail stores during the Class Period, September 3, 2005 through the present: (1) the "Misclassif[ied] Unpaid Overtime Class," represented by Chavez; (2) the "Unpaid Overtime Class," represented by Zaldivar; (3) the "Missed Meal Break Class," represented by Chavez and Zaldivar; (4) the "Unpaid Vacation Class" represented by Chavez; and (5) and the "Unpaid Reimbursement Class," represented by Chavez and Zaldivar. Mot. at 1.

---

[3] It is unclear from the earnings statement provided by Plaintiffs whether or not this is actually the case.

United States District Court
For the Northern District of California

### III. **LEGAL STANDARD**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) (internal quotations and citations omitted). "In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Id. (internal quotations and citations omitted).

Under Rule 23(a), four prerequisites must be satisfied for class certification:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

A plaintiff also must satisfy one or more of the separate prerequisites set forth in Rule 23(b): (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefiting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

"Rule 23 does not set forth a mere pleading standard. A party

seeking class certification must affirmatively demonstrate his
compliance with the Rule -- that is, he must be prepared to prove
that there are in fact sufficiently numerous parties, common
questions of law or fact, etc." Dukes, 131 S. Ct. at 2551
(emphasis deleted). Analysis of these factors "generally involves
considerations that are enmeshed in the factual and legal issues
comprising the plaintiff's cause of action." Id. at 2552 (internal
quotations and citations omitted). "Nor is there anything unusual
about that consequence: The necessity of touching aspects of the
merits in order to resolve preliminary matters, e.g., jurisdiction
and venue, is a familiar feature of litigation." Id.

IV. **DISCUSSION**

    A. **Preliminary Matters**

In support of their briefs, both Plaintiffs and LLI submitted
a number of declarations from current and former employees. ECF
Nos. 53-57, 59-62 ("Pls.' Emp. Decls."); 67 ("LLI Emp. Decls.").
Plaintiffs have also submitted declarations by Chavez and Zaldivar.
Plaintiffs' employee declarants state that Store Managers worked
overtime and performed non-exempt tasks, that employees often
worked through meal breaks, and that LLI failed to reimburse
employees for work-related expenses and unused vacation time. In
contrast, LLI's employee declarants state that Store Managers
primarily performed non-exempt tasks and that LLI complied with the
law with respect to meal breaks, expense reimbursement, and
vacation time.

These employee declarations have triggered a number of
objections on both sides. LLI submitted forty-seven pages of

**United States District Court**
For the Northern District of California

1   objections to Plaintiffs' employee declarations and additional

2   objections to evidence submitted by Plaintiffs in support of their

3   reply brief.  ECF No. 72 ("LLI Objs."); 86 ("LLI Reply Objs.").

4   The Court notes that most of LLI's objections lack merit.  For

5   example, LLI frequently objects that an employee declarant's

6   statement concerning his or her own job responsibilities "lacks

7   foundation."  These repetitive and lengthy objections might have

8   been better presented as affirmative (and succinct) arguments in

9   LLI's opposition brief.  In any event, the Court need not and does

10  not address each individual objection because they were filed in

11  violation of the page limits set forth in the Civil Local Rules.

12  Moreover, to the very limited extent that the evidence targeted by

13  LLI is in fact objectionable, the Court does not rely on it.

14      Plaintiffs have objected to LLI's employee declarants on the

15  grounds that they started working for LLI sometime after 2009 and,

16  therefore, are somehow irrelevant to class certification.  ECF No.

17  78 ("Pls.' Objs.").  This argument lacks merit since all of

18  Plaintiffs' proposed classes include employees who worked for LLI

19  from 2005 through the present.  If, as Plaintiffs suggest, LLI

20  changed its policies to comply with the law sometime after 2009,

21  then Plaintiffs should not have extended the class period "through

22  the present."

23      The parties also dispute the veracity of various declarations

24  filed by Carlos Alva, a LLI Store Manager who happens to be

25  Chavez's brother-in-law.  Alva initially filed a declaration in

26  support of LLI's opposition to class certification, but later

27  recanted, claiming that he was intimidated into signing this first

28  declaration.  ECF No. 67-1 ("Alva 1st Decl."); ECF No. 73 ("Alva

2nd Decl."). Plaintiffs filed a second and then a third declaration by Alva in support of their Motion, both of which differ significantly from Alva's first declaration. See Alva 2nd Decl.; ECF No. 74 ("Alva 3rd Decl."). On March 14, 2012, LLI took Alva's deposition, a transcript of which has been filed with the Court.[4] ECF No. 90-1 ("Alva Dep."). LLI also filed a declaration by the attorney who allegedly intimidated Alva, which paints a vastly different picture of the events surrounding Alva's first declaration. ECF No. 89. Having reviewed all of these declarations, as well as Alva's deposition testimony, it is altogether unclear whether any wrongdoing actually took place. In light of the other dispositive evidence submitted by the parties, as well as the inconsistencies in Alva's various accounts, the Court need not and does not rely on any of the statements made by Alva to resolve this motion for class certification.

**B.**   **The Misclassified Unpaid Overtime Class**

Plaintiffs define the Misclassified Unpaid Overtime Class as: "All of [LLI's] past and present California employees who formerly worked or are currently working for [LLI] in the position of 'Store Manager' from September 3, 2005 through the present." Mot. at 1. Plaintiffs estimate that at least forty-three LLI employees may fall within this class. Id. at 12. Plaintiffs' theory is that LLI's uniform policy of classifying Store Managers as exempt from overtime wages violates Labor Code § 1194 since Store Managers often worked more than forty hours per week and spent more than 50 percent of their time performing non-exempt tasks. FAC ¶ 32.

---

[4] Curiously, Alva stated during his deposition that he only signed one declaration in support of Plaintiffs' Motion, not two. See Alva Dep. at 255.

1   LLI argues that the Court should not certify the proposed

2   Misclassified Unpaid Overtime Class since it does not present

3   common questions of law or fact under Rule 23(a) and because

4   Plaintiffs have failed to demonstrate that common questions

5   predominate over individualized questions under Rule 23(b)(3).

6   Opp'n at 16-17.  The Court agrees with LLI.

7       As the Supreme Court explained in Dukes: "Commonality requires

8   the plaintiff to demonstrate the class members have suffered the

9   same injury."  Dukes, 131 S. Ct. at 2551 (internal citations and

10  quotations omitted).  That is, "[t]heir claims must depend upon a

11  common contention . . . .  That common contention, moreover, must

12  be of such a nature that it is capable of classwide resolution --

13  which means that determination of its truth or falsity will resolve

14  an issue that is central to the validity of each one of the claims

15  in one stroke."  Id. at 2545.  The Supreme Court noted: "What

16  matters to class certification . . . is not the raising of common

17  questions -- even in droves -- but, rather the capacity of a

18  classwide proceeding to generate common answers apt to drive the

19  resolution of the litigation.  Dissimilarities within the proposed

20  class are what have the potential to impede the generation of

21  common answers."  Id. at 2551 (internal quotations and citations

22  omitted).

23      Here, Plaintiffs assert that LLI's uniform policy of

24  classifying Store Managers as exempt presents a common question.

25  Mot. at 12-13.  Plaintiffs also contend that the following

26  questions are common to the class: "Plaintiff's job requirements,

27  Defendant's realistic expectations regarding Store Managers' job

28  requirements, whether Defendant had a policy and practice of having

**United States District Court**
For the Northern District of California

1   Store Managers work without overtime pay, which of the tasks

2   performed by Plaintiff are 'managerial' . . . , whether Plaintiff

3   is exempt from overtime as a 'Manager' . . . ." Id. at 14.

4       Several courts, including this one, have denied class

5   certification in the face of similar "common questions."  In re

6   Wells Fargo Home Mortgage, 571 F.3d 953 (9th Cir. 2009), the Ninth

7   Circuit reversed a district court's order certifying a class of

8   employees who were subject to Wells Fargo's blanket application of

9   overtime exemption status.  The Ninth Circuit found that Wells

10  Fargo's overtime exemption policy "d[id] nothing to facilitate

11  common proof on the otherwise individualized issues" since "courts

12  must still ask where the individual employees actually spent their

13  time." In re Wells Fargo, 57 F.3d at 959.  Shortly after it

14  decided In re Wells Fargo, the Ninth Circuit again addressed class

15  allegations concerning overtime exemption status in Vinole v.

16  Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009).  In

17  Vinole, the Ninth Circuit upheld a district court's denial of class

18  certification, finding that "Plaintiffs' claims require a fact-

19  intensive, individual analysis of each employee's exempt status."

20  571 F.3d at 947.  The Ninth Circuit also affirmed the district

21  court's reasoning that "in cases where exempt status depends upon

22  an individualized determination of an employee's work, and where

23  plaintiffs allege no standard policy governing how employees spend

24  their time, common issues of law and fact may not predominate."[5]

---

25  [5] See also Marlo v. United Parcel Serv., Inc., 639 F.3d 942 (9th
26  Cir. 2011) (employer's expectation that employees follow certain
    procedures "does not establish whether they are 'primarily' engaged
27  in exempt activities during the course of the workweek"); Cruz v.
    Dollar Tree Stores, Inc., No. 07-2050 SC, 2011 WL 2682967, at *6-9
28  (N.D. Cal. July 8, 2011) (representative employee testimony,
    evidence of centralized operational and human resources hierarchy,

10

1  Id. at 946-47.

2      The Court finds that none of the "common questions" offered up

3  by Plaintiffs are capable of class-wide resolution.  The only

4  class-wide policy identified by Plaintiffs -- the classification of

5  Store Managers as exempt -- is insufficient to raise a common

6  question.  See In re Wells Fargo, 571 F.3d at 959.  As Plaintiffs

7  have offered no common proof that Store Managers' job requirements

8  are consistent from day to day or from store to store, the Court

9  would need to engage in an individualized, fact-intensive analysis

10  to determine how each Store Manager spends his or her time.

11      In their reply brief, Plaintiffs raise a number of additional

12  "common questions."  These new arguments do nothing to change the

13  Court's analysis.  First, Plaintiffs argue that LLI's "planograms,"

14  detailed schematics which dictate "where products are placed on the

15  shelf, how many items are placed there, and how much space the

16  product takes up," may serve as common proof.  Reply at 6.

17  However, there is no indication that these planograms have anything

18  to do with Store Managers' job responsibilities.  Next, Plaintiffs

19  argue that "whether more than 50% of the employees' [sic] time is

20  spent on nonexempt tasks may be subject to common resolution based

21  on the testimony of LLI regional managers, volume of sales per

22  store, LLI's employment records of staffing stores."  Id.  This

23  argument is also unavailing.  Plaintiffs appear to be pointing to

24  individualized proof, not common evidence.  LLI has twenty-four

25  retail stores in California.  The Court cannot analyze Store

26  Managers' responsibilities at each individual location without

27

28  and uniform training did not provide sufficient common proof to
   support class certification).

11

conducting mini-trials.

For these reasons, the Court declines to certify Plaintiffs' proposed Misclassified Unpaid Overtime Class.

**C.   Unpaid Overtime Class**

Plaintiffs define the Unpaid Overtime Class as:

> [A]ll past and current retail store employees of [LLI] classified by [LLI] as non-exempt employees (including, but not limited to, assistant store managers, sales associates, and warehouse associates), and employed in California from September 3, 2005 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary pay or bonuses.

Mot. at 1. Plaintiffs' theory is that LLI failed to account for non-discretionary pay or bonuses when calculating class members' overtime. See id. at 15. Under California law, non-exempt employees are entitled to "no less than one and one-half times the regular rate of pay for an employee" for any work in excess of eight hours in one workday or forty hours in any one workweek. Cal. Lab. Code § 510(a). Plaintiffs contend that non-discretionary pay and bonuses were not factored into their "regular rate of pay" for the purposes of overtime calculations.[6] Mot. at 15.

The Court finds that the Unpaid Overtime Class meets all of the requirements set forth by Rule 23. As an initial matter, Rule

---

[6] Plaintiffs' initial definition of the Unpaid Overtime Class is limited to "non-exempt employees." Mot. at 1. However, Plaintiffs' moving papers suggest that the class also includes Store Managers. See id. at 2 ("Plaintiffs' claims are typical of up to 43 'Store Managers'"). It would make little sense to include Store Managers in the Unpaid Overtime Class since Store Managers were classified as exempt from overtime wages and their claims could not possibly be predicated on a miscalculation of their regular pay. Accordingly, the Court excludes Store Managers from the Unpaid Overtime Class.

United States District Court
For the Northern District of California

1   23(a)'s numerosity requirement is satisfied since the Unpaid

2   Overtime Class is comprised of at least 130 current and former

3   nonexempt LLI employees.

4        Rule 23(a)'s commonality requirement is satisfied because

5   Plaintiffs' claim is capable of class-wide resolution and is

6   subject to common proof since Plaintiffs have identified a uniform

7   policy or practice.  LLI's Rule 30(b)(6) deponent indicated that,

8   prior to May 2010, it was LLI's nationwide practice to pay time-

9   and-a-half at an employee's regular hourly rate, without regard to

10  bonuses that an employee may have earned during the relevant pay

11  period.  Garcia Decl. Ex. A ("Morrison Dep.").[7]  Accordingly, the

12  Court need not rely on individualized proof to assess the merits of

13  Plaintiffs' unpaid overtime claim.  For these same reasons, the

14  Court finds that, under Rule 23(b)(3), questions of law and fact

15  common to the class members predominate over questions affecting

16  only individual members.

17       Zaldivar's claims are typical of the 130 non-exempt employees'

18  claims because all were subject to the common pay practices of LLI.

19  Zaldivar has stated that he regularly worked more than forty hours

20  per week and that he received $12,282.87 in sales bonuses that were

21  not incorporated in his regular rate of pay for the purposes of

22  calculating his overtime rate.  Zaldivar Decl. ¶¶ 4-5.  LLI objects

23  that Zaldivar has failed to prove that his overtime was ever

24  calculated incorrectly.  Opp'n at 25.  Plaintiffs respond that LLI

25  has failed to produce adequately detailed records and LLI's

26  _____

27  [7] LLI designated Morrison to testify on its behalf under Federal
    Rule of Civil Procedure 30(b)(6).  Morrison's depositions were

28  taken on November 11, 2010 and December 16, 2011.  Garcia Decl. ¶
    6.

**United States District Court**
For the Northern District of California

argument is not relevant to whether class certification is
appropriate.  Reply at 10.  The Court concludes that the evidence
presented by Plaintiffs is sufficient for the purposes of class
certification.  At this stage, it is enough that Plaintiffs have
shown that LLI had a uniform practice for calculating overtime pay,
that LLI's uniform practice did not account for bonuses and other
non-discretionary pay, and that Zaldivar received $12,282.87 in
bonuses and claims to have worked more than forty hours per week on
several occasions.  "In determining the propriety of a class
action, the question is not whether the plaintiff[s] . . . have
stated a cause of action or will prevail on the merits, but rather
whether the requirements of Rule 23 are met[.]"  United Steel,
Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv.
Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 808 (9th
Cir. 2010) (quoting Eisen v. Carlisle & Jacquelin, 417 U.S. 156,
177-78 (1974)).

As to adequacy, for the time being, the Court is satisfied
that Plaintiffs and their attorneys will fairly and adequately
protect the interests of the class.  There is no indication that
Zaldivar has interests antagonistic to the rest of class or that he
will be unable to prosecute this action vigorously through
qualified counsel.  See Lerwill v. Inflight Motion Pictures, Inc.,
582 F.2d 507, 512 (9th Cir. 1978).

Accordingly, the Court certifies the proposed Unpaid Overtime
Class.

**D.   Missed Meal Period Class**

Plaintiffs define the Missed Meal Period Class as: "All past
and current California employees of LLI classified by LLI as non-

1    exempt employees (including, but not limited to assistant store

2    managers, sales associates, and warehouse associates) who worked

3    more than 6 hours in any shift from September 3, 2005 through the

4    present."  Mot. at 1.

5         Under Section 512 of the Labor Code, employers are required to

6    provide a thirty-minute meal period to employees who work more than

7    five hours per day.  Cal. Lab. Code § 512(a).  If an employee works

8    no more than six hours per day, the meal period may be waived by

9    mutual consent of the employer and employee.  Id.  Employees who

10   work more than ten hours per day are entitled to a second thirty-

11   minute meal period.  Id.  Further, under Section 226.7 of the Labor

12   Code, employers are prohibited from requiring employees to work

13   during meal periods and, if an employer fails to provide a required

14   meal period, the employer must pay the employee for one additional

15   hour of work at the employee's regular rate of compensation.  Id. §

16   226.7.

17        Plaintiffs allege that LLI regularly required employees to

18   work through their thirty-minute meal periods and that LLI failed

19   to compensate those employees for one additional hour of work in

20   accordance with Section 226.7 of the Labor Code.  FAC ¶¶ 48-51.  In

21   their moving papers, Plaintiffs claim that these missed meal

22   periods were the result of understaffing and a statewide policy

23   that required employees to remain on the premises and close to the

24   showroom throughout their shifts so that they could respond to

25   phone calls and customer questions.  Mot. at 18.  In other words,

26   Plaintiffs claim that LLI employees were constantly "on-duty," even

27   during their meal breaks.  See id.

28        Zaldivar has testified that LLI rarely provided him with a

**United States District Court**
For the Northern District of California

1  thirty-minute meal period and that "most of the time it was

2  working, eating, working, eating." Zaldivar Dep. at 102. Chavez

3  testified: "We just didn't have time to have lunches." Chavez Dep.

4  at 244. Additionally, Plaintiffs submitted declarations from seven

5  other LLI employees, each of whom stated: "During my workday I

6  never got a meal break of 30 minutes free to eat without

7  interruption from work or customers. I could never leave the Store

8  for at least 30 minutes of my own free time due to my job duties."

9  Pls.' Emp. Decls. ¶ 10.

10     LLI asserts that it has implemented a uniform meal policy in

11  compliance with California Law. Opp'n at 12. LLI's employee

12  handbook requires non-exempt employees to record the time they

13  begin and end each meal period and states that "employees are

14  expected to take [their] lunch/meal times within the time limits

15  set by [their] supervisor." Matherne Decl.[8] Ex. 11 ("LLI Employee

16  Handbook") §§ 401, 704. LLI has also submitted declarations from a

17  number of other LLI employees, including Store Managers and non-

18  exempt employees, who state that LLI provides meal periods in

19  compliance with the Labor Code. See, e.g., ECF Nos. 67-2

20  ("Angenent Decl.") ¶ 10, 67-3 ("Biehl Decl.") ¶ 13, 67-5

21  ("Daigneault Decl.") ¶ 20.

22     The Court finds that the Missed Meal Period class fails to

23  meet the predominance requirements of Rule 23(b). LLI has a lawful

24  meal break policy and the Court would need to engage in individual

25  factual inquiries to determine whether certain stores or Store

26  Managers deviated from that policy. Specifically, for each alleged

27

28  [8] E. Jean Matherne ("Matherne"), LLI's Senior Vice President of
   Human Resources, submitted a declaration in opposition to
   Plaintiffs' Motion. ECF No. 69 ("Matherne Decl.").

violation, the Court would need to determine, among other things:
(1) whether an employee actually took a meal break; (2) whether
that employee worked more than a five- or six-hour shift; (3)
whether LLI forced that employee to work through the meal break;
and (4) whether that employee was compensated for the missed meal
period in accordance with Section 226.7 of the Labor Code.

Plaintiffs argue that these individual questions are trumped
by common questions concerning staffing levels and LLI's
requirement that on-duty employees remain available to work during
meal breaks.  Reply at 12.  The Court disagrees.  There is no
indication that LLI's staffing levels are uniform from store-to-
store.  To determine whether staffing levels resulted in missed
meal periods, the Court would need to engage in individualized
questions concerning the staffing requirements at each of LLI's
twenty-four California locations.  Additionally, these staffing
requirements could vary from day to day.  Likewise, there is no
indication that LLI implemented a uniform policy that required
employees to remain on duty throughout their meal breaks.  The
Court is unwilling to infer the existence of such a uniform policy
from the declarations of a handful of employees from a fraction of
LLI's twenty-four California locations.  Moreover, Plaintiffs'
assertion that this policy was uniform is undercut by the employee
declarations submitted by Defendants.[9]

---

[9] Other district courts in this circuit have also declined to
certify missed meal period classes in the face of similar
allegations.  See Hadjavi v. CVS Pharmacy, Inc. No. 10-4886 SJO,
2011 WL 3240763, at *8 (C.D. Cal. July 25, 2011) ("In order to
establish Defendants' liability, the Court would be forced to
proceed store-by-store and employee-by-employee to determine
whether Defendants' effectively violated California labor laws,
despite hav[ing] written policies permitting meal and rest breaks .
. . ."); Washington v. Joe's Crab Shack, 271 F.R.D. 629, 641 (N.D.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Plaintiffs also argue that the Ninth Circuit's decision in

2  United Steel mandates certification in the instant action.  Reply

3  at 11.  In that case, the plaintiffs alleged that because they

4  "c[ould] not leave their units during their meal breaks and [were]

5  subject to interruptions to which they must respond, their meal

6  periods [were] 'on duty' within the meaning of California law."

7  United Steel, 593 F.3d at 804.  The district court denied class

8  certification, finding "if Plaintiffs' 'on duty' theory fails, then

9  common questions will no longer predominate over individual ones."

10  Id. at 807.  The Ninth Circuit found that the district court abused

11  its discretion by denying certification based on the possibility

12  that the plaintiffs would not prevail on the merits.  Id. at 808.

13  In contrast, in the instant action, the Court need not and does not

14  evaluate the merits of Plaintiffs' claims to determine whether

15  common questions predominate.

16    For the reasons set forth above, the Court DENIES Plaintiffs'

17  motion for class certification with respect to the Missed Meal

18  Period Class.

19    **E.   Unpaid Vacation Class**

20    Plaintiffs define the unpaid vacation class as: "All past

21  employees of [LLI] employed in California from September 3, 2005

22  through the present who accrued vacation wages that were not cashed

23  out or used."  Mot. at 1.  Under California Law, employers are

24  required to pay employees for vested vacation time upon termination

25  Cal. 2010) ("In the absence of any common policy, an individualized
   inquiry will be required to determine whether any single employee
26  failed to take a meal break because he/she was too busy . . . .");
   Mateo v. V.F. Corp., No. 08-5313 CW, 2009 WL 3561539, at *6 (N.D.
27  Cal. Oct. 27, 2009) (finding that individual issues predominated
   where employees had to work through meal breaks due to lack of
28  minimum staffing).

of employment.  Cal. Lab. Code § 227.3.  Chavez, the class
representative for Plaintiffs' unpaid vacation claim, asserts that
LLI failed to pay him for all vacation time owed after he quit in
April 2009.  Chavez Decl. ¶ 5.

As LLI points out, it is unclear whether Chavez suffered an
injury and, thus, whether he has standing to bring this claim.  <u>See</u>
Opp'n at 24.  During his deposition, Chavez admitted that he has
"no idea" how much vacation he is owed from LLI and that he never
tried to calculate the exact amount.  Chavez Dep. at 318-320.
Further, LLI payroll records show that LLI paid Chavez over $3,600
from 2007 to 2008 for accrued, unused vacation.  Matherne Decl. ¶
9, Ex. 16.  Plaintiffs argue that this does not account for all the
vacation time Chavez accrued, but they offer no evidence to support
the contention.  <u>See</u> Reply at 15.

While the Court may not assess the merits of Chavez's claim at
this stage of the litigation, the evidence before the Court
indicates a lack of typicality, commonality, and predominance under
Rule 23.  Chavez's claims are not typical because they are subject
to a unique defense, specifically, that Chavez has already been
paid for accrued vacation time.  <u>See</u> <u>Hanon v. Dataproducts Corp.</u>,
976 F.2d 497, 508 (9th Cir. 1992).  As to commonality and
predominance, Plaintiffs have not pointed to any uniform policy
which has resulted in the denial of vacation pay.  In fact, the
record indicates that LLI has adopted a uniform policy which
provides for the "payment of all accrued but unused [paid time
off]."  Matherne Decl. Ex. 14 ("LLI Paid Time Off Policy") § 4.9.2.

Plaintiffs argue that "[p]roof of the vacation pay claims
requires only comparison of LLI's records reflecting the amount of

**United States District Court**
For the Northern District of California

1    vacation pay owed against LLI's records reflecting the amount of

2    wages owed at termination."  Reply at 15.  However, the dispute

3    over Chavez's vacation pay indicates that the factual inquiry will

4    be much more complicated than Plaintiffs make it out to be.  LLI's

5    records show that Chavez was paid for all of the vacation time he

6    was owed.  Accordingly, evaluation of Chavez's vacation claim will

7    require the Court to determine the accuracy of those records

8    through testimony or other evidence -- a highly individualized

9    inquiry that would need to be repeated for each class member if the

10   Court were to certify the class.

11       For these reasons, the Court DENIES certification for

12   Plaintiffs' Unpaid Vacation Class.

13       **F.   <u>Unpaid Reimbursement Class</u>**

14       Plaintiffs define the Unpaid Reimbursement Class as: "All past

15   and current employees of Defendants who were employed in California

16   from September 3, 2005 through the present who were not reimbursed

17   for all work-related expenses."  Mot at 2.  This class is tied to

18   Plaintiffs' claim under Section 2802 of the Labor Code, which

19   provides that an employer must indemnify an employee "for all

20   necessary expenditures or losses incurred by the employee in direct

21   consequence of the discharge of his or her duties."  Cal. Lab. Code

22   § 2802(a).  Plaintiffs assert that Chavez and Zaldivar, along with

23   a number of other LLI employees who filed declarations in support

24   of Plaintiffs' Motion, used their personal vehicles and cellular

25   phones to perform their jobs, without any reimbursement from LLI.

26   Mot. at 21.

27       The Court finds that certification is inappropriate for the

28   Unpaid Reimbursement Class because, under Rule 23(b), common issues

**United States District Court**
For the Northern District of California

1    do not predominate.   Plaintiffs have not shown that LLI instituted

2    a uniform policy resulting in the denial or reimbursement requests.

3    In fact, LLI's Travel and Entertainment policy (T&E Policy) allows

4    for reimbursement of a number of business-related expenses,

5    including mileage.   Matherne Decl. Ex. 13 ("LLI T&E Policy") §

6    4.7.5.   Accordingly, to assess the merits of Plaintiffs'

7    reimbursement claim, the Court would need to scrutinize each class

8    member's claimed expenses.   Specifically, the Court would need to

9    make individualized factual determinations concerning: (1) whether

10   the claimed expenses were "necessary" and incurred in direct

11   consequence of the discharge of the employee's duties; (2) whether

12   the employee actually sought reimbursement from LLI for the

13   expenses; and (3) whether LLI reimbursed the employee for the

14   expense.   See Ruiz v. Affinity Logistics Corp., No. 05-2125 JLS,

15   2009 WL 648973, at *7-8 (S.D. Cal. Jan. 29, 2009) (class

16   certification denied "because of the difference in expenses

17   incurred across the class, reasonability of those expenses, and

18   defendant's compensation of those [class members]").   The second

19   inquiry appears to be critical since some class members may not

20   have sought reimbursement.   See Chavez Dep. at 189.

21        Accordingly, the Court DENIES Plaintiffs' motion for class

22   certification with respect to the Unpaid Reimbursement Class.

23

24   **V.   CONCLUSION**

25        For the reasons set forth above, the Court GRANTS in part and

26   DENIES in part Plaintiffs Crelencio Chavez and Jose Zaldivar's

27   Motion for Class Certification.   The Court CERTIFIES Plaintiffs'

28   proposed Unpaid Overtime Class, and DENIES certification of the

1  Misclassified Unpaid Overtime Class, the Missed Meal Break Class,

2  the Unpaid Vacation Class, and the Unpaid Reimbursement Class.

3

4       IT IS SO ORDERED.

5

6       Dated: March 26, 2012            

7                                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California