**United States District Court**
Northern District of California

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>LUMBER LIQUIDATORS, INC., and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. CV-09-4812 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER ADOPTING PROPOSED CLASS NOTICE |

I.    **INTRODUCTION**

Plaintiff Jose Zaldivar ("Plaintiff") brings this action against Defendant Lumber Liquidators, Inc. ("LLI") for failure to pay overtime wages, failure to provide meal breaks, failure to pay vested vacation wages, and failure to reimburse work-related expenses.  ECF No. 20 (Second Amended Complaint ("SAC")).  On March 26, 2012, the Court certified Plaintiff's proposed unpaid overtime class, which is defined as:

> [A]ll past and current retail store employees of [LLI] classified by [LLI] as non-exempt employees . . . and employed in California from September 3, 2005 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary pay or bonuses.

ECF No. 92 ("Class Cert. Order").  Plaintiff now moves for the
Court to adopt his proposed class notice.  ECF No. 96 ("Mot.").
The Motion is fully briefed, ECF Nos. 98 ("Opp'n"), 100 ("Reply"),
and appropriate for determination without oral argument.  For the
reasons set forth herein, the Motion is GRANTED in part and DENIED
in part.

**II.  DISCUSSION**

LLI objects to Plaintiff's proposed class notice on seven
grounds.  The Court reviews each of these objections below.

**A.  Posting Notice at LLI Stores**

Plaintiff proposes that a third-party claims administrator
mail the class notice to each class member.  The claims
administrator would obtain the addresses from LLI.  Plaintiff also
proposes that LLI post the notice "in each California store and
facility of [LLI] in a prominent location readily accessible to all
potential class action members employed there."  Mot. at i.  LLI
objects, arguing that posting the notice at LLI stores is overly
intrusive and disruptive and that mailing alone is sufficient.
Opp. at 2.  Plaintiff responds that mailing alone would be
insufficient since LLI may not have current addresses for many
class members, especially those who no longer work for LLI.  Reply
at 1-2.

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "the
court must direct to class members the best notice that is
practicable under the circumstances, including individual notice to
all members who can be identified through reasonable effort."  The
Court finds that posting the proposed notice in LLI stores is

**United States District Court**
For the Northern District of California

2

1  unnecessary to provide class members with the best notice

2  practicable.  Plaintiff is primarily concerned about getting notice

3  to former employees because LLI may not have accurate and up-to-

4  date contact information for these class members.  However, because

5  they no longer work for LLI, these class members are unlikely to

6  see notices posted in LLI stores.  Further, since LLI likely has

7  accurate and up-to-date contact information for its current

8  employees, posted notices are unnecessary to reach them.  While

9  posting class notice in LLI stores may be inexpensive, it has the

10  potential to disrupt work operations.  Accordingly, LLI shall not

11  be required to post the class notice in its stores.

12      **B.    Telephone Numbers**

13      Plaintiff has also requested that LLI provide the claims

14  administrator with class members' telephone numbers.  Mot. at i.

15  LLI objects on the grounds that this is unnecessary and creates the

16  potential for an invasion of privacy.  LLI's argument lacks merit.

17  In the event that a class member changes her address but not her

18  telephone number, a telephone call may be the only way to reach

19  her.  Further, LLI has offered no authority which would suggest

20  that a telephone call from a third-party claims administrator would

21  rise to the level of an invasion of privacy.  Accordingly, to the

22  extent that such information is available, LLI shall provide the

23  claims administrator with the telephone numbers of all class

24  members.

25      **C.    Labor Code Section 203**

26      Plaintiff's proposed class notice would also notify class

27  members that Plaintiff is seeking relief pursuant to California

28  Labor Code Section 203.  Plaintiff repeatedly indicated that he

**United States District Court**
For the Northern District of California

1  would be seeking damages under Section 203 in the SAC.  See, e.g.,

2  SAC ¶¶ 22, 28, 37.  Section 203 provides: "If an employer willfully

3  fails to pay, without abatement or reduction, in accordance with

4  Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an

5  employee who is discharged or who quits, the wages of the employee

6  shall continue as a penalty from the due date thereof at the same

7  rate . . . ."  LLI objects to any reference to Section 203 in the

8  class notice on the ground that the Court has not certified a claim

9  for waiting periods under Section 203.  Opp'n at 4.

10      LLI's objection is overruled.  As Plaintiff argues, his claim

11  for compensation under Section 203 is merely a measure of damages

12  for wages not yet paid, not a separate class claim that needs to be

13  certified.  LLI points to one case, Espinoza v. Domino's Pizza,

14  LLC, EDCV071601VAP, 2009 WL 882845 (C.D. Cal. Feb. 18, 2009), in

15  which a court certified a separate class under Section 203.  Opp'n

16  at 4.  However, in Espinoza, the court noted that the Section 203

17  class was "coextensive" with another class which brought claims for

18  missed meal periods and that "[the] [p]laintiffs offer[ed] the same

19  facts to support the Section 203 Class as those offered in support

20  of the proposed Meal Break Class."  Espinoza, 2009 WL 882845, at

21  *1, *5.  Likewise, in the instant action, Plaintiff's claims for

22  waiting time penalties under Section 203 are coextensive with his

23  wage claims.  With respect to the unpaid overtime class, Plaintiff

24  claims that LLI failed to account for non-discretionary pay or

25  bonuses when calculating class members' overtime.  Class Cert.

26  Order at 12.  To the extent that Plaintiff can succeed on this

27  claim, certain class members may be entitled to additional

28  compensation under Section 203.

Further, LLI's objection appears to be procedurally improper. LLI had the opportunity to challenge the Plaintiff's request for Section 203 relief when Plaintiff moved for class certification. LLI declined to do so. While Plaintiff did not move to certify a class under Section 203, it was clear from the SAC that he intended to seek Section 203 relief. The Court is reluctant to limit the scope of the class's damages on a motion to approve class notice. In any event, LLI has failed to enunciate why permitting Plaintiff to seek waiting time penalties under Section 203 would be inconsistent with the class certification requirements of Rule 23.

Accordingly, the Court overrules LLI's objection to the references to California Labor Code Section 203 in Plaintiff's proposed class notice.

**D. Class Period**

In granting Plaintiff's motion for class certification, the Court defined the unpaid overtime class to include LLI non-exempt employees who worked at LLI's California stores from "September 3, 2005 through the present." Class Cert. Order at 12-14. Consistent with the Court's Order, Plaintiff seeks to notify a number of persons who were employed at LLI from September 3, 2005 through the present. Mot. at 1. LLI now argues that the class period should be limited to March 1, 2007 through June 1, 2010. Opp'n at 5. LLI asserts that, prior to March 1, 2007, bonuses and commissions paid to non-exempt employees were entirely discretionary and, after June 1, 2010, LLI included all non-discretionary incentive pay in the calculation of employees' pay. Id.

LLI is effectively asking the Court to partially decertify the class on a motion to approve class notice. The Court declines to

**United States District Court**
For the Northern District of California

1  do so.  Under Rule 23, the Court may modify or decertify the class

2  at any time prior to final judgment.  Fed. R. Civ. P. 23(c)(1)(C).

3  In determining whether certification remains proper, courts must

4  apply the requirements of Rule 23.  <u>Weigele v. FedEx Ground Package</u>

5  <u>Sys., Inc.</u>, 267 F.R.D. 614, 617 (S.D. Cal. 2010).  The "moving

6  party" bears the burden of showing that decertification is proper.

7  <u>Id.</u>  Here, LLI has not formally moved for decertification.  Nor has

8  it gone into any detail to explain why decertification would be

9  proper under Rule 23.  If LLI wishes to decertify or partially

10  decertify the unpaid wage class, then it may file a motion.  In the

11  meantime, the class definition will remain unchanged.

12       **E.    Notice Period**

13       LLI contends that any notice provided to class members should

14  require a response not later than sixty days from the date of the

15  mailing.  Opp'n at 6.  Plaintiff does not oppose a notice period of

16  sixty days, Reply at 8, and LLI's request is consistent with

17  applicable case law, see <u>Luque v. AT & T Corp.</u>, C 09-05885 CRB,

18  2010 WL 4807088, at *7 (N.D. Cal. Nov. 19, 2010).  Accordingly, the

19  court approves a sixty-day notice period.

20       **F.    <u>Website</u>**

21       Plaintiff proposes to create a website where class members can

22  find the Class Certification Order, the SAC, and LLI's answer to

23  the SAC, along with "any other documents agreed upon by the

24  parties."  Mot. at ii.  LLI argues that a website is unnecessary.

25  Opp'n at 7.  LLI also requests that, if such a website is approved,

26  access should be restricted by requiring class members to enter a

27  unique, individual password.  <u>Id.</u>  LLI reasons that such measures

28  are necessary to mitigate risks, including the copying and

**United States District Court**
For the Northern District of California

1   forwarding of information from the website with commentary that

2   distorts the notice approved by the Court.   Id.

3        LLI's objections to the proposed website are overruled.  LLI's

4   own authority recognizes that "the use of a website [is] beneficial

5   as part of a class action notice."  Krzesniak v. Cendant Corp., C

6   05-05156 MEJ, 2007 WL 4468678, *2 (N.D. Cal. Dec. 17, 2007).

7   Further, the password protections suggested by LLI are unnecessary

8   and counterproductive.  LLI suggests that material posted to the

9   website could be forwarded with commentary that could distort the

10  notice approved by the court.  Opp'n at 7.  However, even without

11  access to the website, persons could forward misleading emails

12  about this litigation.  Further, the documents that Plaintiff

13  proposes to post to the website -- the pleadings and Court orders -

14  - are already publicly available in electronic format and, thus,

15  amenable to distortion.  Perhaps the best defense against the

16  dissemination of misleading information about this litigation is to

17  make the notice and other court documents readily available to the

18  class.  Restricting access to the proposed website by requiring

19  passwords which could be easily lost or forgotten would only

20  undermine the Court's goal of providing the best notice

21  practicable.

22        **G.   Counsel's Contact Information**

23        LLI also argues that, as a matter of basic fairness, its

24  counsel's contact information should be included on the notice.

25  LLI suggests adding the following language to the notice: "You may

26  also contact counsel for [LLI] for information about the lawsuit."

27  The Court finds that including such information may lead to undue

28  confusion.  Defense counsel's "[u]nsupervised, unilateral

communications with the plaintiff class" has the potential to "sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal." <u>Kleiner v. First Nat. Bank of Atlanta</u>, 751 F.2d 1193, 1203 (11th Cir. 1985). Further, it is unclear what information defense counsel could provide that could not be provided by Plaintiff's counsel. Accordingly, the Court denies LLI's request to include its counsel's contact information in the notice. <u>See also</u> <u>Gambo v. Lucent Techs.</u>, Inc., 05 C 3701, 2005 WL 3542485 (N.D. Ill. Dec. 22, 2005) (finding there was "no basis in law or logic" for defendant's request to include defense counsel's name and contact information in the notice).

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff Jose Zaldivar's motion for an order adopting Plaintiff's proposed class notice. The Court ADOPTS Plaintiff's proposed notice with the following modifications: (1) LLI shall not be required to post the notice at its stores; (2) notice provided to class members should require a response not later than sixty days from the date of the mailing of the notice.

IT IS SO ORDERED.

Dated: December 7, 2012

UNITED STATES DISTRICT JUDGE