UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ, *et al.*, | No. C-09-04812 DMR |
| Plaintiffs, | **ORDER ON FEBRUARY 22, 2013 JOINT DISCOVERY LETTER** |
| v. | |
| LUMBER LIQUIDATORS, INC., | |
| Defendant. | |

Before the court is the parties' February 22, 2013 joint discovery letter regarding Plaintiffs Crelencio Chavez and Jose Zaldivar's request for an order compelling the production of documents. [Docket No. 114 ("Jt. Letter").] The court held a hearing on the dispute on March 21, 2013, at which the parties were represented by counsel.

**I. Background**

Plaintiffs filed this wage and hour class action against Defendant Lumber Liquidators, Inc., which sells flooring products in over 20 stores in California. On March 26, 2012, the Honorable Samuel Conti certified a class of all non-exempt retail store employees who were employed in California from September 3, 2005 through the present who were paid overtime wages and were also paid commissions and/or non-discretionary bonuses. [Docket No. 92 (Order on Pls.' Class Cert. Mot.) at 12-14.] Plaintiffs allege that Lumber Liquidators failed to properly calculate Plaintiff Zaldivar's and the class members' overtime wages by failing to factor non-discretionary pay,

1 including commissions and bonuses, "into their regular rate of pay for the purposes of overtime
2 calculations." (Order on Pls.' Class Cert. Mot. 12.)
3 In September 2011, Zaldivar served a Federal Rule of Civil Procedure 30(b)(6) deposition
4 notice with accompanying requests for production of documents. In the present motion, Plaintiff
5 challenges Defendant's responses and objections to three of the requests for production which
6 pertain to records regarding Defendant's payment of commissions and bonuses to Plaintiff and the
7 class members.

## II. Legal Standards

9 Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding
10 any
11 nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).
12 "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably
13 calculated to lead to discovery of admissible evidence." *Oakes v. Halvorsen Marine Ltd.*, 179
14 F.R.D. 281, 283 (C.D. Cal. 1998); *see also* Fed. R. Civ. P. 26(b)(1) ("[r]elevant information need not
15 be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
16 admissible evidence."). The party resisting discovery has the burden to show that discovery should
17 not be allowed, and has the burden of clarifying, explaining and supporting its objections. *Id*.
18 Federal Rule of Civil Procedure 26 also provides that a party withholding information under a claim
19 that it is privileged or subject to protection as trial preparation material must: (i) expressly
20 make the claim; and (ii) describe the nature of the documents, communications, or tangible things
21 not produced or disclosed in a manner that, without revealing information itself privileged or
22 protected, will enable the parties to assess the claim. Fed. R. Civ. Proc. 26(b)(5)(A). A privilege
23 should be asserted within thirty days of a request for production. *See* Fed. R. Civ. P. 34(b)(2)(A).

## III. Discussion

25 In request for production nos. 6, 7, and 9, Plaintiff seeks all documents relating to
26 Defendant's "practices and policies regarding the payment of commissions/bonuses" to all
27 employees in Defendants' California locations from September 3, 2006 to the present, as well as to
28 Plaintiff Zaldivar from September 3, 2006 to his last day of employment. (Jt. Letter 3-4.)

Defendant set forth various objections, then stated that it has produced the responsive documents. (Jt. Letter 3-4.)

Plaintiff now moves to compel the production of additional information that he claims is responsive to these requests. Specifically, Plaintiff alleges that he is entitled to production of documents setting forth sales information and other data used to calculate the bonus amounts, including emails to store managers setting forth the pool of money and percentages to be used in distributing bonuses to store employees. Plaintiff asserts that such discovery "is meant to ascertain the amounts, dates, and the basis for the payments of all incentive pay" to Plaintiff and the class members during the class period. According to Plaintiff, that information is "critical" to the outcome of this case. (Jt. Letter 4-5.)

Defendant argues that it has already produced all documents responsive to the requests for production at issue, including "all bonus/commission plans and all policies used to calculate Plaintiff's and class members' bonus/commissions payments, including all percentages used for the calculation for each" payment, as well as "data showing the exact dollar amount and dates of payment for the bonus/commission payments that Defendant made to Plaintiff." (Jt. Letter 6.) According to Defendant, the raw store sales data it uses to determine the amount of overall store bonuses and commissions for class members is not relevant to the class overtime claim. (Jt. Letter 7.)

The court finds that Plaintiff is not entitled to production of the raw sales data that Defendant used to generate the amounts of bonuses given to class members. Nor is Plaintiff entitled to obtain store level emails containing bonus pool and percentage information. While the sales data and emails are relevant to the calculation of commissions and bonuses paid by Defendant, Plaintiff's complaint does not allege that Defendant miscalculated or underpaid any commissions or bonuses. Instead, Judge Conti certified a class claim that Defendant improperly excluded the commission/ bonus amounts from the overtime rate it paid the class members. In other words, Plaintiff does not allege that the commissions and bonuses *themselves* should have been a different amount; instead, Plaintiff claims that the calculation of overtime pay improperly excluded commissions and bonuses. Plaintiff was not able to articulate any persuasive argument to support the relevance of this

information. Accordingly, the data underlying the calculation of the bonus amounts is neither relevant to Plaintiff's claim nor reasonably calculated to lead to the discovery of admissible evidence regarding that claim.

Information that *is* relevant to the class claim includes the amounts of the commission/bonus payments to class members, and the dates they were paid. At the hearing, Defendant represented that in connection with settlement discussions, it produced a spreadsheet reflecting this and other relevant information for all class members. Defendant agrees to deem the spreadsheet an officially-produced document for all purposes in this litigation. However, the spreadsheet only covers the period from September 3, 2005 through June 2010. Defendant asserts that it began including non-discretionary bonuses and commissions in class members' overtime rates in June 2010, and that therefore, the class claim should not extend beyond that time. However, given that the class period that Judge Conti certified was from September 3, 2005 through the present, (*see* Order on Pls.' Class Cert. Mot. 12-14), Defendant is ordered to update the spreadsheet to reflect all information through the present. In addition, Defendant shall produce to Plaintiffs the raw payroll data from which it extracted information to create the spreadsheet. The parties are ordered to meet and confer regarding the specific categories of payroll data to be produced, and Defendant shall produce such data by April 26, 2013.

Finally, Plaintiff expressed concern that Defendant has not provided a privilege log. At the hearing, Defendant confirmed that despite asserting objections to the requests for production based on privilege, it has not produced a privilege log. Defense counsel represented that the reason it has not produced a log is because Defendant has not actually withheld any responsive documents based on an assertion of privilege. Accordingly, the court will not order the production of a privilege log at this time.

### IV. Conclusion

For the above reasons, Plaintiff's request for an order compelling the production of sales data and other information underlying the calculation of actual bonus amounts is DENIED.[1]

IT IS SO ORDERED.

Dated: March 25, 2013



_____
DONNA M. RYU
United States Magistrate Judge

---

[1] As the court concludes that the data used to calculate actual bonuses is not relevant, the court need not reach Defendant's argument that producing such information would be unduly burdensome. (*See* Jt. Letter 9.)