1   ROBERT TAFOYA, Esq., SBN 194444
    DAVID GARCIA, Esq., SBN 218356
2   TAFOYA & GARCIA LLP
    316 W. 2nd St., Ste 1000
3   Los Angeles, CA 90012
    Tel: 213.617.0600
4   Fax: 213.617.2226
    robert.tafoya@tafoyagarcia.com
5   david.garcia@tafoyagarcia.com

6   Attorneys for Plaintiff and Class Members
    JOSE ZALDIVAR
7
    ERIC MECKLEY, State Bar No. 168181
8   JENNIFER SVANFELDT, State Bar No. 233248
    MORGAN, LEWIS & BOCKIUS LLP
9   One Market, Spear Street Tower
    San Francisco, California 94105-1126
10  Telephone: 415.442.1000
    Facsimile: 415.442.1001
11  emeckley@morganlewis.com
    jsvanfeldt@morganlewis.com
12
    Attorneys for Defendant
13  LUMBER LIQUIDATORS, INC.

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17  CRELENCIO CHAVEZ,                  | Case No. C-09-04812 SC

18              Plaintiff,             | **JOINT STIPULATION OF CLASS ACTION SETTLEMENT**

19      v.

20  LUMBER LIQUIDATORS, INC.,

21              Defendant.

22

23

24      This Joint Stipulation of Settlement ("Stipulation" or "Settlement") is made and entered

25  into, as of the date set forth below, between the Plaintiff and Class Representative Jose Zaldivar,

26  ("Plaintiff" or "Class Representative"), and Defendant Lumber Liquidators, Inc. ("Defendant"),

27  who are parties to the above-captioned litigation (together, the "Parties").

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                                        Case Nos. C-09-04812 SC
                        JOINT STIPULATION OF SETTLEMENT

1    **1.    THE CONDITIONAL NATURE OF THIS STIPULATION**

2         1.1    This Stipulation and all associated exhibits or attachments are made for the sole

3    purpose of settling the above-captioned action. The Settling Parties (as defined herein) enter into

4    this Stipulation and associated Settlement on a conditional basis. If the Court does not enter the

5    Order of Final Approval, the proposed Judgment does not become a Final Judgment for any

6    reason, and/or the Effective Date does not occur, this Stipulation shall be deemed null and void

7    *ab initio*; it shall be of no force or effect whatsoever; it shall not be referred to or utilized for any

8    purpose whatsoever; and the negotiation, terms and entry of the Stipulation shall remain subject

9    to the provisions of Federal Rule of Evidence 408, California Evidence Code §§ 119 and 1152,

10   and any other analogous rules of evidence that are applicable.

11        1.2    Defendant denies all liability, damages, penalties, interest, fees, restitution,

12   injunctive relief and all other forms of relief associated with Plaintiff's claims, as well as denies

13   the class action allegations asserted in the Action, as those terms are defined below. Defendant

14   has agreed to resolve the Action via this Stipulation, but to the extent this Stipulation is deemed

15   void or the Effective Date does not occur, Defendant does not waive, but rather expressly

16   reserves, all rights to challenge all such claims and allegations in the Action upon all procedural,

17   merit, and factual grounds, including, without limitation, the ability to challenge class, collective

18   and representative action treatment on any grounds, as well as asserting any and all other

19   privileges and potential defenses. The Class Representative and Class Counsel agree that

20   Defendant retains and reserves these rights, and the Class Representative and Class Counsel agree

21   not to argue or present any argument, and hereby waive any argument, that based on this

22   Stipulation, Defendant cannot contest class certification or class action or collective action or

23   representative action treatment on any grounds whatsoever, or assert any and all other privileges

24   or potential defenses if this Action were to proceed.

25   **2.    DEFINITIONS**

26        The following terms, when used in this Joint Stipulation of Settlement and any related

27   settlement documents, shall have the following meanings:

28        2.1    "Action" means the above captioned action, identified as *Crelencio Chavez, et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

1   *v. Lumber Liquidators, Inc.*, pending in the U.S. District Court, Northern District of California,
2   Case No. C-09-04812 SC.

3      2.2    "LLI Releasees" means Lumber Liquidators, Inc. and all affiliated parties, entities
4   and persons (including but not limited to Lumber Liquidators, Inc. and its past and present
5   affiliates, parents, subsidiaries, predecessors, related entities, owners, successors, shareholders,
6   divisions, and each of these entities past and present directors, officers, employees partners,
7   shareholders and representatives).

8      2.3    "Claim Form" means the form entitled "Claim Form" in the same or substantially
9   the same form attached hereto as Exhibit 2. A timely and completed Claim Form must be
10  submitted to the Claims Administrator for a Class Member to claim his/her share of the
11  Maximum Settlement Amount. The Claim Form will also serve as written consent to become a
12  party plaintiff pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA").

13     2.4    "Claims Administrator" means CPT Group.

14     2.5    "Claims Period Deadline" shall be the date sixty (60) calendar days after the
15  Settlement Documents are mailed to the Class Members by the Claims Administrator. However,
16  Defendant, in its sole and absolute discretion, may elect to accept late claims submitted after the
17  Claims Period Deadline has expired.

18     2.6    "Class" means all current and former retail store employees of LLI classified as
19  non-exempt and employed in California who were paid overtime wages and commission/sales
20  bonus wages and/or other nondiscretionary compensation between September 3, 2005 through the
21  present. The Class includes, but is not limited to, persons employed in the following position
22  categories and/or job titles: warehouse associate, sales associate, Assistant Store Manager 1,
23  Assistant Store Manager 2, and other non-exempt retail store employees.

24     2.7    "Class Counsel" means, collectively, Tafoya & Garcia LLP.

25     2.8    "Class Member" means each person eligible to participate in this Settlement who
26  is a member of the Class defined above.

27     2.9    "Class Period" means the time period from September 3, 2005 through and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

1    including the Preliminary Approval Date.

2        2.10    "Class Representative" or "Plaintiff" means Plaintiff Jose Reyes Zaldivar.

3        2.11    "Class Representative's Released Claims" means any and all claims, obligations,

4    demands, actions, rights, causes of action, and liabilities against the LLI Releasees, of whatever

5    kind and nature, character, and description, whether in law or equity, whether sounding in tort,

6    contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other

7    source of law or contract, whether known or unknown, and whether anticipated or unanticipated,

8    including all unknown claims covered by California Civil Code § 1542, as quoted in Section 6.8.4

9    below, by the Class Representative, arising at any time up to and including the date on which the

10   Court enters the Order of Final Approval, for any type of relief, including without limitation

11   claims for wages, premium and other forms of pay, unpaid/unreimbursed costs, penalties

12   (including waiting time penalties), general damages, compensatory damages, liquidated damages,

13   punitive damages, interest, attorneys' fees, litigation and other costs, expenses, restitution, and

14   equitable and declaratory relief. The Class Representative's Released Claims include, but are not

15   limited to, the Released Claims as well as any other claims under any provision of the Fair Labor

16   Standards Act ("FLSA"), the California Labor Code[1], any applicable California Industrial

17   Welfare Commission Wage Orders, any city or county Living Wage Ordinances, and claims

18   under state or federal discrimination statutes, including, without limitation, the California

19   Government Code; the Unruh Civil Rights Act, California Civil Code; the California

20   Constitution; the California Business and Professions Code, including but not limited to §§ 17200

21   *et seq.*; the United States Constitution; the Age Discrimination in Employment Act ("ADEA")

22   and the Older Workers Benefit Protection Act; the Uniformed Services Employment and

23   Reemployment Rights Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*;

24   the Family and Medical Leave Act, to the extent not prohibited by law; the Americans with

25   Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Employee Retirement Income Security Act of

26   1974, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive

27

28

[1] References to the "Labor Code" herein shall be to the California Labor Code.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

guidelines. As a condition to this settlement, the named Plaintiff Zaldivar will provide a full and general release of all known and unknown claims, including but not limited to, all claims alleged or that could have been alleged in the Second Amended Complaint.

2.12 "Complaint" means the then-current (i.e., most recently amended) operative Complaint in this Action pending in the United States District Court for the Northern District of California.

2.13 "Court" means the United States District Court, Northern District of California.

2.14 "Defendant's Counsel" means Morgan, Lewis & Bockius LLP.

2.15 "Effective Date" means the date on which the Judgment becomes a Final Judgment.

2.16 "Final Approval Date" means the date on which the Court enters the Order of Final Approval.

2.17 "Final Approval Hearing" means a hearing set by the Court, to take place on a date established by the Court, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated Settlement pursuant to class action procedures and requirements; (ii) determining the amount of the award of attorneys' fees and costs to Class Counsel; (iii) determining the amount of the Service Payment to the Class Representative; and (iv) entering the Judgment.

2.18 "Final Judgment" means the latest of the following dates: (i) if no Class Member files an objection to the Settlement, then the date the Court enters a judgment dismissing all of the Class claims in the Action and an Order of Final Approval of the Settlement; (ii) if a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the District Court's final approval of the Settlement has passed, assuming no appeal or request for review is filed; or (iii) if an appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees, costs or the Service Payment to the Class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

1
2        Representative shall not by itself in any way delay or preclude the Judgment from becoming a
         Final Judgment.

3
4            2.19    "Judgment" means the judgment to be executed and filed by the Court pursuant to
         this Stipulation following the Final Approval Hearing.

5
6            2.20    "Maximum Settlement Amount" is the maximum gross total settlement amount of
         $140,000, which amount shall include: (1) all payments to Plaintiff Jose Zaldivar and Class
7
         Members pursuant to this Settlement; (2) all Attorneys' Fees and Costs and expenses related to
8
         the claims released in accordance with Paragraph 4 below, the Litigation, documenting the
9
         settlement, securing trial and appellate court approval of the settlement, and obtaining dismissal
10
         with prejudice of the Litigation; (3) an individual service payment to Plaintiff Jose Zaldivar to
11
         compensate him for his execution of a general release of all known and unknown claims, in
12
         accordance with Paragraph 6 below; (4) all costs associated with administering the settlement,
13
         including costs and fees to be paid to the Claims Administrator; and (5) the payment to the
14
         California Labor Workforce Development Agency for settlement and release of claims for
15
         penalties under the Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, *et seq.*
16
             2.21    "Notice of Settlement" means the document provided to Class Members to notify
17
         them of the settlement, a copy of which is attached hereto as Exhibit 1.
18
             2.22    "Parties" means Plaintiff and Defendant collectively.
19
             2.23    "Preliminary Approval Date" means the date on which the Court enters the Order
20
         approving the Stipulation of Settlement, and the exhibits thereto, and providing for notice to the
21
         Class, an opportunity to opt out of the Class, an opportunity to submit timely objections to the
22
         settlement, a procedure for submitting claims, and setting a hearing on the fairness of the terms of
23
         settlement, including approval of the Service Payment and attorneys' fees and costs.
24
             2.24    "Qualified Claimant" means a Class Member who has timely submitted a fully and
25
         correctly completed and signed and dated Claim Form. A Qualified Claimant shall also include a
26
         Class Member who has submitted a correctly completed and signed Claim Form that is late, but
27
         whose Claim Form is nonetheless accepted by Defendant, in its sole discretion, as provided

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  herein.

2     2.25   "Released Claims" shall mean any and all federal, state, and local law claims

3  related or pertaining to the: (a) failure to pay overtime wages; (b) failure timely to pay wages

4  resulting from the failure to pay overtime wages; (c) failure timely to pay final wages upon

5  termination; (d) failure to provide accurate, itemized wage statements; and (e) all penalties

6  (including but not limited to civil and statutory penalties, including penalties under the Private

7  Attorneys General Act), liquidated damages, punitive damages, interest, attorneys' fees, litigation

8  costs, restitution and equitable relief (including under Business & Professions Code §§ 17200 *et*

9  *seq.*), or additional damages that arise from or relate to the claims described in (a) through (d)

10  above under any applicable law, that accrued or accrue through the last date on which an Opt-Out

11  Request must be submitted to the Claims Administrator (as set forth below) ("Released Claims").

12  State and Federal Statutory Claims: The Released Claims specifically include any and all claims

13  arising under the Fair Labor Standards Act; any and all claims arising under the California Labor

14  Code, including, without limitation, §§ 201, 202, 203, 204, 204b, 210, 215, 216, 218.5, 218.6,

15  225.5, 226, 226.3, 226.6, 510, 558, 1194, 1194.2, 1194.3 and 2698-2699.5, and the California

16  Business & Professions Code §§ 17200 *et seq.*; and any and all claims arising under any

17  applicable California Industrial Welfare Commission Wage Order(s).  Settlement Class Members

18  who do not timely opt out of the settlement shall be deemed to have fully released all Released

19  Claims.  Settlement Class Members who do not submit a Claim Form or who submit late Claim

20  Form that is not accepted by Defendant will not be deemed to have waived or released any

21  claim(s) that may exist under the FLSA.  With regard to the Released Claims only, Settlement

22  Class Members waive all rights under California Civil Code section 1542, which states: "A

23  general release does not extend to claims which the creditor does not know about or suspect to

24  exist in his or her favor at the time of executing the release, which if known by him or her must

25  have materially affected his or her settlement with the debtor."

26     2.26   "Service Payment" means the amount approved by the Court to be paid to the

27  Class Representative, in recognition of his efforts in coming forward as Class Representative,

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JOINT STIPULATION OF SETTLEMENT

Case Nos. C-09-04812 SC

submitting to a day-long deposition, assisting Plaintiff's counsel in the prosecution of this Action, and as consideration for a full, general, and comprehensive release of his Released Claims, which shall be in addition to his portion of the Settlement Payment. The Service Payment for the Class Representative shall not exceed Ten Thousand Dollars and Zero Cents ($10,000.00), with reversion to the Settlement Pool of any portion not awarded by the Court upon application of Class Counsel. Defendant will not oppose Class Counsel's application for the Service Payment for the Class Representative.

2.27 "Settlement Documents" means this Joint Stipulation of Settlement, the Notice of Settlement (Exhibit 1) and the Claim Form (Exhibit 2).

2.28 "Settlement Payment" means the amount due each Qualified Claimant under the terms of this Stipulation.

2.29 "Settling Parties" means Defendant, LLI Releasees, and Plaintiff and the Settlement Class.

2.30 "Settling Plaintiff(s)" and/or "Settlement Class" mean all Class Members who do not timely submit a signed and valid Opt-Out Request to the Claims Administrator.

2.31 "Settlement Pool" is the portion of the Maximum Settlement Amount available for distribution to Qualified Claimants. It equals the Maximum Settlement Amount less Court-approved attorneys' fees and costs, settlement administration costs, the Court-approved Class Representative Service Payment, and the payment to the State of California LWDA.

2.32 "Stipulation of Settlement" or "Stipulation" or "Settlement" shall mean this Joint Stipulation of Settlement, signed by counsel for all of the Parties.

2.33 "Weeks Worked" or "Workweeks" shall mean the number of full (i.e., non-partial) workweeks that each Class Member worked in California in an eligible position category or job title during the Class Period for one of the LLI Releasees, which shall be calculated and weighted pursuant to Section 6.7.

## 3. DESCRIPTION OF THE LITIGATION

3.1 On September 3, 2005, Plaintiffs Crelencio Chavez and Jose Zaldivar filed a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

putative class action complaint against Defendant in the California Superior Court, County of Alameda, captioned *Crelencio Chavez and Jose Zaldivar, an individual and on behalf of all others similarly situated, v. Lumber Liquidators, Inc., et al.*; Case No. RG09472265. The action was removed to the U.S. District Court for the Northern District Court of California on or about October 3, 2009, and assigned Case No. C-09-04812 SC.

      3.2     In January 2010, Plaintiffs filed the currently operative Second Amended Complaint, which contained the following seven claims: (1) failure to pay minimum and overtime wages in violation of California Labor Code § 1194; (2) failure to pay overtime wages in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (3) failure to provide meal breaks and pay premium pay under California Labor Code § 226.7; (4) failure to pay vacation upon termination in violation of Labor Code § 227.3; (5) failure to reimburse business expenses in violation of Labor Code § 2802; (6) failure to provide accurate wage statements in violation of Labor Code § 226; and (7) unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.* The action was brought on behalf of a proposed class that included current and former non-exempt hourly employees of Defendant in California who received both overtime pay and commission/bonus wages from September 3, 2005 through the present.

      3.3     On December 30, 2011, Plaintiffs Chavez and Zaldivar sought class certification of five proposed classes of former and current employees of Defendant employed in stores in California during the period from September 3, 2005 to the present. In an Order dated March 26, 2012, the Court granted certification of one class represented by Plaintiff Zaldivar and denied certification of all other proposed classes. Specifically, the Court certified the following "Unpaid Overtime Class":

[A]ll past and current retail store employees of [Defendant] classified by [Defendant] as non-exempt employees ... and employed in California from September 3, 2005 through the present, who were paid overtime wages and were also paid commission wages and/or other non-

1    discretionary pay or bonuses.

2
3       3.4     Through substantial and extensive informal and formal discovery, Defendant

4    provided Plaintiff's counsel with voluminous class data, including hundreds of thousands of rows

5    of actual sales bonus/commission amounts, and overtime and double-time payments paid to Class

6    Members and the dates on which they were paid, the number of former employees, written

7    policies, records reflecting Plaintiff's time worked, meal period logs, earnings statements,

8    company bonus plans, and other evidence of bonus payments for the Class Period. Many of these

9    documents were produced following law and motion briefing and hearing before the Magistrate

10   Judge. Defendant deposed Plaintiff Zaldivar. Defendant produced a corporate witness pursuant

11   to Rule 30(b)(6) of the Federal Rule of Civil Procedure for two (2) full days of deposition by

12   Plaintiff's counsel.

13      3.5     On May 21, 2013, the Parties participated in a day-long mediation with Court-

14   appointed mediator Richard S. Whitmore in San Francisco, California. Negotiations continued

15   after that date, and the Parties accepted a mediator's proposal and finalized the terms of their

16   agreement on May 29, 2013. The mediation and all of the terms of that settlement are contained

17   within this Stipulation of Settlement. At all times, the Parties' settlement negotiations have been

18   non-collusive, adversarial, and at arm's length.

19      3.6     Discussions between counsel for the Parties, informal discovery, as well as the

20   respective investigation and evaluation of Plaintiff's claims by the Parties, have permitted each

21   side to assess the relative merits of the claims and the defenses to those claims. The Parties agree

22   that the above-described investigation and evaluation, as well as discovery and the information

23   exchanged during the settlement negotiations, are sufficient to assess the merits of the respective

24   Parties' positions and to compromise the issues on a fair and equitable basis.

25   **4.      BENEFITS OF THE SETTLEMENT TO THE PARTIES**

26      4.1     Based on their own independent investigations and evaluations, Class Counsel is

27   of the opinion that the Settlement with Defendant for the consideration and terms set forth herein

28   is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                    10                      Case Nos. C-09-04812 SC
                          JOINT STIPULATION OF SETTLEMENT

interests of the Class. Class Counsel is of the opinion that the total consideration and payment set forth in this Stipulation of Settlement is adequate in light of the uncertainties surrounding the risk of further litigation, the possibility of losing a motion for decertification, and the defenses that Defendant has asserted and/or could assert as to the substantive merit of the claims.

4.2     Class Counsel has weighed the monetary benefit under the Settlement to the Settlement Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendant through a motion for decertification, motion for summary judgment, trial and possible appeals. Class Counsel has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. As a result, Class Counsel has determined that the settlement set forth in this Stipulation of Settlement is in the best interests of the Settlement Class.

## 5.     DEFENDANT'S POSITION

5.1     Defendant and the LLI Releasees specifically and generally deny any and all liability or wrongdoing of any sort with regard to the claims alleged, make no concessions or admissions of liability of any sort, and contend that for any purpose other than Settlement, the Action is not appropriate for class action, collective action, or representative action treatment. Nonetheless, Defendant has concluded that further conduct of the Action would be protracted, distracting and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendant has also taken into account the uncertainty and risks inherent in any litigation. Defendant has therefore determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

5.2     Neither this Stipulation of Settlement, nor any document referred to in it, nor any actions taken pursuant to this Stipulation of Settlement, is or should be construed as an admission by Defendants of any fault, wrongdoing, or liability whatsoever. Nor should the Stipulation of Settlement be construed as an admission that Plaintiff and the purported class meet any of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. C-09-04812 SC

required elements for certification under Rule 23 of the Federal Rules of Civil Procedure or that a collective action could be certified under the FLSA.

     5.3    Defendant and its counsel have concluded that it is desirable that the Action be settled in a manner and upon such terms and conditions set forth herein in order to avoid further expense, inconvenience and distraction of further legal proceedings, and the risk of the outcome of the Action. Therefore, Defendant has determined that it is desirable and beneficial to resolve the claims in the Action.

**6.    OPERATIVE TERMS OF SETTLEMENT**

    The Parties to this case agree as follows:

    6.1    <u>Class Certification</u>

     6.1.1    The Parties stipulate, for settlement purposes only, to the certification by the Court of the Class, as defined herein.

     6.1.2    If, for any reason, the Court does not approve this Stipulation, fails to enter the Judgment, or if this Stipulation is terminated for any other reason, Defendant shall, and hereby does, retain the right to dispute the appropriateness of class certification.

    6.2    <u>Maximum Settlement Amount</u>

     6.2.1    Defendants shall pay an amount not to exceed One Hundred and Forty Thousand Dollars and Zero Cents ($140,000.00) as the Maximum Settlement Amount to resolve the Action on a class-wide basis, as described more fully below. The Maximum Settlement Amount includes the costs of administration of the Settlement, which the Parties estimate will likely not exceed $15,000.00; reasonable attorneys' fees and costs as determined by the Court (not to exceed 30% of the Maximum Settlement Amount) for Class Counsel; the Service Payment to Class Representative Jose Zaldivar (not to exceed Ten Thousand Dollars and Zero Cents ($10,000.00)), and a payment of Seven Thousand and Five Hundred Dollars and Zero Cents ($7,500.00) to the California Labor and Workforce Development Agency ("LWDA") for the State of California's share of the PAGA penalties, with the balance ("Settlement Pool") to be used to pay the Settlement Payments to Qualified Claimants pursuant to Section 6.7 below.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

6.2.2 Notwithstanding the foregoing, in addition to the Maximum Payment Amount, Defendant will pay the employer's portion of payroll taxes, including FICA and FUTA, on the portion of each Settlement Payment allocated as unpaid wages, in an amount to be calculated by the Claims Administrator.

6.3 Class Representative Service Payment

6.3.1 The Class Representative's Service Payment (which is in addition to his payment from the Settlement Pool) will, subject to Court approval, be paid out of the Maximum Settlement Payment in an amount not to exceed Ten Thousand Dollars and Zero Cents ($10,000.00) for his service and assistance to the Class. For purposes of tax withholding, the Service Payment will be treated as 95% attributable to wages and 5% attributable to interest and penalties, and required payroll taxes will be withheld as appropriate from the portion treated as wages. Any amount of the Class Representative Service Payment that is not awarded by the Court shall revert to the Settlement Pool.

6.4 Attorneys' Fees and Attorneys' Costs

6.4.1 Class Counsel shall apply to the Court for an award of reasonable attorneys' fees/costs not to exceed Forty Two Thousand Dollars and Zero Cents ($42,000.00), which represents approximately 30% of the Maximum Settlement Amount. Defendant will not oppose Class Counsel's request for Attorneys' Fees and Costs consistent with this Stipulation. (Attorneys' Costs does not include "Settlement Administration Costs".) Any amount of attorneys' fees and/or costs not awarded by the Court shall revert to the Settlement Pool.

6.5 PAGA Payment

6.5.1 Defendant shall pay a total amount of Ten Thousand Dollars and Zero Cents ($10,000.00) in settlement of all claims for civil penalties under the PAGA. Defendants shall pay 75% of the PAGA settlement amount (i.e., Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00)) to the LWDA. The remaining Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) shall be included in the Settlement Pool and distributed to the Qualified Claimants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

1

### 6.6 Claims Administrator

6.6.1 The Claims Administrator shall be CPT Group. All fees and expenses reasonably incurred by the Claims Administrator as a result of the procedures and processes expressly required by this Stipulation (the "Settlement Administration Costs") shall be paid out of the Maximum Settlement Payment and are not expected to exceed Fifteen Thousand Dollars and Zero Cents ($15,000.00). Under no circumstances will Defendant be required to contribute additional funds, above and in addition to the Maximum Settlement Payment, to cover any unexpected Settlement Administration Costs. The Settlement Administration Costs shall include: all costs of administering the Settlement, including, but not limited to, all tax document preparation, custodial fees, and accounting fees incurred by the Claims Administrator; all costs and fees associated with establishing and maintaining a Qualified Settlement Fund ("QSF"); all costs and fees associated with preparing, issuing and mailing any and all notices and other correspondence to Class Members and/or Qualified Claimants; all costs and fees associated with communicating with Class Members, Class Counsel, and Defendants' Counsel; all costs and fees associated with computing, processing, reviewing, and paying the Settlement Payments, and resolving disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes, making related payment to federal and state tax authorities, and issuing tax forms relating to payments made under the Settlement; all costs and fees associated with preparing any tax returns and any other filings required by any governmental taxing authority or agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared in the course of administering Settlement Payments; and any other costs and fees incurred and/or charged by the Claims Administrator in connection with the execution of its duties under this Stipulation.

6.6.2 The actions of the Claims Administrator shall be governed by the terms of this Stipulation and any Orders from the Court and any agreement by counsel of record for the Parties regarding communications with the Settlement Administrator. Absent any agreement, Defendant and its counsel may communicate with the Claims Administrator without notice and/or

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

14                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

1

copies to opposing counsel.

2

6.6.3    In the event that either Defendant's Counsel or Class Counsel take the

3

position that the Claims Administrator is not acting in accordance with the terms of the

4

Stipulation, such party shall meet and confer first with opposing counsel and/or, if necessary, with

5

the Claims Administrator or the Court to attempt to resolve the issue.

6

6.7    Calculation of Settlement Payments

7

6.7.1    Each Class Member will be entitled to apply to receive a settlement

8

payment (the "Settlement Payment"), which will be paid out of the Maximum Settlement

9

Amount. The Settlement Payment amount for a Class Member who becomes a Qualified

10

Claimant shall be calculated as follows:

11

(a)    For each Qualified Claimant, the Claims Administrator will

12

calculate an Overtime Settlement Amount, which will be based on the amount of overtime hours

13

worked and amount of commission/sales bonus wages he/she was paid while employed by

14

Defendant in California from September 3, 2005 through the present and calculated specifically

15

using the following steps: For any period of time within the Class Period during which

16

Defendant did not include commission/sales bonus wages in the calculation of the "regular rate"

17

for payment of overtime, (1) the total monthly commission/sales bonus wages will be divided by

18

the total monthly hours worked during the month in which the commission/sales bonus was

19

earned, (2) the sum of that figure will be divided by 2 to arrive at the sales bonus overtime rate,

20

(3) the applicable sales bonus overtime rate shall be multiplied by all overtime hours worked

21

during the month in which the commission/sales bonus was earned, (4) the applicable sales bonus

22

overtime rate shall be multiplied by 2 and then multiplied by all doubletime hours (if any) worked

23

during the month in which the commission/sales bonus was earned, and (5) the sum of the results

24

of steps 3 and 4 shall be the Overtime Settlement Amount.

25

(b)    After the Overtime Settlement Amount is deducted from the

26

Settlement Pool, any remaining amount will be distributed to Class Members *pro rata* on a

27

workweek basis for all Eligible Workweeks worked by Class Members. All Workweeks for

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15                          Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

Class Members whose employment terminated prior to the Preliminary Approval Date and after September 3, 2006, will be credited with an additional two (2) Workweeks to recognize the potential recovery of Labor Code § 203 waiting time penalties for those Class Members. For example, a former employee Class Member who worked for five (5) Workweeks prior to the Preliminary Approval Date but after September 3, 2006 and five (5) Workweeks prior to September 3, 2006 would be credited with twelve (12) Eligible Workweeks (e.g., 5 + 2 + 5).

(c) "Eligible Workweeks" mean, and are calculated using, the number of pay periods for which each Class Member received a pay check (which thus reflects full work workweeks) while the Class Member worked in an eligible position category or job title during the Class Period. This calculation methodology is intended to reflect compensation for periods when Class Members were actually working (i.e., it does not credit a Class Member for periods of time, such as during a leave of absence, when the Class Member was employed but not actually working and not subjected to the alleged unlawful practices at issue). The total of all Eligible Workweeks worked by all Class Members in eligible position categories or job titles, calculated in the manner discussed in this section, and adjusted pursuant to the weighting formula as set forth in 6.7.1(b) above, will be the total Eligible Workweeks.

(d) After the Overtime Settlement Amount is deducted from the Settlement Pool, the remaining amount will be divided by the total Eligible Workweeks to produce a dollar amount that will be the value of one Eligible Workweek: (e.g., Settlement Pool minus Overtime Settlement Amount ÷ Total Eligible Workweeks = Workweek Value). The payment that each Qualified Claimant may receive for his or her Eligible Workweeks (provided he or she timely and properly files a claim) is determined by multiplying each Qualified Claimant's individual Eligible Workweeks by the Workweek Value.

6.7.2 The Parties recognize that the Settlement Payments to be paid to Class Members reflect settlement of a dispute over claimed wages, interest, penalties, and other alleged damages. All Settlement Payments to Class Members shall be allocated as follows for tax purposes: unpaid wages to Class Members = 33.33% of each Settlement Payment; interest =

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. C-09-04812 SC

33.33% of each Settlement Payment; and penalties = 33.33% of each Settlement Payment. The portion of the Settlement Payment attributable to unpaid wages will be subject to regular and/or applicable payroll and income tax withholdings (for the employee portion only), and will be reported on an IRS Form W-2. As to those portions of the Settlement Payments reported as non-wage income, the Class Representative and Qualified Claimants each agree to indemnify and hold harmless Defendant for any taxes due or owing by them with respect such payments and/or any penalties and interest owed by Defendant for the failure to withhold with respect to such payments. The Claims Administrator shall make appropriate tax withholdings from the portion of each Settlement Payment designated as unpaid wages, and shall pay the employer portion of the taxes and withholdings with funds separate from the Maximum Settlement Payment (to be furnished by Defendants). Class Members will be responsible for paying all other taxes due on their Settlement Payments. Other than as set forth above, the Claims Administrator will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments to the extent permitted by law, or charity withholdings, from or with respect to the payments to Class Members, and entry of the Order of Final Approval by the Court shall be deemed authority not to make any such deductions, withholdings, or additional payments.

6.7.3    Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Defendants. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of the LLI's Releasees' benefit plans, policies, or bonus programs. The LLI Releasees retain the right to modify the language of their benefit plans, policies and bonus programs to effectuate this intent, and to make

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. C-09-04812 SC

clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation of Settlement.

6.7.4   Qualified Claimants will receive a Settlement Payment that is the sum of his or her Overtime Settlement Amount and total Eligible Workweek value.

6.7.5   If a Class Member does not timely submit a Claim Form, he or she shall not be entitled to, and shall not, recover any money pursuant to this Settlement and shall not receive a Settlement Payment. Any unclaimed portions of the Settlement Pool shall remain and be treated as Defendant's property and shall not be paid out to Class Members. In that respect, this is a "claims made" (i.e., reversionary) settlement.

6.8   Releases

6.8.1   Upon Final Approval, the Class Representative shall be deemed to have fully, finally, and forever released the LLI Releasees from all Class Representative's Released Claims that exist or accrued through the Final Approval Date.

6.8.2   In addition, the Class Representative shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he may otherwise have had relating to the Class Representative's Released Claims pursuant to § 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

6.8.3   Upon Final Approval, all Class Members shall be deemed to have fully, finally, and forever released the LLI Releasees from all of the Released Claims through the date on which Opt-Out Requests must be submitted with the Claims Administrator (which is the same as the Claims Period Deadline). Provided, however, that Class Members who do not submit Claim Forms will not be deemed to have released any claims under the FLSA.

6.8.4   With respect to the Released Claims only, and subject to Section 6.8.1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

above, Plaintiff and each Class Member shall be deemed to have expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he/she may

otherwise have had pursuant to § 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

      6.8.5   The above releases shall take effect unconditionally upon the Effective Date.

## 7. NOTICE TO CLASS AND CLAIM PROCEDURE

    7.1   Preliminary Approval

      7.1.1   Class Counsel jointly submit to the Court this Joint Stipulation of

Settlement and exhibits thereto for preliminary approval by the Court. Class Counsel will prepare

and file the Preliminary Approval papers for the Court, subject to Defendant's prior review and

approval. The Court's preliminary approval of this Settlement shall be embodied in an Order

certifying the Class for settlement purposes only, preliminarily approving the Settlement and

providing for Settlement Documents to be mailed to the Class in the format attached hereto as

Exhibits 1 and 2, and which will also set the date for the final approval hearing.

    7.2   Notice

      7.2.1   No later than twenty (20) calendar days after the Court issues the

Preliminary Approval Order, Defendant shall provide to the Claims Administrator in electronic

form, a list of each Class Member, including each person's name, last known address, social

security number, employment status (current or former), number of Eligible Workweeks, and

Overtime Settlement Amount ("Database"). The Database shall be based on Defendant's

personnel, payroll, and/or other business records and provided in a format acceptable to the

Claims Administrator. Defendant agrees to consult with the Claims Administrator prior to the

production date to ensure that the format will be acceptable to the Claims Administrator. The

Claims Administrator shall maintain the Database, and all data contained within the Database, as

private and confidential and shall not disclose such data to any persons or entities other than

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

counsel for Defendant, unless otherwise required by law. To the extent the Claims Administrator receives inquiries from individual Class Members, the Claims Administrator will apprise the Parties of the fact of the inquiry without disclosing the Class Member's name. The Claims Administrator will attempt to resolve any such inquiry and may involve the Parties' respective counsel to the extent necessary. In the event that the inquiry cannot be resolved adequately by the Claims Administrator and, if necessary, the Parties, then the Parties shall meet and confer in good faith regarding whether disclosure of the individual Class Member's name to Class Counsel will assist in resolution of the inquiry. If Class Counsel is contacted by a Class Member regarding his/her data, the Claims Administrator shall identify and disclose that specific Class Member's data upon the request of Class Counsel. Upon production of the Database, Defendant will verify that to the best of its knowledge the database is complete and accurate and provides all of the information required pursuant to this Stipulation and any applicable court orders. The information in the Database is being supplied solely for purposes of the administration of the settlement and hence cannot be used by the Claims Administrator for any purpose other than to administer the Settlement. Upon receipt of the Database, the Claims Administrator shall check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members. Twenty-five (25) calendar days after the Claims Administrator mails the Notice of Settlement, the Claim's Administrator shall run a "skip-trace" of the Class Members listed as former employees in the Database who have not, at that point, returned a Claim Form or otherwise contacted the Claims Administrator. The Claims Administrator will update the Database with all new contact information found pursuant to its obligations in this paragraph.

   7.2.2 Within thirty (30) calendar days of the Preliminary Approval Date, the Claims Administrator will send via United States first class mail the Notice of Settlement and Claim Form to the Class Members, and the Claim Form shall include the estimated Settlement Payment, as calculated under Section 6.7, that a Qualifying Claimant would be eligible to receive. The Notice of Settlement shall advise Class Members of their options, which include: filing a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

timely and correctly completed Claim Form, filing an Opt-Out Request, filing an objection to the Settlement; or taking no action.

7.2.3   If any Settlement Documents are returned to the Claims Administrator as undeliverable, the Claims Administrator shall run a skip-trace using that Class Member's social security number in an effort to attempt to ascertain the current address of the Class Member. If such an address(es) is ascertained, the Claims Administrator shall re-mail the Settlement Documents within ten (10) calendar days. If alternative addresses are obtained for a Class Member, the Claims Administrator shall send the Notice of Settlement and Claim Form to up to three (3) alternative addresses.

7.2.4   In order to claim his/her share of the Settlement Pool, a Class Member must submit to the Claims Administrator a signed and dated Claim Form that is postmarked within sixty (60) calendar days from the initial mailing of the Settlement Documents ("the Claims Period Deadline"). The Claim Form will also serve as each Class Member's written consent to become a party plaintiff pursuant to § 216(b) of the FLSA. Except as provided herein, no Claim Forms will be honored if postmarked after the Claims Period Deadline. If a Claim Form is timely post-marked but is incomplete or otherwise deficient, the Claims Administrator will send the Class Member a notice of deficiency, and the Class Member will have fifteen (15) calendar days following the mailing of the notice of deficiency to cure the deficiency. If a Claim Form is post-marked after the Claims Period Deadline, Defendant shall have the option to determine, in its sole and absolute discretion, whether or not to accept the Claim Form. If a late submitted Claim Form is accepted by Defendant, it shall be considered the same as if it had been timely submitted.

7.2.5   Class Members, except for the Class Representative, will have sixty (60) calendar days from the date on which the Settlement Documents are mailed within which to opt-out of (i.e., request exclusion from) the Settlement. Class Members who wish to exercise this option must timely submit a signed and dated written request to be excluded from the Settlement to the Claims Administrator ("Opt-Out Request"), which must state generally that they do not wish to take part or being included in the Settlement. The Opt-Out Request must be postmarked

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

on or before sixty (60) calendar days from the date of mailing the Settlement Documents. Class Members who do not timely submit an executed Opt-Out Request shall be deemed part of the Settlement Class and bound by the Settlement. Class Members who timely submit an executed Opt-Out Request shall have no further role in the Action, and for all purposes they shall be regarded as if they never were a party to this Action or a Class Member, and thus they shall not be entitled to any payment as a result of this Settlement and shall not be entitled to or permitted to assert any objection whatsoever to the Settlement. The Notice of Settlement shall advise Class Members of their ability to opt-out of the Settlement and of the consequences thereof. Neither the Parties nor any of their counsel will solicit any Class Member to submit an Opt-Out Request.

7.2.6    Class Members who timely submit both an Opt-Out Request and a Claim Form shall be sent a letter by the Claims Administrator requesting clarification of the Class Member's intent. The letter will state that, unless the Class Member clarifies within seven (7) calendar days that he or she intends to opt-out, the Class Member will be deemed to be a Qualified Claimant and his or her opt-out request will be null and void.

7.2.7    Class Members, except for the Class Representative, will have sixty (60) calendar days from the date of mailing the Settlement Documents within which to file an objection to the Settlement. Only Class Members who have not filed an Opt-Out Request may object to the Settlement. To object, a Class Member must file with the Court a written objection and a notice of intention to appear at the Final Approval Hearing, simultaneously serve the Parties' Counsel and the Claims Administrator with the written objection as set forth in the Notice of Settlement, and appear at the Final Approval Hearing. The Parties and their counsel agree that they will not solicit, encourage, counsel or advise any individual to object to the Settlement.

7.2.8    A Class Member may challenge his or her Settlement Payment by writing on the Claim Form the number of Eligible Workweeks he or she contends to have worked for Defendant during the Class Period, and submitting any accompanying supporting documentation or other evidence. The number of Eligible Workweeks determined by Defendant shall be rebuttably presumed to be correct and Defendant's records shall be rebuttably presumed correct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22                                    Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

for purposes of determining whether a claimant is a Class Member. If the Class Member does not provide any documents or other evidence, the challenge may be rejected by the Claims Administrator. All other challenges will be resolved at the exclusive discretion and authority of the Claims Administrator after seeking input from counsel for the Parties. The Claims Administrator's decision shall be binding and non-appealable by Plaintiff, Defendant, or the Class Member. Defendant will promptly provide any information or documents reasonably requested by the Claims Administrator to make its determination.

7.2.9 Beginning fourteen (14) calendar days after the date on which the Settlement Documents are mailed, the Claims Administrator shall provide to Class Counsel and counsel for Defendant a weekly status report that will be cumulative, reflecting the number of Class Members who have filed each of the following: completed Claim Forms, incomplete Claim Forms, untimely Claim Forms, Claim Forms returned as undeliverable, objections, and Opt-Out Requests.

7.2.10 If one percent (1%) or more of the total number of Class Members submit timely and valid Opt-Out Requests, then Defendant shall have the option, in its sole and exclusive discretion, to void the Settlement. To exercise this option, Defendant must send written notification to Class Counsel within ten (10) calendar days of receiving the first status report from the Claims Administrator after the passing of the Claims Period Deadline. If Defendant chooses to exercise this option, the effect will be precisely the same as if Final Approval did not occur, as discussed herein.

7.3     Final Approval

7.3.1 Prior to the Final Approval Hearing, Plaintiff will move the Court for entry of the Order of Final Approval (and associated entry of Judgment): (a) certifying the Class for Settlement purposes only, (b) finding the Settlement fair, reasonable, adequate, and in the best interests of the Class Members, (c) approving Class Counsel's application for an award of attorneys' fees and costs, (d) approving Class Representative's application for Service Payment, (e) approving the payment of reasonable Settlement Administration Costs, and (f) (i) dismissing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23                          Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

all of the Class claims in the Action with prejudice and releasing and barring any further Released Claims by Class Members who do not opt out of the Settlement, and (ii) dismissing all of the claims of Jose Zaldivar in the Action with prejudice and dismissing Zaldivar as a party from the Action and releasing and barring all of the Class Representative's Released Claims. The Parties and their respective counsel shall make all reasonable efforts to secure entry of the Order of Final Approval. The proposed Order of Final Approval (and the associated proposed Judgment) shall be filed with the Court with the motion for Final Approval, or as otherwise directed by the Court.

7.3.2    Prior to the Final Approval Hearing, and at least one (1) week prior to the Opt Out deadline, Class Counsel shall file a motion seeking approval of attorneys' fees and costs and the proposed Service Payment to the Class Representative as set forth in the Stipulation. Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of the Service Payment and attorneys' fees and costs to the Court, and they agree to submit, as appropriate, the necessary materials to justify these payments. Defendant will not oppose the amount of the Service Payment and attorneys' fees and costs sought, as long as they are consistent with the Stipulation. If the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for the Service Payment for the Class Representative as set forth herein, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of Defendant under this Stipulation. Any unawarded attorneys' fees and/or costs shall revert back into the Settlement Pool for distribution to Class Members.

7.3.3    Defendant shall have the sole right to void and withdraw from this Stipulation if at any time prior to the Final Approval Date: (a) one percent (1%) or more of all Class Members opt out of the Settlement; or (b) the Settlement is construed in such a fashion that Defendant would be required to pay more than the Maximum Settlement Amount, plus Defendant's share of the employer payroll taxes; or (c) the Court does not certify the settlement class, or does not certify a class releasing the Released Claims set forth in this Stipulation, or otherwise makes an order inconsistent with any of the material terms (as determined by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24                          Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

Defendant) of this Stipulation; or (d) any pending litigation or litigation filed prior to the Final Approval Date in any way prevents this Stipulation from resolving all claims identified in the Class Representative's Released Claims and Released Claims, as defined herein; or (e) Plaintiff or his counsel breaches this Stipulation.

7.3.4    If an appeal results in an order materially modifying, setting aside, or vacating any portion of the Stipulation, with the exception of any modification of the amount of attorneys' fees or costs to be paid to Class Counsel, or the amount of the Service Payment paid to the Class Representative, each party adversely impacted by the order shall have the absolute right, at its sole discretion, to treat such order as an event permanently preventing Final Approval. To exercise this right, the party must inform the other party and the Claims Administrator, in writing, of the exercise of this right, within ten (10) calendar days of receiving notice of any order modifying, setting aside, or vacating any portion of the Stipulation. Before either Party elects to exercise its right to treat such order as an event permanently preventing Final Approval, such Party must meet and confer in good faith with the other Party to determine if an agreement can be reached modifying this Settlement to the mutual satisfaction of the Parties.

7.3.5    If the Final Approval or Final Judgment does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation. In such an event, if the Stipulation is not approved by the Court substantially in the form agreed to by the Parties, or if the Settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Final Approval Date does not occur, this Stipulation (except for those provisions relating to non-admission, denial of liability set forth herein, and the confidentiality agreements entered into by the Parties) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid by Defendant to Class Counsel, or reducing the amount of any Service Payment paid to the Class Representative, shall constitute grounds for cancellation or termination of the Stipulation, or grounds for limiting any other provision of the Judgment.

7.4     Funding and Distribution of the Settlement Proceeds

7.4.1   Within fifteen (15) calendar days after the Effective Date, Defendant shall pay into the QSF set up, held, and controlled by the Claims Administrator the amounts necessary to fund the Settlement and make the payments required by this Stipulation. In the event of any appeal of attorneys' fees, costs, or the Final Judgment, the Claims Administrator shall ensure that the monies in the QSF are in an interest bearing account. Any settlement, attorneys' fees, or costs payments made thereafter to Qualified Claimants or Class Counsel will include the pro-rated interest earned from the date of the notice of appeal until 30 days prior to the settlement payment.

7.4.2   Within thirty (30) calendar days of the Effective Date, the Claims Administrator shall issue Settlement Payments to Qualified Claimants in the form of a check.

7.4.3   After one hundred eighty (180) calendar days of issuance, funds from undeposited checks will be held by the Claims Administrator; if the Class Member to whom the undeposited check is issued does not contact Class Counsel or the Claims Administrator concerning his or her settlement payment within one-hundred eighty (180) calendar days of issuance, the Stipulation of Settlement, including its release of claims, will be binding on that Class Member (except with respect to FLSA claims), and the amount of that Class Member's settlement payment shall be transmitted to the Controller of the State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law.

7.4.4   Within thirty (30) calendar days of the Effective Date, the Claims Administrator shall pay the Court-approved Attorneys' Fees and Costs to Class Counsel or a trust account designated by Class Counsel. Class Counsel shall provide to the Claims Administrator,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26                              Case Nos. C-09-04812 SC
JOINT STIPULATION OF SETTLEMENT

with a copy to Defendant, the pertinent taxpayer identification number and IRS Form W-9 within ten (10) calendar days after the Final Approval Date.

7.4.5 Within thirty (30) calendar days of the Effective Date, the Claims Administrator shall send a check by mail for the Court-approved Service Payment to the Class Representative.

7.4.6 Within thirty (30) calendar days of the Effective Date, the Claims Administrator shall send a check by mail to the California Labor Workforce Development Agency for the State of California's share of the PAGA penalty payment and referencing the fact of this Settlement.

7.4.7 Upon the Final Approval Date, the Released Claims in the Action will be dismissed with prejudice on a class-wide basis.

## 8. MISCELLANEOUS PROVISIONS

8.1 Neither the acceptance nor the performance by Defendant of the terms of this Stipulation, nor any of the related negotiations or proceedings, is or shall be claimed to be, construed as, or deemed to be, an admission by Defendant of the truth of any of the allegations in the Complaint, the representative character of the Action, the validity of any of the claims that were or could have been asserted by Plaintiff and/or Class Members in the Action, or of any liability or guilt of Defendant in the Action. Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing toward Plaintiff, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward Plaintiff, the Class Members, and any other person. Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.

8.2 The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement. Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other action as may reasonably be necessary to fulfill the terms of this Settlement. The Parties to this Settlement shall exercise reasonable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set forth herein.

8.3    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail, return receipt requested, addressed as follows:

> To the Class Counsel:
>
> David A. Garcia
> Tafoya & Garcia LLP
> 316 W. 2nd St., Ste 1000
> Los Angeles, CA 90012
>
> To Defendant:
>
> Eric Meckley
> Jennifer Svanfeldt
> Morgan, Lewis & Bockius LLP
> One Market, Spear Street Tower
> San Francisco, California 94105

8.4    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that this Stipulation shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Stipulation.

8.5    Plaintiff, Class Counsel and all attorneys associated with Class Counsel agree that they will not issue any press releases, initiate any contact with the press, provide any information to the press, or otherwise publicize or cause to be publicized this case, this settlement, or the facts leading up to the case or settlement, and represent that they have not done so prior to signing this Stipulation. As an absolute condition of this Stipulation, Class Counsel will not post anything on their website relating to this matter, except that Class Counsel may post the Settlement Documents on their website, provided that the Settlement Documents shall be removed from the website by the Effective Date. Any communication about the Settlement to Class Members other than Plaintiff prior to the Court-approved mailing will be limited to a statement that a settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

Case Nos. C-09-04812 SC

JOINT STIPULATION OF SETTLEMENT

has been reached and the details will be communicated in a forthcoming Court-approved Notice of Settlement. After the Effective Date, Class Counsel may refer to the fact of the settlement but without naming Defendant or providing any other information that would reveal the identity of Defendant, i.e. Defendant shall be referred to as "National Retail Company."

8.6    The Parties shall refrain from making any disparaging oral or written statements concerning any of the other Parties. The Parties shall also refrain from taking any action, directly or indirectly, which they know or reasonably should know to be disparaging concerning any other Party. The Parties' promises in this subparagraph include any statements made to the media. The Parties' promises in this subsection, however, shall not apply to any judicial or administrative proceeding in which the Party is a party or has been subpoenaed to testify under oath by a government agency or by any third party.

8.7    The Class Representative, by signing this Stipulation, is bound by the terms herein and further agrees not to request to be excluded from the Settlement and not to object to any terms of this Stipulation. Any such request for exclusion or objection shall therefore be void and of no force or effect. Defendant, Class Counsel, and the Class Representative waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation, except (1) either Party may appeal in the event an objector's objection is upheld by the trial court; and (2) Plaintiff and her counsel have the right to appeal any order denying, in whole or in part, her application for the award of attorney's fees and costs and/or Plaintiff's Service Payment.

8.8    Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Class Members, or Plaintiff, may recover or seek to recover any amounts for fees, costs, or disbursements from the Defendant or the LLI Releasees except as expressly provided herein.

8.9    This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

8.10    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and their respective heirs, trustees, executors, administrators, successors, and assigns.

8.11    Because the members of the proposed Class are so numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Stipulation. It is agreed therefore, that for purposes of seeking approval of the Class Settlement, this Stipulation of Settlement may be executed on behalf of the proposed Class by Class Counsel and the Class Representative.

8.12    This Stipulation shall become effective upon its execution by all of the undersigned. The Settling Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

8.13    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

8.14    Paragraph titles or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation, or any provision thereof.

IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly authorized attorneys, as of the day and year herein set forth.

Dated: September 18, 2014

By _____
      Jose Reyes Zaldivar, Plaintiff

Dated: September 26, 2014

By _____
      E. Livingston B. Haskell, Esq.,
      General Corporate Counsel
      LUMBER LIQUIDATORS, INC.

Case Nos. C-09-04812 SC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: September 18, 2014

TAFOYA & GARCIA

By _____
David Garcia

Attorneys for Plaintiff and Class Members

Dated: September 24, 2014

MORGAN, LEWIS & BOCKIUS LLP

By _____
Eric Meckley

Attorneys for Defendant
LUMBER LIQUIDATORS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT 1**

## NOTICE OF CLASS ACTION SETTLEMENT
*Crelencio Chavez, et al. v. Lumber Liquidators, Inc.*
Case No. C-09-04812 SC

**If you worked for Lumber Liquidators, Inc. ("Lumber Liquidators") as a non-exempt employee between September 3, 2005, and the present in California you may be eligible to receive a payment as the result of a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a gross total amount of $140,000 to resolve claims that Defendant Lumber Liquidators violated California's Labor Code and to pay the Court-approved service payment to the Plaintiff/Class Representative, the Court-approved lawyers' fees and costs, the costs of administering the Settlement, and payments to the California Labor Workforce Development Agency for penalties under the Private Attorneys General Act (the "PAGA").

- The settlement resolves a lawsuit about whether Lumber Liquidators violated California's Labor Code; avoids costs and risks to you from continuing the lawsuit; pays money to certain former and current Lumber Liquidators' employees; and releases Lumber Liquidators from liability for certain claims.

- Court-appointed lawyers for the Settlement Class will ask the Court for up to thirty percent of the maximum settlement amount ($42,000) for fees and expenses of investigating the facts, filing the case, and negotiating the settlement.

- The two sides disagree on the merits of the case, and whether Lumber Liquidators owed any additional money to its employees. Lumber Liquidators contends that it at all times paid employees properly and in compliance with all legal requirements.

- Your legal rights are affected whether you act or do not act, so please read this notice carefully.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| Submit a Claim Form | If you submit a timely and complete claim form, you can receive your share of the settlement money. In exchange, you give up any rights to sue Lumber Liquidators separately about the legal claims released by the Settlement. |
| Do Nothing | If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and the release, but you will not receive any money under the Settlement. The claims released will not, however, include claims under the federal Fair Labor Standards Act. |
| Ask To Be Excluded | If you do not wish to participate and want to request exclusion from, or "opt out", of the Settlement, you must submit a written Request for Exclusion from the Settlement bearing a post-mark from a date within the Claims Period. The Request for Exclusion must: (1) legibly state your name, Social Security Number, address and telephone number, (2) state that you request exclusion from or wish to "opt out" of the Settlement, (3) be dated, and (4) be signed by you. Requests for Exclusion must be made individually and cannot be made on behalf of a group of employees or on behalf of other Class Members. If you chose to opt out of the Settlement, you will not receive any money from the Settlement and will not be allowed to object to the Settlement.

The judgment will bind all class members who do not request exclusion. Any member who does not request exclusion may, if they wish, enter an appearance through his or her own lawyer at his or her own expense. |
| Object | If you disagree with the proposed Settlement, you may submit an objection (only if you have not requested to be excluded). If the Court agrees with your objection, the parties can choose whether to withdraw the Settlement or change its terms. If the Court rejects your objection and you have submitted a timely and complete claim form, you will be entitled to participate in the Settlement. You cannot both ask to be excluded and object to the Settlement. |

- **These rights and options – and the deadlines to exercise them – are explained in this notice.**

- **The Court overseeing this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and if there are appeals, after the appeals are resolved.**

**LUMBER LIQUIDATORS WILL NOT RETALIATE AGAINST YOU FOR YOUR DECISION TO SUBMIT A CLAIM FORM, DO NOTHING, ASK TO BE EXCLUDED/OPT OUT, OR OBJECT TO THE SETTLEMENT.**

## 1. Why should you read this Notice?

A proposed settlement (the "Settlement") has been reached in the class action lawsuit currently pending in the United States District Court for the Northern District of California entitled *Chavez, et al. v. Lumber Liquidators, Inc.,* Case No. Case No. C-09-04812 SC (the "Action"). The purpose of this Notice is to describe the case, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Samuel Conti on _____, 2014 at _____ p.m. at the following address: Courtroom 1 of the Phillip Burton Federal Building & United States Courthouse, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the case should be settled.

**YOU MUST COMPLETE AND MAIL THE ENCLOSED CLAIM FORM ("CLAIM FORM") TO THE CLAIMS ADMINISTRATOR BY [INSERT DATE 60 CALENDAR DAYS AFTER SETTLEMENT DOCUMENTS ARE MAILED TO CLASS MEMBERS] TO BE ELIGIBLE TO RECEIVE A POSSIBLE PAYMENT UNDER THE SETTLEMENT. IF YOU DO NOT PROPERLY SUBMIT A TIMELY CLAIM FORM, YOU WILL NOT RECEIVE ANY MONEY UNDER THE SETTLEMENT, BUT YOU WILL STILL BE BOUND BY THE TERMS OF THE SETTLEMENT.**

## 2. Why did you get this notice?

The Court has preliminarily approved for settlement purposes the following class (the "Class"):

"All current and former retail store employees of LLI classified as non-exempt and employed in California who were paid overtime wages and commission/sales bonus wages and/or other nondiscretionary compensation between September 3, 2005 through [INSERT DATE OF PRELIMINARY APPROVAL]."

According to the records of Lumber Liquidators, you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

## 3. What is this case about?

The individual bringing this action (the "Class Representative" or "Plaintiff") alleges the following claims against Lumber Liquidators on his behalf and on behalf of the Class Members: (a) failure to pay overtime wages; (b) failure timely to pay wages resulting from the failure to pay overtime wages; (c) failure timely to pay final wages upon termination; (d) failure to provide accurate, itemized wage statements; and (e) all penalties (including civil and statutory penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief (including under Business & Professions Code §§ 17200 et seq.), and additional damages related to such claims.

Lumber Liquidators does not admit engaging in any unlawful conduct as alleged in this lawsuit. Lumber Liquidators denies that it owes money related to unpaid overtime wages, wage statements, restitution, waiting time penalties, and related claims. Lumber Liquidators is settling the matter as a compromise. Lumber Liquidators reserves the right to object to any claim if for any reason the settlement fails. The Court file has the settlement documents with more information on the lawsuit.

## 4. The lawyers representing you

**The court-appointed attorney for the Class Members ("Class Counsel") is:**

David Garcia
Tafoya & Garcia LLP
316 W. 2nd St., Ste 1000
Los Angeles, CA 90012
Telephone: (213) 617-0600
Facsimile: (213) 617-2226
Website: www.tafoyagarcia.com

## 5. The Settlement Terms.

Subject to final Court approval, Lumber Liquidators will pay up to the total gross amount of $140,000 (the "Maximum Settlement Amount"). The Court has preliminarily approved the following amounts to be funded from the total settlement amount:

1. Fee Award for Class Counsel: Class Counsel will request fees in the amount of up to $42,000, which represents thirty percent (30%) of the Maximum Settlement Amount. The Court will not determine the amount of fees until the Final Approval Hearing. The Fee Award shall compensate Class Counsel for the work they have performed in this action. Class Members are not personally responsible for any of Class Counsel's attorneys' fees.

2. Service Payment to Class Representative: Class Counsel will also seek an enhanced recovery of no more than $10,000 for Jose Reyes Zaldivar for acting as representative plaintiff on behalf of the Settlement Class. This will be in addition to whatever payment he is otherwise entitled to as a class member. If approved by the Court, this amount will be paid from the total settlement amount for his risk and service on behalf of the Settlement Class which included, among other things, reviewing documents, submitting to a deposition, attending strategy sessions and meetings with Class Counsel, and performing other services of that nature.

3. Settlement Administration Costs: Settlement Administration Costs in an amount estimated not to exceed $15,000 to the Settlement Administrator, CPT Group, for its services, including but not limited to distributing Class Notices and Claim Forms to Class Members, processing Claim Forms, calculating Settlement Payments for Qualified

Claimants, and distributing Settlement Payments to Qualified Claimants.

4. <u>PAGA Penalties:</u> Lumber Liquidators shall pay Ten Thousand Dollars ($10,000) for settlement of any and all claims for which penalties under the Private Attorney General Act ("PAGA"), Labor Code §§ 2698 *et seq.*, may be sought or otherwise available. The PAGA payment shall be allocated as follows: $7,500 (75%) to the California Labor & Workforce Development Agency ("LWDA"), and $2,500 (25%) to the Qualified Claimants on a *pro rata* basis.

All of the foregoing payments are subject to final approval from the Court.

## 6. What claims are being released by the proposed Settlement?

Upon Final Approval, Plaintiff and each Class Member who does not request exclusion from the settlement is deemed to fully release and discharge Lumber Liquidators, Inc. and all affiliated parties and entities (including its past and present affiliates, parents, subsidiaries, predecessors, owners, successors, shareholders, divisions, and each of these entities past and present directors, officers, employees partners, shareholders and representatives) of all federal, state, and local law claims related or pertaining to the: (a) failure to pay overtime wages; (b) failure timely to pay wages resulting from the failure to pay overtime wages; (c) failure timely to pay final wages upon termination; (d) failure to provide accurate, itemized wage statements; and (e) all penalties (including civil and statutory penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution and equitable relief (including under Business & Professions Code §§ 17200 et seq.), or additional damages that arise from or relate to the claims described in (a) through (d) above under any applicable law, that accrued or accrue through the last date on which an Opt-Out Request must be submitted to the Claims Administrator (as set forth below) ("Released Claims"). <u>State and Federal Statutory Claims:</u> The Released Claims specifically include any and all claims arising under the Fair Labor Standards Act ("FLSA"); any and all claims arising under the California Labor Code, including, without limitation, §§ 201, 202, 203, 204, 204b, 210, 215, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.6, 510, 558, 1194, 1194.2, 1194.3 and 2698-2699.5, and the California Business & Professions Code §§ 17200 et seq. Settlement Class Members who do not timely opt out of the Settlement shall be deemed to have fully released all Released Claims. Settlement Class Members who do not submit a Claim Form or who submit late Claim Form that is not accepted by Lumber Liquidators will not be deemed to have waived or released any claim(s) that may exist under the FLSA.

With respect to the Released Claims only, each Class Member who does not request exclusion from the Settlement also expressly, knowingly, and intentionally waives and relinquishes, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor [i.e., a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor [i.e., the Lumber Liquidators Releasees].*

## 7. If I make a claim, how is my share of the Settlement calculated?

Each Qualified Claimant may receive a Settlement Payment, which is a share of the Net Settlement Amount (the Net Settlement Amount or "Settlement Pool" is calculated by deducting attorneys' fees, claims administration costs, a service award to the Plaintiff/Class Representative, and PAGA penalty payment from the Maximum Settlement Amount).

The Settlement Payment is the sum of an Overtime Settlement Amount and an Eligible Workweek payment. The Overtime Settlement Amount is based on the amount of overtime hours worked and amount of commission/sales bonus wages paid while you were employed by Lumber Liquidators in California from September 3, 2005 through the Preliminary Approval Date and calculated specifically using the following steps: For any period of time within the Class Period during which Lumber Liquidators did not include commission/sales bonus wages in the calculation of the "regular rate" for payment of overtime, (1) the total monthly commission/sales bonus wages will be divided by the total monthly hours worked during the month in which the commission/sales bonus was earned, (2) the sum of that figure will be divided by 2 to arrive at the sales bonus overtime rate, (3) the applicable sales bonus overtime rate shall be multiplied by all overtime hours worked during the month in which the commission/sales bonus was earned, (4) the applicable sales bonus overtime rate shall be multiplied by 2 and then multiplied by all double time hours (if any) worked during the month in which the commission/sales bonus was earned, and (5) the sum of the results of steps 3 and 4 shall be the Overtime Settlement Amount.

After the Overtime Settlement Amount is deducted from the Settlement Pool, any remaining amount will be distributed *pro rata* on a workweek basis for all Eligible Workweeks worked by Class Members. All Workweeks for Class Members whose employment terminated prior to the Preliminary Approval Date and after September 3, 2006, will be credited with an additional two (2) Workweeks to recognize the potential recovery of Labor Code § 203 waiting time penalties for those Class Members. For example, a formerly employed Class Member who worked for five (5) Workweeks prior to the Preliminary Approval Date but after September 3, 2006 and five (5) Workweeks prior to September 3, 2006 would be credited with twelve (12) Eligible Workweeks (e.g., 5 + 2 + 5). Eligible Workweeks are calculated using the number of pay periods for which each Class Member received a pay check (which thus reflects full work workweeks) while the Class Member worked in an eligible position category or job title during the Class Period. The total of all Eligible Workweeks worked by all Class Members will be the total Eligible Workweeks. After the Overtime Settlement Amount is deducted from the Settlement Pool, the remaining amount will be divided by the total Eligible Workweeks to produce a dollar amount that will be the value of one Eligible Workweek: (e.g., Settlement Pool minus Overtime Settlement Amount ÷ total Eligible Workweeks = Workweek Value). The payment to each Qualified Claimant for his or her Eligible Workweeks is determined by multiplying each Qualified Claimant's individual Eligible Workweeks by the Workweek Value. Any unclaimed amounts from the Settlement Pool will remain the property of Lumber Liquidators.

The attached Claim Form lists your estimated Settlement Payment. If you believe that the number of Eligible Workweeks listed on the Claim Form is incorrect, you must send a letter to the Claims Administrator on or before the deadline to file a claim along with the Claim Form indicating what you believe to be the correct number of Workweeks. You must also send any

documents or other information that support your belief. The Claims Administrator will resolve any dispute regarding your Workweeks based on Lumber Liquidators records and any information that you provide.

For purposes of tax payment obligations, all Settlement Payments shall be allocated as follows: unpaid wages = 33.33% of each Settlement Payment; interest = 33.33% of each Settlement Payment; and penalties = 33.33% of each Settlement Payment. The portion of the Settlement Payment attributable to unpaid wages will be subject to regular and/or applicable payroll and income tax withholdings (for the employee portion only), and will be reported on an IRS Form W-2.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

## 8. What are my options in this matter?

You have four options under this Settlement, each of which is discussed below. You may (A) claim your Settlement Payment, (B) exclude yourself from the Settlement, (C) object to the Settlement, or (D) do nothing.

(A)    IF YOU WANT TO CLAIM YOUR SHARE OF THE SETTLEMENT MONEY: In order to receive money from the Settlement, you must submit a claim by filling out the enclosed Claim Form, and it must be postmarked no later than _____[insert date 60 days from the date Notice mailed]. By executing the Claim Form, you are consenting to the terms of the Settlement. The Claim Form will also serve as your consent to become a party-plaintiff pursuant to Section 16(b) of the FLSA. Lumber Liquidators will not retaliate against any person who participates in this Settlement.

To be eligible to receive your Settlement Payment, you must submit your Claim Form, postmarked by _____, to the Claims Administrator:

[address]

Claim Forms postmarked after _____ will be denied

(B)    IF YOU WANT TO BE EXCLUDED FROM THE SETTLEMENT: If you do not wish to participate and want to request exclusion from, or "opt out", of the Settlement you must submit a written Request for Exclusion from the Settlement bearing a post-mark from a date within the Claims Period. The Request for Exclusion must: (1) legibly state your name, Social Security Number, address and telephone number, (2) state that you request exclusion from and wish to "opt out" of the Settlement, (3) be dated, and (4) be signed by you. Requests for Exclusion must be made individually and cannot be made on behalf of a group of employees or on behalf of other Class Members. If you chose to opt out of the settlement you will not receive money from the settlement. The judgment will bind all Class Members who do not request exclusion. Any member who does not request exclusion may, if he or she wishes, enter an appearance through his or her own lawyer at his or her own expense.

(C)   IF YOU WANT TO OBJECT TO THE SETTLEMENT: You may object, personally or through an attorney, to the Settlement by filing your objection with the Clerk of the Court of the United States District Court for the Northern District of California, Judge Samuel Conti, Case No. Case No. C-09-04812 SC, and mailing it to counsel for the Parties. Your objection must specify your desire to appear at the fairness hearing (if you intend to do so) and describe the nature of your comments or objections. Such notice must be filed with the Court no later than [insert date 60 days from the date Notice mailed]_____, 2014, and a copy of it must be sent the same date to:

| | |
|---|---|
| Attorneys for the Plaintiff, Jose Zaldivar | Attorneys for Lumber Liquidators, Inc.: |
| David Garcia, Esq. | Eric Meckley, Esq. |
| Tafoya & Garcia LLP | MORGAN, LEWIS & BOCKIUS, LLP |
| 316 W. 2nd St., Ste 1000 | One Market, Spear Street Tower |
| Los Angeles, CA 90012 | San Francisco, CA 94105 |
| Telephone: (213) 617-0600 | Telephone: (415) 442-1000 |

If you do not timely comply with this procedure, you may not be entitled to be heard at the fairness hearing or to otherwise contest the approval of the settlement, or to appeal from any related orders or judgments of the Court. If you opt out/request exclusion from the Settlement, you cannot object to the Settlement.

(D)   IF YOU CHOOSE TO DO NOTHING: If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and the release of claims, but you will not receive any money under the Settlement.

**When and where is the final approval hearing?**

The Court will conduct a final approval hearing on _____, 2014 in Courtroom 1 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102. At that hearing, the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to approve Class Counsel's request for attorney's fees and costs, and the enhancement awards to be paid to the Class Representative. Unless you have timely filed an objection to the settlement, IT IS NOT NECESSARY FOR YOU TO APPEAR AT THE HEARING.

**9.    How can I get additional information?**

This Notice only summarizes the Action, the basic terms of the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation of Settlement, which is on file with the Clerk of the Court. The pleadings and other records in this Action, including the Joint Stipulation of Settlement, may be examined at the Records Office of the Clerk of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. You can also request a copy of the Joint Stipulation of Settlement from Class Counsel, at the address and telephone number listed above.

Any questions regarding this Notice or the Claim Form should be directed to the Claims Administrator or to Class Counsel at the above addresses and telephone numbers listed in Questions 4 and 8 above.

## 10. What happens if my address has changed or changes?

If you submit a valid Claim Form, your payment will be sent to the address on your Claim Form. Therefore, if your address changes or is different from the one on the preprinted Claim Form, you must correct it by notifying the Claims Administrator in writing, by First-Class U.S. Mail. Neither the Claims Administrator nor Class Counsel has a duty under the terms of the Settlement to conduct any research or skip tracing to locate a new address after receipt of your Claim Form.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE ATTORNEYS FOR
LUMBER LIQUIDATORS ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**

DB1/ 79871519.1

# EXHIBIT 2

# CLAIM FORM AND OPT IN NOTICE

### *Crelencio Chavez, et al. v. Lumber Liquidators, Inc.*

United States District Court Northern District of California, Case No. C-09-04812 SC (the "Action")

If you want to obtain a Settlement Payment from the Settlement that is described in the Notice of Class Action Settlement, you must complete all of the requested information, sign, date and return this Claim Form and Opt In Notice ("Claim Form") postmarked no later than _____, 2014, to:

> *Crelencio Chavez, et al. v. Lumber Liquidators, Inc.*
> c/o
> CPT Group
> [Mailing address, telephone and facsimile numbers of Claims Administrator]

### IF YOU DO NOT RETURN THIS FORM POSTMARKED BY _____, 2014, YOU WILL NOT BE ELIGIBLE TO RECEIVE THE SETTLEMENT PAYMENT SET FORTH BELOW.

I.  **VERIFY YOUR NAME AND ADDRESS.** PLEASE REVIEW THE FOLLOWING INFORMATION CAREFULLY TO MAKE SURE THAT IT IS CORRECT. IF ANY OF THE INFORMATION IS INCORRECT OR MISSING, PROVIDE THE CORRECT INFORMATION IN THE BLANK SPACE TO THE RIGHT OF THE PRE-PRINTED INFORMATION.

If your name has changed, please provide an explanation and supporting documentation (*e.g.,* marriage certificate, etc.).

«Barcode» Claim #: MIM-«Claim»-«CD» «MailRec»        **Name/Address Corrections** (if any):

«First1» «Last1»        _____

«c/o»        _____

«Address1» «Address2»        _____

«City»,«ST» «ZIP» «Country»        _____

II.  **PROVIDE THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY NUMBER.** To make a claim, you must provide the last four digits of your social security number in the blank space below with your signature.

III.  **CALCULATION OF SETTLEMENT PAYMENT.** The Settlement Payment is comprised of two elements. The first element will be calculated using a formula based upon any instances during the Class Period when you were paid commissions and/or sales bonuses or other forms of non-discretionary incentive compensation but were not paid any applicable overtime on such amounts. The second element will be calculated based on the number of Eligible Workweeks that you worked for Lumber Liquidators, Inc. ("Lumber Liquidators") in an eligible position at a location in California during the Class Period. Eligible Workweeks are calculated using the number of pay periods for which each Class Member received a pay check. Class members whose employment terminated after September 3, 2006 and prior to the Preliminary Approval Date will be credited with an additional two (2) workweeks. The complete formula for calculating the settlement payment is explained in further detail in the Notice of Class Action Settlement.

Lumber Liquidators' records show that you worked the following number of full workweeks during the applicable period: _____.

Based upon the above information, the estimated amount that you will receive as part of this Settlement is: $[INSERT ESTIMATED SETTLEMENT PAYMENT].

472885.1

**IV.** **PROCEDURE TO CHALLENGE NUMBER OF WORKWEEKS.** If you believe that the number of workweeks listed above is incorrect and wish to challenge the data, you must attach to this Claim Form any documents that support the number of Workweeks you believe is correct (for example, pay stubs or payroll records). Lumber Liquidators' records are presumed to be correct unless the documents you provide prove otherwise. Please keep in mind that only employment with Lumber Liquidators in a position that was not classified as salaried and exempt, at a location in California during the time period of September 3, 2005 through [INSERT PRELIMINARY APPROVAL DATE], will be considered.

**V.** **CHANGE OF ADDRESS.** It is your responsibility to keep a current address on file with the Claims Administrator. Please make sure to notify the Claims Administrator of any change of address.

**VI.** **ACKNOWLEDGMENT OF RELEASE OF CLAIMS.** I understand, acknowledge, and agree that, by signing and submitting this Claim Form, my total recovery will be the amount provided in the Settlement, subject to the terms of the Settlement, and that if the Settlement becomes effective, I will be releasing and discharging all of the "Released Claims" against Lumber Liquidators and each of their past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns (the "LLI Releasees") that are described in detail in Question 6 entitled "What claims are being released by the proposed Settlement?" in the Notice of Class Action Settlement that I received and reviewed.

**VII.** **CERTIFICATION.** By signing this Claim Form, I hereby certify that I have read and understand the Notice of Class Action Settlement, including the release provisions.

**VII.** **CONSENT TO JOIN SETTLEMENT OF FLSA CLAIMS.** By signing this Claim Form, I hereby consent in writing to become a party-plaintiff in the Action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize Class Counsel to act on my behalf in all matters relating to the Action, including the settlement of my claims.

**VIII.** **NON-RETALIATION.** I understand that Lumber Liquidators may not retaliate against me in any manner as a result of my submitting this Claim Form.

**IX.** **DECLARATION.** I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated:

(Signature)

Print Name

**Last Four Digits of Social Security Number: XXX-XX-__ __ __ __**

DB1/ 79871520.1

472885.1

# **PROOF OF SERVICE**

I, Mildred Murillo, declare: I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Tafoya & Garcia LLP, 316 W. 2nd St, Ste 1000 Los Angeles, California 90012.

On November 17, 2014 I served a copy(ies) of the following document(s):

**PLAINTIFF JOSE ZALDIVAR'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID A. GARCIA ON SUPPORT OF PLAINTIFF JOSE ZALDIVAR'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; JOINT STIPULATION OF CLASS ACTION SETTLEMENT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

Eric Meckley,Esq.
Jennifer P. Svanfeldt, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street
Tower
San Francisco, CA 94105-1126

☒ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Tafoya & Garcia LLP, Los Angeles, California. I am readily familiar with Tafoya & Garcia LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ BY OVERNIGHT COURIER – I caused the above-referenced document(s) to be delivered via FedEx, an overnight courier service, for delivery to the above addressee(s).

☐ (BY Electronic Service via the Lexis/Nexis File & Serve Website): Pursuant to the Court Order establishing the case website and authorizing the electronic service, documents, I caused such document(s) to be transmitted to the Lexis/Nexis File Serve & website (http://www/lexisnexis.com/fileandserve) and hereby served on all designated recipients via such website.

☐ BY FACSIMILE: I served by facsimile a true copy of the above-described document. I am "readily familiar" with this firm's practice of processing correspondence by fax. Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List. Once the document has been transmitted, the fax machine provides a report indicating time of completion

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on November 17, 2014 at Los Angeles, California.

Mildred Murillo

---