ROBERT TAFOYA, Esq. [California Bar No. 194444]
robert@tafoyagarcia.com
DAVID GARCIA, Esq. [California Bar No. 218356]
david@tafoyagarcia.com
TAFOYA & GARCIA LLP
316 W. 2ND St., Ste 1000
Los Angeles, CA 90012
Telephone: (213) 617-0600
Facsimile: (213) 617-2226

Attorneys for Plaintiffs,
CRELENCIO CHAVEZ and JOSE ZALDIVAR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ and JOSE ZALDIVAR, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMBER LIQUIDATORS, a Delaware corporation; and DOES 1 through 10, inclusive,,<br><br>Defendant. | Case No. C-09-04812 SC<br><br>**DECLARATION OF DAVID A. GARCIA IN SUPPORT OF PLAINTIFF JOSE ZALDIVAR'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Concurrently filed with the Joint Stipulation of Class Action Settlement; [Proposed] Order]<br><br>Date: January 9, 2015<br>Time: 10:00 a.m.<br>Dept. Courtroom 1, 17th Floor<br><br>Complaint filed: September 3, 2009 |

//

# DECLARATION OF DAVID A. GARCIA

I, David A. Garcia, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and associated with the TAFOYA & GARCIA LLP, counsel for Class Representative Plaintiff Jose Zaldivar ("Plaintiff") and class counsel ("Class Counsel") in this action. I make this declaration based on my personal knowledge and, if called to testify as a witness, could and would testify competently to the facts stated herein.

2. Based on my experience as Class Counsel, I believe that the proposed Settlement is fair, reasonable and adequate for the Class, in light of the criteria identified in Rule 23(e) of the Federal Rules of Civil Procedure, which requires judicial approval for the compromise of claims brought on a class basis. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness." 4 Newberg § 11.26. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. See Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (Internal quotation marks omitted.)

3. Specifically, I believe the Settlement is fair, reasonable and adequate in view of (i) the strength of Plaintiff's claims and Defendant's defenses, (ii) the risk, expense, complexity and likely duration of further litigation, (iii) the risk and difficulty of obtaining class certification and maintaining class action status through trial, (iv) the gross amount of $140,000 offered in settlement, (v) the discovery conducted by the Parties in this case, (vi) my experience with similar settlements in wage and hour class actions that have received court approval, and (vii) the fact that the Settlement was the result of vigorous negotiations between experience counsel. While I believe the Class's claims are meritorious

and can be successfully litigated, I am also experienced and realistic, and understand that the resolution of class certification, other key issues, the outcome of a trial, and the outcome of any appeals that would inevitably follow if the Class prevailed at trial are inherently uncertain in terms of both outcome and duration.

4. Plaintiff alleges that Class Members were denied payment of overtime wages, because Defendant did not account for non-discretionary pay or commissions/bonuses when calculating of Class Members' regular rate of pay when paying overtime. (See Second Amended Complaint, ¶¶40-43, Docket #20.)

5. The action was brought on behalf of a proposed class that included current and former non-exempt hourly employees of Defendant in California who received both overtime pay and commission/bonus wages from September 3, 2005 through the present. (See Second Amended Complaint, ¶¶40-43, Docket #20.)

6. On December 30, 2011, Plaintiffs Chavez and Zaldivar sought class certification of five proposed classes of former and current employees of Defendant employed in stores in California during the period from September 3, 2005 to the present. (See Docket # 51.) In an Order dated March 26, 2012, the Court found that one class represented by Plaintiff Zaldivar -- the "Unpaid Overtime Class" -- met all of the requirements set forth by Rule 23 and granted certification of that class and denied certification of all other proposed classes. Specifically, the Court certified the following "Unpaid Overtime Class":

> [A]ll past and current retail store employees of [Defendant] classified by [Defendant] as non-exempt employees ... and employed in California from September 3, 2005 through the present, who were paid overtime wages and were also paid commission wages and/or other non-discretionary pay or bonuses.

(Dkt. No. 92.) Since then the parties have engaged in extensive discovery, and in mediation in May 2013, to resolve the class claim.

7. Based on the above, and the following, below, payment to the Class Members on a "claims made" basis is the most fair and equitable method of resolving the claims in this case because, unlike a typical alleged misclassification wage and hour class action, a significant portion of the Class Members here has likely suffered no damages according to the confidential data provided by Defendant at prior mediations (in June 2010 and in May 2013) and based on an analysis of Plaintiff Zaldivar's estimated Damages.

8. In our view, based on the above and based on our experience (detailed below), the Settlement is fair, reasonable, and adequate and is in the best interests of Plaintiff, the Class and Defendant in light of all known facts and circumstances and the expenses and risks inherent in litigation.

9. My primary practice is employment and municipal law. I have handled a number of employment actions, on both plaintiff and defense sides. I have a practice that encompasses cases in the Los Angeles Superior Courts, the San Francisco County Superior Courts, and the San Diego County Superior Courts.

10. My qualifications are as follows: I received my J.D. from the University of California, Berkeley School of Law (Boalt Hall) in May 2001. I worked as an associate with the law firms of Brobeck, Phleger & Harrison (11/01 to 11/02), Payne & Fears LLP (11/02 to 05/04), Fisher & Phillips LLP (06/04 to 04/06), and Ogletree, Deakins, Nash, Smoak & Stewart (04/06 to 08/2008). In each of these firms, my sole focus was on employment law. My law partner Robert N. Tafoya received his JD from University of Michigan in 1998. After graduation from law school, he started his legal career at Pillsbury Madison & Sutro (Los Angeles) and spent time as a Prosecutor at the City of Long Beach. Prior to starting our law firm, he was a trial lawyer with the firm of Akin Gump Strauss Hauer & Feld in Los Angeles. We have at prior law firms defended major corporations in wage and hour class action cases such as, for example, *Ramon Moreno, et al. v. Guerrero Mexican Food Products, Inc.* (Central District; Case No. CV05-7737 DSF [PLAx]) and *Dennis Johnson and Arnold Rosenfeld, et al. v. Gruma*

4

*Corporation, a Nevada corporation dba Mission Foods Corporation, Gruma S.A. de C.V., et al.*; JAMS Arbitration No. 1220026252 (Assigned to Hon. Richard C. Neal [Ret.].)

11. In August of 2008, we started our law firm Tafoya & Garcia LLP. Since then, we have handled hundreds of employment law cases at our firm. Throughout our collective backgrounds, we have handled hundreds of employment defense cases, including wage and hour class actions.

12. My current hourly rate for civil litigation is $650.00 per hour. I was approved at this rate by the San Francisco Superior Court in another plaintiffs' class action entitled <u>Montelongo et al v. Autotrader</u>, Case No. CGC 08-483561, as well as in <u>Tamayo v. Romantix, Inc.</u>, Case No. BC409854 in the Los Angeles Superior Court. In my experience, that range represents a generalized average billing rate for such lawyers, and the prevailing rates in the greater Los Angeles market in particular. In my opinion, those are reasonable rates for such services in this legal community. Given the time span of several years that it took to resolve this case, from September 2009 to the present, and the significant investment in this case, the application for an award of reasonable attorneys' fees and costs not to exceed $42,000.00, which represents approximately 30% of the Maximum Settlement Amount, is within the parameters of fair compensation for the attorneys' time spent on this matter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on November 17, 2014.

*/s/ David A. Garcia*

David A. Garcia

# PROOF OF SERVICE

I, Mildred Murillo, declare: I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Tafoya & Garcia LLP, 316 W. 2nd St, Ste 1000 Los Angeles, California 90012.

On November 17, 2014 I served a copy(ies) of the following document(s):

**PLAINTIFF JOSE ZALDIVAR'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID A. GARCIA ON SUPPORT OF PLAINTIFF JOSE ZALDIVAR'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; JOINT STIPULATION OF CLASS ACTION SETTLEMENT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

**Eric Meckley, Esq.**
**Jennifer P. Svanfeldt, Esq.**
**Morgan, Lewis & Bockius LLP**
**One Market, Spear Street Tower**
**San Francisco, CA 94105-1126**

[X] (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Tafoya & Garcia LLP, Los Angeles, California. I am readily familiar with Tafoya & Garcia LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

[ ] BY OVERNIGHT COURIER – I caused the above-referenced document(s) to be delivered via FedEx, an overnight courier service, for delivery to the above addressee(s).

[ ] (BY Electronic Service via the Lexis/Nexis File & Serve Website): Pursuant to the Court Order establishing the case website and authorizing the electronic service, documents, I caused such document(s) to be transmitted to the Lexis/Nexis File Serve & website (http://www/lexisnexis.com/fileandserve) and hereby served on all designated recipients via such website.

[ ] BY FACSIMILE: I served by facsimile a true copy of the above-described document. I am "readily familiar" with this firm's practice of processing correspondence by fax. Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List. Once the document has been transmitted, the fax machine provides a report indicating time of completion

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on November 17, 2014 at Los Angeles, California.

Mildred Murillo