IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRELENCIO CHAVEZ, et al., | No. C 09-4812 CW |
| Plaintiffs, | ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| v. | |
| LUMBER LIQUIDATORS, INC., | |
| Defendant. | (Docket Nos. 159 and 171) |

The Court GRANTS the parties' motion for preliminary approval of their class action settlement (Docket No. 159). It FINDS, CONCLUDES and ORDERS as follows:

1. Based on the Court's review of the papers and the parties' subsequent filings, the Court finds and concludes that the Joint Stipulation of Class Action Settlement (Settlement) (Docket No. 172, Ex. A as amended by Docket No. 174) is the result of arm's-length negotiations between the parties and is non-collusive. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate and reasonable.

2. The Court approves the Notice of Class Action Settlement (Notice of Settlement) (Docket No. 172, Ex. 1 as amended by Docket No. 174) for dissemination. The Court finds that the Notice of Settlement fairly, plainly, accurately and reasonably informs Class Members of the nature of the action, the identity of Class Counsel, the essential terms of the Settlement, the allocation of the Settlement fund, how to participate in the Settlement, how to

1  opt out of the Settlement, how to comment on or object to the
2  Settlement, this Court's procedures for final approval of the
3  Settlement and how to obtain additional information.
4  3.   The Court approves the Settlement's proposed plan for
5  distributing the Notice of Settlement.  The Court finds that the
6  plan for distribution as outlined in the Settlement is a
7  reasonable method calculated to reach all individuals who would be
8  bound by the Settlement.
9  4.   The Court approves the joint stipulation at Docket Number 171
10 and orders the class partially decertified following the
11 stipulation's terms.
12 5.   No later than twenty calendar days from the date of this
13 Order, Defendant shall provide to CPT Group, the Claims
14 Administrator, all Class Member information described in Paragraph
15 7.2.1 of the Settlement.
16 6.   No later than thirty calendar days after the date of this
17 Order, CPT Group shall send the Notice of Settlement to the Class
18 Members via United States first class mail.
19 7.   Beginning fourteen calendar days after the date on which the
20 Settlement documents are mailed, CPT Group shall provide to Class
21 Counsel and Counsel for Defendant a weekly status report as
22 outlined in Paragraph 7.2.7 of the Settlement.
23 8.   Class Members have sixty calendar days from the date on which
24 the Settlement documents are mailed to opt out of the Settlement.
25 An opt-out request must be postmarked on or before sixty calendar
26 days from the date the Settlement documents are mailed.
27 Alternatively, Class Members have sixty calendar days from the
28

date of mailing the Settlement documents to object to the Settlement.

9. Prior to the final approval hearing, and at least fourteen calendar days prior to the opt out deadline, Plaintiff will move the Court for entry of an Order of Final Approval and judgment as outlined in Paragraphs 7.3.1 and 7.3.2 of the Settlement. Plaintiff shall file a proposed Order of Final Approval and Judgment with the motion.

10. The final approval hearing is scheduled for July 19, 2016, at 2:30 p.m. in Courtroom 2 of the Ronald V. Dellums Federal Building & United States Courthouse, United States District Court, Northern District of California, located at 1301 Clay Street, Oakland CA 94612.

11. Within fifteen calendar days of the Effective Date, as defined in Paragraphs 2.13 and 2.16 of the Settlement, Defendant shall pay the amount of money necessary to fund the Settlement into the settlement fund.

12. Within thirty calendar days of the Effective Date, CPT Group shall issue Settlement payments to qualified Class Members in the form of a check.

13. Within thirty calendar days of the Effective Date, CPT Group shall pay the Court-approved attorneys' fees and costs to Class Counsel following the procedures outlined in Paragraph 7.4.5 of the Settlement.

14. Within thirty calendar days of the Effective Date, CPT Group shall send a check by mail for the Court-approved service payment to the Class Representative.

15. Within thirty calendar days of the Effective Date, CPT Group shall send a check by mail to the California Labor Workforce Development Agency for the State's share of the PAGA penalty payment.

16. If after 180 calendar days following check issuance a Class Member fails to deposit his or her check and does not contact Class Counsel or CPT Group, the Class Member's settlement payment shall be transmitted to the Controller of the State of California in accordance with California's Unclaimed Property Law.

17. The Court shall retain jurisdiction over the implementation and enforcement of the terms of the Settlement.

IT IS SO ORDERED.

Dated: March 1, 2016

CLAUDIA WILKEN
United States District Judge